WINSTON & STRAWN LLP
Andrew P. Bridges (SBN: 122761)
David S. Bloch (SBN: 184530)
Nicholas Short (SBN: 253922)
101 California Street, Suite 3900
San Francisco, CA 94111-5894
Telephone:   415-591-1000
Facsimile:   415-591-1400
Email: abridges@winston.com
       dbloch@winston.com
       nshort@winston.com

Attorney for Plaintiffs
INTERSERVE, INC. dba TECHCRUNCH,
and CRUNCHPAD, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| INTERSERVE, INC. dba TECHCRUNCH, a Delaware corporation, and CRUNCHPAD, INC., a Delaware corporation,<br><br>  Plaintiffs,<br><br>  vs.<br><br>FUSION GARAGE PTE. LTD., a Singapore company,<br>  Defendant. | Case No.  C 09 5812 (JW) (PVT)<br><br>**PLAINTIFFS' MOTION TO ALLOW DISCOVERY BEFORE RULE 26 CONFERENCE ON AN EXPEDITED BASIS**<br><br>[L.R. 6-3(a)] |

## INTRODUCTION

This case arises from recent actions of Defendant Fusion Garage ("FG") to commandeer for its exclusive benefit a year-long joint venture of Interserve, Inc. dba TechCrunch and CrunchPad Inc. (collectively "TechCrunch"), on the one hand, and FG, on the other, to design and market a new, category-defining, inexpensive Internet computer called the "CrunchPad." *Three days* before the scheduled public launch of the product in late November 2009, and after a pattern of misrepresentations, FG aborted the joint project. Within weeks FG brought its own competing product–based on those collaborative efforts–to the market as the "JooJoo." FG holds its JooJoo out as the fruition of the CrunchPad project but denies that TechCrunch had any involvement in it. TechCrunch sues for false advertising under the Lanham Act, breach of fiduciary duty,

1
MOTION FOR EXPEDITED DISCOVERY
SF:269155.8

misappropriation of business ideas, fraud, and unlawful business practices.

TechCrunch now seeks leave pursuant to Local Rule 6-3 (a) and Fed. R. Civ. P. 26 (d) (1) **to open discovery immediately, with responses from FG to initial requests due within 30 days of service of this motion and the proposed discovery, i.e., by January 27, 2010**. The Court should order this expedited discovery because:

(1) FG has begun accepting "pre-orders" of the challenged product with promises of delivery in eight to ten weeks, apparently taking money from customers via Pay Pal;

(2) FG, chronically struggling and underfunded, is liable to TechCrunch for a share of profits arising from its purloined business;

(3) FG has already concealed previously public statements that undermine its assertions with respect to the joint project, raising the specter of spoliation; and

(4) FG is located in Singapore, and it may dissipate or abscond with proceeds from PayPal payments in order to frustrate the effective jurisdiction of this Court.

The parties met and conferred pursuant to L. R. 6-3 (a)(4) by phone but FG has not consented. Bloch Dec. ¶ 2. Opening discovery now will not affect the case schedule. L.R. 6-3 (a)(5). There have been no other requests to modify time. L.R. 6-3 (a)(6).

## **FACTUAL BACKGROUND**

In July 2008, Michael Arrington, founder and editor of the famous and influential TechCrunch blog (www.techcrunch.com), announced that he wanted "a dead simple web tablet for $200," was tired of waiting for third party developers to release such a product, and accordingly was going to set up an operation to build one. He assembled a team of Silicon Valley veterans to start designing the hardware and software, and debuted an initial prototype of the CrunchPad product on August 30, 2008. Compl. ¶¶ 11-13. A month later, Singapore-based FG expressed an interest in working on the CrunchPad project. *Id*. ¶¶ 15-24. CrunchPad Inc. was incorporated soon thereafter.

TechCrunch worked hand-in-glove with FG for the next 13 months, as the attached Declaration of David Bloch demonstrates. As late as November 13, 2009, all seemed well, with Defendant's CEO confirming that "we shd target the [November 20] event in sf" for the CrunchPad's public debut. Bloch Dec. ¶ 14, Ex. L (text original). But then, on November 17–in an email that it concedes "came out of the blue"–FG abruptly aborted the project, asserting that it

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

owned all associated IP rights and would manufacture and market the CrunchPad product on its own. *Id*. ¶ 15, Ex. M; Compl. ¶¶ 34-44.  On Monday, December 7, 2009, FG announced that it was offering the rebranded CrunchPad–now called the JooJoo–for sale at thejoojoo.com.  TechCrunch sued the following Friday.

The evidence uncovered to date suggests that FG planned to push TechCrunch out of the CrunchPad project for months.  Compl. ¶¶ 45-56; *see* Bloch Dec.¶¶ 14, 16, Exs. L, N.  Given the speed with which FG brought the JooJoo to market, TechCrunch believes that FG has led TechCrunch on for many months.  It is inconceivable that FG could have retooled and found a new manufacturer to make a saleable product between November 17 and December 7, and inexplicable why FG would have registered thejoojoo.com as a domain name on November 10 if it still planned to launch the CrunchPad on the 20th.  FG already is taking pre-orders and apparently accepting money for the JooJoo product.  There is every reason to think that this money will be swiftly expatriated to Singapore, distributed to FG's thus-far-anonymous vendors and investors, or otherwise placed beyond TechCrunch's reach.  TechCrunch thus seeks important, prompt discovery from FG, PayPal, and McGrath Power (FG's PR firm) on the key facts of this fast-moving dispute, and to reveal pre-orders and revenue flows relating to the JooJoo for an intended motion to impose a constructive trust pending resolution.

