# **EXHIBIT B**

Andrew P. Bridges (SBN: 122761)
abridges@winston.com
David S. Bloch (SBN: 184530)
dbloch@winston.com
Nicholas Short (SBN: 253922)
nshort@winston.com
WINSTON & STRAWN LLP
101 California Street, 39th Floor
San Francisco, CA 94111-5802
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERSERVE, INC. dba TECHCRUNCH, a Delaware corporation, and CRUNCHPAD, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>FUSION GARAGE PTE. LTD., a Singapore company,<br>Defendant. | Case No. C 09 5812 JW (PVT)<br><br>PLAINTIFF TECHCRUNCH'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS |

**PROPOUNDING PARTY:** INTERSERVE, INC. dba TECHCRUNCH

**RESPONDING PARTY:** FUSION GARAGE

**SET NO.:** ONE

Pursuant to Federal Rule of Civil Procedure 34 Plaintiff Interserve, Inc. d/b/a TechCrunch requests that Defendant Fusion Garage Pte. Ltd. produce for inspection and copying the documents and things listed below thirty days from service of this request to the offices of Winston & Strawn LLP, 101 California Street, San Francisco, CA 94111, or at another location mutually agreed upon by both parties.

For the purpose of this request for production of documents and things, the following instructions shall apply and the following terms will have the meaning indicated:

1

## INSTRUCTIONS

1) If you contend that any information, document, or thing otherwise called for by any request is excluded from production or discovery, answer so much of the discovery request as is not subject to the claimed objection and, for each document or thing:

    a) State whether the item shall not be produced because:

    b) It is claimed to be privileged; or

    c) It once existed but can no longer be located; or

    d) It has been lost; or

    e) It has been destroyed; and

2) If, under a claim of privilege, any documents or things are not produced, you must state for each document:

    a) the type and title of the document or thing; and

    b) the general subject matter of the content of the document or description of the thing; and

    c) the date of its creation and/or revision; and

    d) the identity of the document's author(s), addressee(s), and recipient(s); and

    e) the nature of the privilege being claimed; and

    f) in detail, all facts upon which you base your claim of privilege.

3) In producing these documents and things, you are requested to identify and produce for inspection and copying not only those documents and things in your custody, but all documents and things in the custody of your attorneys, consultants, agents, other representatives, and other persons or entities subject to your control.

4) In producing these documents and things, you are to produce the documents and things as they are kept in the ordinary course of business, with appropriate markings or designation so that it may be determined to what request they are responsive.

5) You are to produce the original and all copies of each requested document and thing, as well as the file in which they are kept, including all copies which bear any additional file stamps, marginal notes, or other additional markings or writings that do not appear on the original.

6) Complete production is to be made on the date and at the time indicated above. The inspection and copying will begin at that time and will continue from day to day thereafter until completed.

7) You have a duty to supplement your responses from now until the time of hearing or trial, as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

1) The term "Fusion Garage," "Defendant," "you," or "your" refers to Defendant Fusion Garage Pte. Ltd. and includes any persons controlled by or acting on behalf of either of Fusion Garage Pte. Ltd., including without limitation all past and present licensees, agents, attorneys, predecessors, subsidiaries, parent companies, or affiliated companies, and their agents, officers, directors, employees, representatives and attorneys.

2) The term "Plaintiff" or "TechCrunch" shall mean Plaintiffs Interserve, Inc. d/b/a TechCrunch and CrunchPad, Inc.

3) The term "person" means any natural person or any business, legal or government entity or association.

4) The term "identify" when referring to:

(a) a person, means to give to the extent known, the person's full name, present or last known address and telephone number, and with respect to a natural person, the last known place of employment and job title;

(b) a document, means to give to the extent known, the date of the document, the title of the document, the author or originator of the document, the persons or entities to whom the document is addressed, the nature of the document, a brief summary or description of the document's contents, and if the document is not in your possession, the identity of its present or last known custodian and its location;

(c) an act or action, means to state the act taken, the person or persons who took such act, and the date of such act.

