QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
  claudestern@quinnemanuel.com
  Patrick Doolittle (Bar No. 203659)
  patrickdoolittle@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:   (415) 875-6600
Facsimile:   (415) 875-6700

Attorneys for Defendant Fusion Garage PTE. Ltd

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| INTERSERVE, INC. dba TECHCRUNCH, a Delaware corporation, and CRUNCHPAD, INC., a Delaware corporation,<br><br>            Plaintiffs,<br><br>    vs.<br><br>FUSION GARAGE PTE. LTD, a Singapore company,<br><br>            Defendant. | CASE NO. 09-cv-5812 JW<br><br>**OPPOSITION OF FUSION GARAGE TO PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY**<br><br>Date:   N/A<br>Time:   N/A |

*Preliminary Statement*

Despite there being no urgency in this case, plaintiffs Interserve, Inc., dba TechCrunch and CrunchPad, Inc. (collectively, "TechCrunch" or "plaintiffs") seek expedited international discovery from Defendant Fusion Garage, a Singapore-based company. They also seek discovery from two third parties. There is no motion for a TRO or a preliminary injunction pending and plaintiffs provide no explanation (i.e., through competent declarations) about the specific harm that they will suffer. As plaintiffs have established no need for expedited discovery and Defendant would be prejudiced by such discovery, the Court should deny the motion.

TechCrunch is a self-described web "blog" that covers the technology industry. While TechCrunch claims to have part ownership in some non-specific intellectual property by virtue of an alleged collaboration with Fusion Garage, it does not allege the existence of any contract between the parties granting plaintiffs any intellectual property rights. Instead, plaintiffs' supposed contribution to the collaboration was "ideas."

Plaintiffs' claims, including a claim for "Misappropriation of *Business Ideas*," are dubious at best. To the extent plaintiffs' "business ideas" claim is intended to be some form of common law misappropriation claim, it would be preempted by the Uniform Trade Secrets Act ("UTSA"). A UTSA claim would require plaintiffs to identify their alleged trade secrets with particularity before they could take discovery. Plaintiffs have made no such identification.

Plaintiffs present no competent evidence supporting a need for expedited discovery. Plaintiffs claim that Fusion Garage has disabled public access to Fusion Garage's own Internet blog, but cite no authority for the proposition that failure to maintain a public blog subjects a party to extensive early discovery. Fusion Garage has been instructed to retain documents and there is no evidence this instruction has not been followed. With no evidence to support the need for expedited discovery, plaintiffs are in the same position as any other plaintiff.

Finally, Defendant and its counsel would be prejudiced by expedited discovery. Both defense counsel are unavailable for parts of January 2010. Fusion Garage's lead counsel is beginning a trial before Judge Alsup on January 5, 2010. Fusion Garage's other counsel will be traveling in Central America in early January. Moreover, defense counsel might need to travel to

Singapore to help their client assemble discovery on an expedited basis if the Court granted the motion.  There is no basis to prejudice Fusion Garage with expedited discovery, particularly where no need for such discovery has been established.  Fusion Garage respectfully urges the Court to deny the motion and allow discovery to proceed in the normal course.

### *Facts Alleged in the Complaint*[1]

TechCrunch is a web blog that reviews Internet products and companies.  Cmpl. ¶¶ 3 & 9.  It also acts as a "sponsor of forums and conferences to highlight new technologies and the companies that are spawning them."  *Id*.  The founder and editor of the TechCrunch blog is Michael Arrington.  *Id*. ¶ 10.  Defendant Fusion Garage is a Singapore-based business.  It recently announced its new product, the JooJoo tablet, on December 7, 2009.  *Id*. ¶ 60.

Plaintiffs allege that on July 21, 2008, Mr. Arrington posted on the Internet "a challenge to himself and the world."  *Id*. ¶ 11.  Plaintiffs allege that Mr. Arrington challenged the world to help TechCrunch build a "dead simple web tablet for $200."  *Id*.  At the end of Mr. Arrington's blog post, he stated "[i]f everything works well, we'd then open source the design and software and *let anyone build one that wants to*."  *Id*. (emphasis added).  Plaintiffs eventually planned to call the web tablet a "CrunchPad."  *Id*. ¶¶4 & 13.

