UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INTERSERVE, INC. DBA TECHCRUNCH, ET AL.,<br><br>            Plaintiff,<br>   v.<br><br>FUSION GARAGE PTE, LTD.,<br><br>            Defendant. | Case No. C 09-05812 JW (PVT)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF INTERSERVE, INC.'S MOTION FOR EXPEDITED DISCOVERY**<br><br>**[Docket No. 11]** |

## INTRODUCTION

Pursuant to Civ. L.R. 6-3(a) and Rule 26(d)(1), plaintiff Interserve, Inc. dba TechCrunch and CrunchPad, Inc. moves for expedited discovery. ("TechCrunch"). Defendant Fusion Garage PTE, Ltd. opposes the motion. ("Fusion Garage"). Pursuant to Civ. L.R. 7-1(b), the motion is taken under submission. Having reviewed the papers and considered the arguments of counsel, plaintiff TechCrunch's motion for expedited discovery is granted in part and denied in part.[1]

---

[1] The holding of this court is limited to the particular facts and circumstances underlying the present motion.

ORDER, *page 1*

**BACKGROUND**

Beginning in or around September 2008, TechCrunch and Fusion Garage undertook a collaborative effort to develop " a dead simple web tablet for $200."  Their collaboration resulted from a challenge made by the founder and editor of the TechCrunch blog, Michael Arrington, to develop and market a low-cost, touch-screen based tablet notebook computer.  In or around July 2008, he had entreated others in the high tech community to "help us build it."

On November 17, 2009, three days before the anticipated launch of the new web tablet product called the CrunchPad (and following fifteen months of collaboration between the two parties), Fusion Garage abruptly aborted the project.  In an email that admittedly "came out of the blue," Fusion Garage informed TechCrunch that it owned all the associated IP rights and that it intended to manufacture and market its own CrunchPad.

On December 7, 2009, Fusion Garage announced the release of its own web tablet named the JooJoo.

Plaintiff TechCrunch states that "[i]t is inconceivable that [Fusion Garage] could have retooled and found a new manufacturer to make a saleable product between November 17 and December 7."  Motion at 3.  In further support of its motion, plaintiff notes, *inter alia,* the following: (1) Fusion Garage has begun accepting "pre-orders" for the JooJoo tablet and promised delivery within 8-10 weeks; (2) customers may pay for the JooJoo tablet using Pay Pal; (3) Fusion Garage is liable to plaintiff for a share of the profits; (4) Fusion Garage is concealing its previous public statements regarding the prior collaboration between the parties; and (5) Fusion Garage is a Singapore-based company which may abscond with the proceeds abroad.  Moreover, by November 10, 2009, Fusion Garage had already registered the domain name theJooJoo.com.  Plaintiff TechCrunch further states it "plans to seek an early injunction imposing a constructive trust on revenues generated by [Fusion Garage's] preorders and sales of the JooJoo."  Motion at 4.  Finally, plaintiff TechCrunch raises concerns that the JooJoo tablet may not be delivered to customers as ordered and that placing those preorder monies in a constructive trust will ensure their money is returned in the event the JooJoo tablets are not delivered as promised.

Defendant Fusion Garage opposes the motion for expedited discovery and objects on the grounds that plaintiff has failed to identify the "specific harm they will suffer." Opp. at 1. In addition, it takes specific issue with the claims set forth in the complaint, specifically the claim for misappropriation of business ideas. Defendant Fusion Garage characterizes that claim as "dubious at best" and notes that such a claim as "some form of common law misappropriation claim" would be preempted by the Uniform Trade Secrets Act. ("UTSA"). And a UTSA claim requires a plaintiff to identify with particularity, the trade secrets at issue, which has not occurred here. Defendant Fusion Garage further notes that its failure to maintain a public blog is not proper grounds for allowing expedited discovery. Finally, defendant Fusion Garage states that it would be prejudiced by expedited discovery in light of the unavailability of its counsel and the potential need to collect discovery abroad.

**LEGAL STANDARD**

"In the Ninth Circuit, courts use the 'good cause' standard to determine whether discovery should be allowed to proceed prior to a Rule 26(f) conference." *Wangson Biotechnology Group, Inc. v. Tan Tan Trading Co., Inc.,* 2008 WL 4239155 *7 (N.D. Cal.). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron America, Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002). "It should be noted that courts have recognized that good cause is frequently found in cases involving claims of infringement and unfair competition." *Id.*

**DISCUSSION**

The district court has set the initial case management conference for March 19, 2010. Pursuant to Rule 26(d), plaintiff TechCrunch may begin propounding discovery on or about February 26, 2010. By this motion, plaintiff TechCrunch seeks to propound interrogatories and document requests on defendant with responses due within 30 days of the date of service of the instant motion and accompanying declaration, i.e., January 27, 2009. Additionally, plaintiff TechCrunch moves to serve subpoenas on third-parties, PayPal (Fusion Garage's payment processor for JooJoo pre-orders) and McGrath Power (Fusion Garage's public relations firm).

Merely twenty days after defendant Fusion Garage had abruptly terminated its joint collaboration with plaintiff TechCrunch on the CrunchPad tablet, it announced the production and anticipated sale of the JooJoo tablet.  Plaintiff TechCrunch asserts that the product of its prior joint collaboration has been merely re-branded as defendant Fusion Garage's own product.  Plaintiff TechCrunch argues that it risks losing its rightful share of profits because the money may be "expatriated to Singapore, distributed to FG's thus-far-anonymous vendors and investors, or otherwise placed beyond TechCrunch's reach."  Motion at 3.  Additional facts, including a chronic, struggling and underfunded Fusion Garage, registration of the joojoo.com domain name on November 10, 2009 and the darkened blog shortly thereafter, taken together with other alleged facts, support plaintiff TechCrunch's claim that it may be irreparably harmed if expedited discovery is not permitted.  Here, the administration of justice outweighs the prejudice to the responding party.  Notwithstanding the unavailability of defendant's counsel, one of whom is on vacation, other attorneys from the law firm may respond to discovery.  *See, e.g.,* Supplementary Notice Re TechCrunch's Motion for Expedited Discovery.  (Docket No. 18).  And inasmuch as some documents may be located abroad, the "logistical inconvenience" may be overcome.  Plaintiff TechCrunch has not sought to accelerate the response date before 30 days.  In other words, defendant Fusion Garage's discovery responses have been advanced approximately eight weeks.  Based on the above, the court finds good cause.  Expedited discovery will allow plaintiff to determine whether to seek an early injunction.

## CONCLUSION

For the foregoing reasons, plaintiff's motion is granted in part and denied in part.  Defendant Fusion Garage shall serve responses to interrogatories and document requests within 30 days of the date of this order.  *See, e.g.*, Declaration of David S. Bloch, ¶ 2, Exhs. A and B.  In addition, plaintiff TechCrunch may serve its subpoenas on third parties PayPal and McGrath Power.  Any response dates to the third-party subpoenas shall not be accelerated.

IT IS SO ORDERED.

Dated:   January 7, 2010

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge

ORDER, *page 4*