1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     Claude M. Stern (Bar No. 96737)
2    claudestern@quinnemanuel.com
     Patrick Doolittle (Bar No. 203659)
3    patrickdoolittle@quinnemanuel.com
   50 California Street, 22nd Floor
4  San Francisco, California  94111
   Telephone:    (415) 875-6600
5  Facsimile:    (415) 875-6700

6  Attorneys for Defendant Fusion Garage PTE Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INTERSERVE, INC. dba TECHCRUNCH, a Delaware corporation, and CRUNCHPAD, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>FUSION GARAGE PTE LTD., a Singapore company,<br><br>Defendant. | CASE NO. C 09-cv-5812 JW<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, MOTION TO STRIKE, AND MOTION FOR A MORE DEFINITE STATEMENT**<br><br>Date:    April 5, 2010<br>Time:    9:00 a.m.<br>Dept.:   8, Fourth Floor<br>Judge:   The Hon. James Ware |

04049.51632/3301180.1

Case No. C 09-cv-5812 JW
REQUEST FOR JUDICIAL NOTICE ISO DEFENDANTS' MOTION TO DISMISS, MOTION TO STRIKE, AND MOTION FOR A MORE DEFINITE STATEMENT

**REQUEST FOR JUDICIAL NOTICE**

Defendant Fusion Garage PTE Ltd. ("Fusion Garage") respectfully requests that the Court take judicial notice pursuant to Federal Rule of Evidence 201 of the following documents, copies of which are attached as exhibits to the Declaration of Patrick C. Doolittle filed concurrently herewith:

- Exhibit A: Michael Arrington, *We Want a Dead Simple Web Tablet for $200. Help Us Build It*, TECHCRUNCH, July 21, 2008, http://www.techcrunch.com/2008/07/21/we-want-a-dead-simple-web-tablet-help-us-build-it/ (last accessed Jan. 27, 2010).

- Exhibit B: Michael Arrington, *Update on the TechCrunch Tablet: Prototype A*, TECHCRUNCH, August 30, 2008, http://www.techcrunch.com/2008/08/30/update-on-the-techcrunch-tablet-prototype-a/ (last accessed Jan. 27, 2010).

Both of these documents were referenced and/or quoted in Plaintiffs' Complaint. (Dk. 1 at 3-4). It is appropriate to take judicial notice of documents that a plaintiff expressly refers to in its complaint when ruling on a motion to dismiss or other motion on the pleadings. *See, e.g., In re Verifone Holdings, Inc. Sec. Litig.*, No. 07-6140, 2009 WL 1458211, *1 n.1 (N.D. Cal. May 26, 2009) (granting judicial notice "as to those documents referenced in the complaint"); *Myers-Armstrong v. Actavis Totowa, LLC*, No. 08-4741, 2009 WL 1082026, *5 n. 5 (N.D. Cal. April 22, 2009) ("Judicial notice of the full text of documents referenced in a complaint is proper under the doctrine of incorporation by reference"); *Lindner v. IBM Corp.*, No. 06-4751, 2008 WL 2461934, *1 n. 1 (S.D.N.Y. June 18, 2008) ("In considering a motion to dismiss, the Court may take judicial notice of documents integral to or referred to in the complaint.")

DATED: January 28, 2010        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By  /s/ Patrick Doolittle
    Patrick C. Doolittle
    Attorneys for Certain Individual Defendants

04049.51632/3301180.1

-1-        Case No. C 09-cv-5812 JW
REQUEST FOR JUDICIAL NOTICE ISO DEFENDANTS' MOTION TO DISMISS, MOTION TO STRIKE, AND MOTION FOR A MORE DEFINITE STATEMENT