QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
  claudestern@quinnemanuel.com
  Patrick Doolittle (Bar No. 203659)
  patrickdoolittle@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for Defendant Fusion Garage PTE. Ltd

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| INTERSERVE, INC. dba TECHCRUNCH, a Delaware corporation, and CRUNCHPAD, INC., a Delaware corporation,<br><br>            Plaintiffs,<br><br>       vs.<br><br>FUSION GARAGE PTE. LTD, a Singapore company,<br><br>            Defendant. | CASE NO. C 09-cv-5812 JW (PVT)<br><br>**DECLARATION OF PATRICK DOOLITTLE IN SUPPORT OF FUSION GARAGE'S MOTION FOR PROTECTIVE ORDER**<br><br>Date:    March 16, 2010<br>Time:   10:00 a.m.<br>Judge:  Hon. Patricia Trumbull |

1   I, PATRICK C. DOOLITTLE declare as follows:

2   1.   I am a member of the bar of the State of California and a partner in Quinn Emanuel
3   Urquhart Oliver & Hedges, LLP, attorneys for Defendant Fusion Garage.  Unless otherwise noted,
4   I make this declaration of personal knowledge, and if called and sworn as a witness, I could and
5   would testify competently thereto.

6   2.   Shortly after the Court granted Plaintiffs' motion for expedited discovery, I called
7   David Bloch, counsel for Plaintiffs.  I believe I called him the day after the Court issued its order
8   granting in part and denying in part Plaintiffs' motion for expedited discovery.  I asked that
9   Plaintiffs identify the trade secrets that they alleged were misappropriated prior to taking
10  discovery regarding the Defendant's trade secrets.  Plaintiffs' counsel's position was that Code of
11  Civil Procedure 2019.210 did not apply because they were not alleging a trade secrets claim.
12  Accordingly, he declined to identify Plaintiffs' trade secrets.

13  3.   Plaintiffs have now served two sets of requests for production and one set of
14  interrogatories on Defendant Fusion Garage.  A true and correct copy of Plaintiff's First Set of
15  Requests for Production is attached hereto as <u>Exhibit A</u>.  A true and correct copy of Plaintiffs'
16  First Set of Interrogatories is attached hereto as <u>Exhibit B</u>.  A true and correct copy of Plaintiffs'
17  Second Set of Requests for Production is attached hereto as <u>Exhibit C</u>.

18  4.   Among the requests for production that Plaintiffs have served are the following:

19  **Request for Production No. 13**:  All documents concerning the design, development or writing of software for the JooJoo.

20  **Request for Production No. 15**:  All documents concerning the design of the JooJoo, including but not limited to industrial design, hardware, software, feature set, and user interface.

22  **Request for Production No. 20**:  All documents concerning user documentation for the JooJoo.

24  **Request for Production No. 24**:  All documents concerning plans for the development, design, manufacturing, marketing, advertising and promotion, and distribution of the JooJoo.

26  **Request for Production No. 33**:  All documents evidencing or concerning communications concerning intellectual property in the JooJoo.

28  **Request for Production No. 38**:  A complete copy of all versions of the source codes, object codes, and executables for the JooJoo.

1  *Request for Production No. 46*: All design documents, bill of materials, and other technical materials concerning the JooJoo.

2  5. Plaintiffs have also served discovery requests with the defined term "CrunchPad." That defined term, however, appears designed to encompass Fusion Garage's product. The definition reads "The term 'CrunchPad' means any conception, version or prototype of the touch-screen based computer developed by Plaintiff *or Defendant* or in collaboration between Plaintiff and Defendant, or identified (internally or externally) as a CrunchPad, whether or not that conception version or prototype was publically exhibited." (Emphasis added).

6. Plaintiffs' complaint alleges claims for violation of the Lanham Act (false advertising), breach of fiduciary duty, misappropriation of business ideas, fraud and deceit, and unfair competition. Given Plaintiffs claims in this case, I do not understand why they are seeking discovery regarding Fusion Garage's proprietary information, including source code.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5th day of February 2010 at San Francisco, California.

/s/
Patrick C. Doolittle