# EXHIBIT B

1  Andrew P. Bridges (SBN: 122761)
   abridges@winston.com
2  David S. Bloch (SBN: 184530)
   dbloch@winston.com
3  Nicholas Short (SBN: 253922)
   nshort@winston.com
4  WINSTON & STRAWN LLP
   101 California Street, 39th Floor
5  San Francisco, CA 94111-5802
   Telephone:   (415) 591-1000
6  Facsimile:   (415) 591-1400

7  Attorneys for Plaintiffs

8

9                  UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11

12  INTERSERVE, INC. dba TECHCRUNCH, a )   Case No. C 09 5812 JW (PVT)
    Delaware corporation, and CRUNCHPAD,  )
13  INC., a Delaware corporation,         )
                                          )
14         Plaintiffs,                    )   PLAINTIFF TECHCRUNCH'S' FIRST SET
                                          )   OF INTERROGATORIES
15    vs.                                 )
                                          )
16  FUSION GARAGE PTE. LTD., a Singapore  )
    company,                              )
17         Defendant.                     )
                                          )

18  PROPOUNDING PARTY:      PLAINTIFF INTERSERVE, INC. dba TECHCRUNCH

19  RESPONDING PARTY:       DEFENDANT FUSION GARAGE PTE. LTD.

20  SET NO.:                ONE

21      Pursuant to Federal Rule of Procedure 33, Plaintiff Interserve, Inc. d/b/a TechCrunch

22  requests that Defendant Fusion Garage Pte. Ltd. respond to the Interrogatories below under oath

23  within twenty (20) days of the date of service.

24      For the purpose of these Interrogatories, the following instructions shall apply and the

25  following terms will have the meaning indicated:

26                                  INSTRUCTIONS

27     1)   In answering these interrogatories, furnish all information, including but not limited

28  to information contained in or on any document, that is known or available to you, including all

information in the possession of your attorneys or other persons acting on your behalf or under your attorney's employment or direction.

2)    If you cannot answer any interrogatory fully and completely after exercising due diligence to make inquiries and secure information necessary to do so, so state, and answer each such interrogatory to the full extent you deem possible, specify the portion of such interrogatory that you claim you are unable to answer fully and completely; state the facts on which you rely to support your contention that you are unable to answer such interrogatory fully and completely; and state what knowledge, information and belief you have concerning the unanswered portion of each such interrogatory.

3)    The obligation to respond to these interrogatories continues and requires further answer and amendment from now until the time of hearing or trial, as provided by Federal Rule of Civil Procedure 26(e).

## DEFINITIONS

1)    The term "Fusion Garage," "Defendant," "you," or "your" refers to Defendant Fusion Garage Pte. Ltd. and includes any persons controlled by or acting on behalf of either of Fusion Garage Pte. Ltd., including without limitation all past and present licensees, agents, attorneys, predecessors, subsidiaries, parent companies, or affiliated companies, and their agents, officers, directors, employees, representatives and attorneys.

2)    The term "Plaintiffs" or "TechCrunch" shall mean Plaintiffs Interserve, Inc. d/b/a TechCrunch and CrunchPad, Inc.

3)    The term "person" means any natural person or any business, legal or government entity or association.

4)    The term "identify" when referring to:

(a)    a person, means to give to the extent known, the person's full name, present or last known physical address, email address, and telephone number, and with respect to a natural person, the last known place of employment and job title;

(b)    a document, means to give to the extent known, the date of the document, the title of the document, the author or originator of the document, the persons or entities to

whom the document is addressed, the nature of the document, a brief summary or description of the document's contents, and if the document is not in your possession, the identity of its present or last known custodian and its location;

  (c) a component, means to identify the component by its generic name, its manufacturer or creator(s), its provider(s) (if other than the manufacturer or creator), and its name and/or identifying number.

  (d) a financial account, means to identify the person with which you hold the account, the name(s) on the account, the type of account, the account number, and the contact information of your primary contact person(s) for the account.