## BASIS FOR RELIEF [L.R. 6-3 (a)(1), (3)]

Rule 26 (d) generally requires a conference of parties before discovery begins.  But a court "may order pre-conference discovery upon a showing of good cause," which "may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *UMG Recordings, Inc. v. Doe*, No. 08-03999, 2008 U.S. Dist. LEXIS 79700, at *3 (N.D. Cal., Sept. 4, 2008) (Whyte, J.); *Semitool, Inc. v. Tokyo Electron America, Inc*., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002) (Chen, M.J.); *see generally* L.R. 6-3 (a). Good cause "is frequently found in cases involving claims of infringement and unfair competition." *Semitool*, 208 F.R.D. at 276.  Under such circumstances, the Court also may order responses on an expedited basis.  *See* Fed. Rs. Civ. P. 33 (b)(2), 34 (b)(2)(a), 36 (a)(3).

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

The need for expedited discovery takes on additional urgency when viewed in light of the fact that FG already has acted to conceal potentially critical information. It has disabled access to its formerly public blog, so that the admissions the blog contains will not be publicly accessible. *See* Compl. ¶ 17. TechCrunch can show these statements to the Court only because the Internet has archiving mechanisms FG cannot control. Bloch Dec. ¶ 7. The same is not true for FG's internal financial, advertising, and design materials. Allowing expedited discovery on these topics will have the virtue of ensuring that FG will properly preserve important documents and confirm key facts:

***The creation of the JooJoo device and its relationship to the CrunchPad.*** Less than a month elapsed between FG's registration of thejoojoo.com and its launch of the JooJoo product. FG says on the Web that "JooJoo is a product of Fusion Garage." But the JooJoo device was not developed from scratch over the course of four weeks. Indeed, TechCrunch contends that the JooJoo is substantially the product of the joint CrunchPad project. Documents and information concerning this issue will be important to preliminary relief.

***FG's advertising and other commercial activities regarding the JooJoo device.*** FG denies that TechCrunch contributed anything to the CrunchPad project and that it solely developed all aspects of the JooJoo. This stance–that TechCrunch was at best a mere marketer–is dramatically at odds with the position both parties took throughout their 15-month CrunchPad collaboration. FG has conducted both a Web-based promotional videoconference soliciting preorders and several interviews describing the its perspective on the dispute. It also has made numerous false statements in its advertising and promotion of the JooJoo product that pertain both to the CrunchPad project and the JooJoo's pedigree. Yet only a fraction of these communications are publicly available. TechCrunch needs access to key documents and information to support expedited relief.

***Financial information regarding the JooJoo.*** Finally, TechCrunch plans to seek an early injunction imposing a constructive trust on revenues generated by FG's preorders and sales of the JooJoo. This alone justifies expedited discovery. *Semitool*, 208 F.R.D. at 275. FG is a foreign start-up company and, based on its earlier difficulties soliciting investors and venture capital and the fact that some of FG's existing investors charge extremely high interest rates (one was charging 7% *per*

*month*, Bloch Dec. ¶ 17, Ex. O), TechCrunch believes that FG may immediately dissipate any revenues from sales of the JooJoo. Compl. ¶¶ 25-29.

This also is a matter of significant public interest. While TechCrunch naturally wants to put FG's unjust revenues in trust for TechCrunch's benefit, the Court should not ignore the possibility that FG may divert the pre-order monies it receives. Placing this money into a constructive trust will ensure that pre-order purchasers can get their money back in case Fusion Garage does not deliver products as promised (and of course TechCrunch would not stand in the way of such an effort). FG's public statements suggest that the JooJoo will not ship for another 8-10 weeks. In a similar recent case of unfair competition and Lanham Act violations, the Southern District of California granted a motion for expedited discovery where "plaintiffs expressed concern that funds would be diverted and customer lists lost without discovery." *Grooms v. Legge*, No. 09cv489-IEG-POR2009, WL 704644, 12 (S.D. Cal. Mar. 17, 2009). The same risk looms here.

Time is of the essence. The specific items sought in TechCrunch's proposed expedited discovery are important for TechCrunch to evaluate and, if appropriate, prepare a motion to impose a constructive trust on the proceeds of the JooJoo's presale orders.

## CONCLUSION

Early discovery will not prejudice FG, because TechCrunch seeks information available in the normal course of discovery. *See Metal Bldg. Components, L.P. v. Caperton*, No. 04-0256, 2004 U.S. Dist LEXIS 28854, at *12 (D. N.M. April 2, 2004). Failing to grant discovery now, on the other hand, will prejudice TechCrunch. To preserve information and documents relevant to this case, to shed light on critical facts relating to TechCrunch's claims, and to protect the public and TechCrunch by disclosing evidence for a motion to impose a constructive trust on FG's unlawful proceeds, the Court should allow discovery to commence before the Rule 26 conference.

Dated: December 28, 2009

Respectfully submitted,
WINSTON & STRAWN LLP

By: /s/ David S. Bloch
David S. Bloch
Counsel for Plaintiffs