5) The terms "document" or "documents" shall have the same meaning as in Federal Rule of Civil Procedure 34 (a) and includes, without limitation, any tangible thing upon which any

3

1  information has been recorded by any means, including without limitation by writing, printing,
2  typing, transcribing, charting, photographing, photocopying, or by digital, electronic, magnetic, or
3  mechanical recording. The term "documents" includes e-mails and electronic files, audio and video
4  tapes, microfiche, and other electronically stored information. The term "document" also includes
5  non-identical copies or drafts, and all attachments and enclosures.

6      6)    The term "concerning" means relating to, referring to, describing, evidencing,
7  comprising, or constituting.

8      7)    The terms "describe," "describe in detail," or "state" means to relate as completely as
9  possible each and every act, omission, incident, event, condition, circumstance, or thing relating
10 directly or indirectly to the subject of the description, including all pertinent dates, and, without
11 limiting the foregoing, to:

12         (a)    identify all documents directly or indirectly related thereto;
13         (b)    identify all communications directly or indirectly related thereto; and
14         (c)    identify all persons directly or indirectly related thereto.

15     8)    The term "knowledge" includes firsthand information and information derived from
16 any source, including hearsay knowledge.

17     9)    The terms "any" and "all" shall both mean "any and all" as appropriate in order to
18 bring within the scope of these interrogatories information and documents which might otherwise be
19 considered to be beyond their scope.

20     10)    The terms "each" and "every" shall both mean "each and every" as appropriate in
21 order to bring within the scope of these interrogatories information and documents which might
22 otherwise be considered to be beyond their scope.

23     11)    The term "and" as well as "or" shall be construed either disjunctively or
24 conjunctively as necessary to bring within the scope of these interrogatories information and
25 documents which might otherwise be considered to be beyond their scope.

26     12)    The term "CrunchPad" means any conception, version or prototype of the touch-
27 screen based computer developed by Plaintiff or Defendant or in collaboration between Plaintiff and
28 Defendant, or identified (internally or externally) as a CrunchPad, whether or not that conception,

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

version or prototype was publicly exhibited.

13) The term "CrunchPad Project" means the effort to build a CrunchPad for commercial production and sale that took place between July 21, 2008, and November 29, 2009.

14) The term "JooJoo" means the touch-screen based computer you offer for sale and brand as the JooJoo, as well as any conceptions, versions, or prototypes of a tablet computer (under the JooJoo name or otherwise) that you have developed, designed, manufactured, had manufactured, or marketed entirely without any involvement of TechCrunch or its personnel.

15) The term "Pegatron" means Pegatron Corporation and its affiliated companies.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All documents constituting or concerning any communications with Michael Arrington, Heather Harde, Louis Monier, Nik Cubrilovic, Brian Kindle, or TechCrunch.

2. All documents constituting or concerning communications relating to Michael Arrington, Heather Harde, Louis Monier, Nik Cubrilovic, Brian Kindle, or TechCrunch.

3. All documents concerning TechCrunch personnel, including but not limited to Michael Arrington, Heather Harde, Louis Monier, Nik Cubrilovic, and Brian Kindle.

4. All documents concerning work by you or on your behalf to develop a tablet computer before September 10, 2008.

5. All documents concerning work by you or on your behalf to develop a tablet computer separately from TechCrunch or Michael Arrington.

6. Documents sufficient to identify all past and present Fusion Garage personnel, including officers, directors, employees, advisors (including investors who have offered advice), and independent contractors.

7. Documents sufficient to identify all persons who have participated in the development, design, manufacturing, documentation, marketing, advertising and promotion of the CrunchPad, or in the planning for any of those activities.

8. Documents sufficient to identify all persons who have participated in the development, design, manufacturing, documentation, marketing, advertising and promotion of the JooJoo, or in the planning for any of those activities.