By August 30, 2008, TechCrunch had allegedly constructed its first prototype web tablet, called "Prototype A."  *Id*. ¶ 12.  In its Internet posting about Prototype A, however, TechCrunch describes this prototype as "[a] humble (and messy) beginning.  Prototype A has been built.  It's in a temporary aluminum case *that a local sheet metal shop put together*."  Doolittle Decl., Ex. A (emphasis added).  Plaintiffs' complaint recounts several blog posts about the CrunchPad—posts that disclosed information about the tablet to anyone with Internet access.  Cmpl. ¶¶ 11, 12, & 22.

Plaintiffs allege that Mr. Arrington and Interserve's CEO, Heather Herde, met with Mr. Rathakrishnan of Fusion Garage on September 23, 2008.  *Id*. ¶ 15.  According to plaintiffs, TechCrunch and Fusion Garage subsequently set out on a "collaboration" to build a web tablet.  *Id*. ¶ 17.  By the time a "Prototype C" was developed, Plaintiffs' principal, Mr. Arrington, posted

---

[1]  Fusion Garage does not concede the truth of the facts in plaintiffs' Complaint.

on the Internet that "[i]n fact, *all the credit should go to Fusion Garage*." *Id*. ¶ 23 (emphasis added). Moreover, while TechCrunch alleges that the project was a joint venture, TechCrunch also alleges that at times it unilaterally threatened to "turn the project off" (*id*., ¶ 28), and "threatened to shut down the collaboration." *Id*. ¶ 32. Plaintiffs allege that the parties discussed a merger. *Id*. ¶¶ 26- 29. The Complaint concedes, however, that no merger was ever consummated and the parties were unable to come to terms. *Id*. ¶¶ 41-42.

Plaintiffs filed this lawsuit on December 10, 2009. Plaintiffs allege, *inter alia*, that Fusion Garage misappropriated plaintiffs' "business ideas." *Id*. ¶¶ 82-91. While TechCrunch, a blog, alleges that it is now a "competitor" with Fusion Garage, it does not allege any product that it is developing to compete with the JooJoo tablet. To the contrary, TechCruch posted a blog entry on November 30, 2009 entitled "The End of CrunchPad." Accordingly, plaintiffs have known about demise of the "collaboration" for over a month yet now seek expedited discovery.

*Argument*

## I. PLAINTIFFS HAVE NOT ESTABLISHED GOOD CAUSE TO TAKE EXPEDITED DISCOVERY

In the Ninth Circuit, a party seeking expedited discovery must meet a high "good cause" standard—meaning that the party must establish that "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Wangston Biotechnology Group, Inc. v. Tan Tan Trading Co., Inc*., Case No. C 08-4212, 2008 WL 4239155 at *7 (N.D. Cal. Sept. 11, 2008) (denying application for expedited discovery in case alleging Lanham Act and unfair competition claims); *Magellan Group Investment, LLC v. First Indigenous Depository Co.*, LLC, Case No. C05-1994, 2005 WL 1629940 at *2 (N.D. Cal. July 8, 2005) (denying application for expedited discovery). Plaintiffs do not meet this standard.

### A. Plaintiffs Have Not Established a Need for Expedited Discovery.

Plaintiffs' claimed need for expedited discovery falls well short of constituting good cause. First, Plaintiffs suggest that because Fusion Garage took down its own web blog from the Internet, it is concealing potentially critical information. Motion at 4. Unlike TechCrunch, however, Fusion Garage is not a blog. Plaintiffs cite no authority for the proposition that Fusion Garage

1  was obligated to maintain a blog, or that taking down a blog establishes a need for expedited
2  discovery. In any event, plaintiffs attached a copy of Fusion Garage's former blog to their
3  Complaint, so they already have a copy of it. Cmpl., Ex. A.

4  Second, plaintiffs claim that allowing expedited discovery will ensure that documents are
5  preserved. Motion at 4. A court should not order expedited discovery based on a movant's
6  unsupported speculation that it will aid document preservation. *Wangston*, 2008 WL 4239155 at
7  *7 (denying motion for expedited discovery where movant produced no evidence that documents
8  would be lost). Here, Fusion Garage has been instructed not to destroy documents and there is no
9  evidence to suggest that instruction has not been followed. Doolittle Decl. ¶ 6.