  (e) a payment, means to identify the amount (including currency), date, means, location(s), payor(s), payee(s), person(s) transmitting the payment if an intermediary between the payor(s) and payee(s), and the financial account(s) of the payee(s) with respect to the payment.

  (f) a promise, means to identify the substance of the promise; the specific language of the promise; the means of communication of the promise (including documents if relevant); the persons participating in that communication or witnessing that promise; and the date, time, and location of the promise.

  (g) a representation, means to identify means to identify the substance of the representation; the specific language of the representation; the means of communication of the representation (including documents if relevant), the persons participating in that communication or witnessing that representation; and the date, time, and location of the representation.

  (i) an order, pre-order, sale, lease, and delivery, means to identify the person placing an order or pre-order, or to whom the sale, lease, or delivery is made; the quantity and names of the items in the order, pre-order, sale, lease, or delivery; the date of the event; the location of the event; the terms (including price) of the event; and the payment method(s) associated with the event.

5) The terms "document" or "documents" shall have the same meaning as in Federal

Rule of Civil Procedure 34 (a) and includes, without limitation, any tangible thing upon which any information has been recorded by any means, including without limitation by writing, printing, typing, transcribing, charting, photographing, photocopying, or by digital, electronic, magnetic, or mechanical recording. The term "documents" includes e-mails and electronic files, audio and video tapes, microfiche, and other electronically stored information. The term "document" also includes non-identical copies or drafts, and all attachments and enclosures.

6) The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

9) The terms "any" and "all" shall both mean "any and all" as appropriate in order to bring within the scope of these interrogatories information and documents which might otherwise be considered to be beyond their scope.

10) The terms "each" and "every" shall both mean "each and every" as appropriate in order to bring within the scope of these interrogatories information and documents which might otherwise be considered to be beyond their scope.

11) The term "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories information and documents which might otherwise be considered to be beyond their scope.

12) The term "CrunchPad" means any version or prototype of the touch-screen based computer developed as a result of work by Plaintiffs, by Defendant in conjunction with Plaintiffs, by Defendant in association with Plaintiffs, or by Defendant in connection with the name "CrunchPad."

13) The term "JooJoo" means the touch-screen based computer exhibited or offered by Defendant under the name JooJoo.

## INTERROGATORIES

1. Identify all components (hardware and software) in the JooJoo devices that you have exhibited or delivered, or plan to exhibit or deliver, to any person.

2. Identify all persons who participate, or have participated in, the design of, or the supply of components for, the JooJoo devices that you have exhibited or delivered or plan to deliver to any persons.

3. Identify all persons whom you have employed or engaged who have communicated with any persons whom Plaintiffs have employed or engaged.

4. Identify all persons who participate in the processing of transactions involving preorders, orders, or payments for preorders, orders, sales, or leases of your products, including but not limited to JooJoo devices.

5. Identify all financial accounts in which you have an interest.

6. Identify all payments by others to you or for your benefit in connection with the development, marketing, preorders, orders, sales, leases, or deliveries of the JooJoo.

7. Identify all promises that Plaintiffs, or persons acting on their behalf, made to you that Plaintiffs did not fulfill.

8. Identify all representations that Plaintiffs, or persons acting on their behalf, made to you or to your personnel that were false or misleading.

9. Identify all persons who participate or have participated in your advertising, promotion, marketing, or publicity regarding your company's commercial activities, including your participation in and termination of the CrunchPad project and your development, advertising, promotion, marketing, offer for sale or lease or order, or sale or lease or order of JooJoo devices.

10. Identify all persons who have invested in your equity, debt, or other securities and the amounts each of them have invested.

11. Identify all orders, pre-orders, sales, leases, and deliveries of the JooJoo devices.

12. State the revenues you have received from orders, pre-orders, sales, leases, and deliveries of the JooJoo devices.

Dated: December 28, 2009

WINSTON & STRAWN LLP

By: _____
ANDREW P. BRIDGES
DAVID S. BLOCH
NICHOLAS SHORT
Attorneys for Plaintiffs