9. All documents constituting or concerning communications in which you indicated that TechCrunch or Michael Arrington was not providing resources, work, contributions, technology, staff, expertise, introductions, money, or benefits that it or he should have provided.

10. All documents constituting or concerning communications in which you indicated that TechCrunch or Michael Arrington failed to fulfill any promises they made.

11. All documents constituting or concerning communications regarding promises TechCrunch or Michael Arrington made to you.

12. All documents concerning the design, development or writing of software for the CrunchPad.

13. All documents concerning the design, development or writing of software for the JooJoo.

14. All documents concerning the design of the CrunchPad, including but not limited to industrial design, hardware, software, feature set, and user interface.

15. All documents concerning the design of the JooJoo, including but not limited to industrial design, hardware, software, feature set, and user interface.

16. Documents sufficient to identify all suppliers of any components of the JooJoo device.

17. All documents concerning user experience testing of the CrunchPad.

18. All documents concerning user experience testing of the JooJoo.

19. All documents concerning user documentation for the CrunchPad.

20. All documents concerning user documentation for the JooJoo.

21. All documents concerning marketing of the CrunchPad.

22. All documents concerning marketing of the JooJoo.

23. All documents concerning plans for the development, design, manufacturing, marketing, advertising and promotion, and distribution of the CrunchPad.

24. All documents concerning plans for the development, design, manufacturing, marketing, advertising and promotion, and distribution of the JooJoo.

25. All documents constituting or concerning communications with Pegatron.

26. All documents concerning plans for or discussions of a merger between you and CrunchPad, Inc.

27. All documents concerning communications concerning a merger between you and CrunchPad, Inc.

28. All documents concerning communications with your investors.

29. All documents concerning communications with your creditors concerning the CrunchPad or the JooJoo.

30. All documents evidencing or concerning communications with or of McGrath Power, including but not limited to Derek James.

31. All documents evidencing or concerning communications with PayPal.

32. All documents evidencing or concerning communications concerning intellectual property in the CrunchPad.

33. All documents evidencing or concerning communications concerning intellectual property in the JooJoo.

34. All documents concerning contracts, agreements or understandings concerning the CrunchPad or the project to develop it.

35. All documents concerning contracts, agreements or other understandings concerning the JooJoo.

36. All documents concerning sales, orders, or pre-orders of the JooJoo.

37. A complete copy of all versions of the source codes, object codes, and executables for the CrunchPad.

38. A complete copy of all versions of the source codes, object codes, and executables for the JooJoo.

39. All documents concerning plans for and selection of a brand name for the JooJoo or a related domain name.

40. All documents that mention both (a) the JooJoo and (b) the CrunchPad, TechCrunch, or Michael Arrington.

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

SF:269096.5

41. All drafts and internal communications concerning or leading up to your November 17, 2009 email to Michael Arrington, contained within Exhibit D to the Complaint.

42. The complete contents of Fusion Garage.com, the Fusion Garage blog, and all other blogging and social media comments you have posted.

43. All documents concerning communications with any vendors, contractors, or suppliers, including but not limited to Pegatron, relating to the JooJoo.

44. All documents concerning communications with any vendors, contractors, or suppliers, including but not limited to Pegatron, concerning the CrunchPad or the project to develop the CrunchPad.

45. All design documents, bill of materials, and other technical materials concerning the CrunchPad.

46. All design documents, bill of materials, and other technical materials concerning the JooJoo.

47. Documents sufficient to reveal the daily itineraries of all visits to the United States by you or any person acting on your behalf, including the locations of any work performed during the visits.

48. All documents concerning any revenues earned by you, including but not limited to revenues generated or anticipated for pre-orders of the JooJoo.

Dated: December 28, 2009

WINSTON & STRAWN LLP

By: _____
ANDREW P. BRIDGES
DAVID S. BLOCH
NICHOLAS SHORT
Attorneys for Plaintiffs

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
SF:269096.5