10  Third, TechCrunch claims that it needs discovery because it may seek an "early injunction
11  imposing a constructive trust." Motion at 4. If plaintiffs' argument satisfied the good cause
12  standard, any party could file a placeholder complaint alleging some unspecified form of
13  infringement or misappropriation and obtain expedited discovery based on its assertion it might
14  seek injunctive relief in the future. Moreover, plaintiffs' "evidence" that Fusion Garage might
15  dissipate any revenues from product sales is a citation to its own Complaint. *See* Motion at 5.
16  That is not competent evidence to support expedited discovery.

17  Finally, plaintiffs argue that expedited discovery is necessary to serve the public interest so
18  that "pre-order purchasers can get their money back if Fusion Garage does not deliver products as
19  promised." Motion at 5. Plaintiffs have filed this lawsuit on their own behalf, not on behalf of the
20  purchasing public. This argument, like plaintiffs' other arguments, fails.

21  **B.  Plaintiffs' Claims Do Not Warrant Expedited Discovery.**

22  Plaintiffs have alleged claims that do not appear to state a claim, much less warrant
23  expedited discovery. The thrust of plaintiffs' complaint is their claim for "Misappropriation of
24  Business Ideas," a claim that plaintiffs apparently made up and which California law does not
25  support. *See Desny v. Wilder*, 46 Cal. 2d 715, 732 (1956) ("[I]t is clear that California does not
26  now accord individual property type protection to abstract ideas."); *see also* 13 Witkin, Summary
27  of California Law, Personal Property ¶ 69 ("Ideas-No Property Right") (collecting cases).
28

If plaintiffs' intent behind their "business ideas" claim was to allege a trade secret claim, it would be a common law misappropriation claim that would be preempted by the Uniform Trade Secrets Act ("UTSA"). Such a claim would be subject to California Code of Civil Procedure § 2019.210, which requires Plaintiffs to itemize their supposed trade secrets before discovery can commence. *Computer Economics, Inc. v. Gartner Group*, 50 F. Supp. 2d 980, 984 n.3 (S.D. Cal. 1999); *see also Neothermia Corp. v. Rubicor Med., Inc.*, 345 F. Supp. 2d 1042, 1043 (N.D. Cal. 2004). However, plaintiffs have not served any identification of trade secrets.

Moreover, while plaintiffs have alleged that there existed a joint venture between the parties—and that plaintiffs have some form of ownership in some indeterminate intellectual property—plaintiffs do not allege the existence of a partnership agreement, joint venture agreement, written development agreement, non-disclosure agreement, or *any* agreement among the parties at all. Rather, they attach some emails to their complaint that (at most) show parties who were unable to come to terms on a merger. The Court should not permit expedited discovery on claims that are so legally suspect. The motion should be denied.

## II. DEFENDANT AND ITS COUNSEL WOULD BE PREJUDICED BY EXPEDITED DISCOVERY.

While plaintiffs have established no need for expedited discovery, any such expedited discovery would be highly prejudicial to Defendant and its counsel. Fusion Garage is a Singapore-based company that was only recently served with the complaint. In order to respond to discovery on an expedited basis, counsel may need to travel to Singapore to assist in the process. This is not practicable as both defense counsel are unavailable. Its lead counsel begins a trial in front of Judge Alsup on January 5, 2010 and he is presently preparing for trial. The trial is expected to last approximately two weeks. Defendant's other counsel is scheduled to leave for a vacation to Costa Rica on December 31, 2009 and is not expected to return to the office until January 8, 2010. *See* Doolittle Decl. ¶¶ 3-4.

### *Conclusion*

For the foregoing reasons, Defendant respectfully requests that the Court deny the motion.


1  DATED: December 29, 2009                QUINN EMANUEL URQUHART OLIVER &
2                                          HEDGES, LLP

4                                          By         /s/
                                              Patrick Doolittle
5                                             Attorneys for Defendant Fusion Garage PTE. Ltd