# EXHIBIT C

Andrew P. Bridges (SBN: 122761)
abridges@winston.com
David S. Bloch (SBN: 184530)
dbloch@winston.com
Nicholas Short (SBN: 253922)
nshort@winston.com
WINSTON & STRAWN LLP
101 California Street, 39th Floor
San Francisco, CA 94111-5802
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERSERVE, INC. dba TECHCRUNCH, a Delaware corporation, and CRUNCHPAD, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>FUSION GARAGE PTE. LTD., a Singapore company,<br>Defendant. | Case No. C 09 5812 JW (PVT)<br><br>PLAINTIFF TECHCRUNCH'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS |

**PROPOUNDING PARTY:** INTERSERVE, INC. dba TECHCRUNCH

**RESPONDING PARTY:** FUSION GARAGE

**SET NO.:** TWO

Pursuant to Federal Rule of Civil Procedure 34 Plaintiff Interserve, Inc. d/b/a TechCrunch requests that Defendant Fusion Garage Pte. Ltd. produce for inspection and copying the documents and things listed below thirty days from service of this request to the offices of Winston & Strawn LLP, 101 California Street, San Francisco, CA 94111, or at another location mutually agreed upon by both parties.

For the purpose of this request for production of documents and things, the following instructions shall apply and the following terms will have the meaning indicated:

# INSTRUCTIONS

1) If you contend that any information, document, or thing otherwise called for by any request is excluded from production or discovery, answer so much of the discovery request as is not subject to the claimed objection and, for each document or thing:

    a) State whether the item shall not be produced because:

    b) It is claimed to be privileged; or

    c) It once existed but can no longer be located; or

    d) It has been lost; or

    e) It has been destroyed; and

2) If, under a claim of privilege, any documents or things are not produced, you must state for each document:

    a) the type and title of the document or thing; and

    b) the general subject matter of the content of the document or description of the thing; and

    c) the date of its creation and/or revision; and

    d) the identity of the document's author(s), addressee(s), and recipient(s); and

    e) the nature of the privilege being claimed; and

    f) in detail, all facts upon which you base your claim of privilege.

3) In producing these documents and things, you are requested to identify and produce for inspection and copying not only those documents and things in your custody, but all documents and things in the custody of your attorneys, consultants, agents, other representatives, and other persons or entities subject to your control.

4) In producing these documents and things, you are to produce the documents and things as they are kept in the ordinary course of business, with appropriate markings or designation so that it may be determined to what request they are responsive.

5) You are to produce the original and all copies of each requested document and thing, as well as the file in which they are kept, including all copies which bear any additional file stamps, marginal notes, or other additional markings or writings that do not appear on the original.

6) Complete production is to be made on the date and at the time indicated above. The inspection and copying will begin at that time and will continue from day to day thereafter until completed.

7) You have a duty to supplement your responses from now until the time of hearing or trial, as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

1) The terms "document" or "documents" shall have the same meaning as in Federal Rule of Civil Procedure 34 (a) and includes, without limitation, any tangible thing upon which any information has been recorded by any means, including without limitation by writing, printing, typing, transcribing, charting, photographing, photocopying, or by digital, electronic, magnetic, or mechanical recording. The term "documents" includes e-mails and electronic files, audio and video tapes, microfiche, and other electronically stored information. The term "document" also includes non-identical copies or drafts, and all attachments and enclosures.

2) The term "concerning" means relating to, referring to, describing, evidencing, comprising, or constituting.

3) The terms "any" and "all" shall both mean "any and all" as appropriate in order to bring within the scope of these interrogatories information and documents which might otherwise be considered to be beyond their scope.

4) The term "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories information and documents which might otherwise be considered to be beyond their scope.

5) The term "CrunchPad" means any conception, version or prototype of the touch-screen based computer developed by Plaintiff or Defendant or in collaboration between Plaintiff and Defendant, or identified (internally or externally) as a CrunchPad, whether or not that conception, version or prototype was publicly exhibited.

6) The term "JooJoo" means the touch-screen based computer you offer for sale and brand as the JooJoo, as well as any conceptions, versions, or prototypes of a tablet computer (under the JooJoo name or otherwise) that you have developed, designed, manufactured, had manufactured,

3

or marketed entirely without any involvement of TechCrunch or its personnel.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

49. All documents concerning government approvals or certifications concerning the JooJoo or the CrunchPad, including but not limited to Federal Communications Commission approval.

Dated: February 1, 2010

WINSTON & STRAWN LLP

By: _____
ANDREW P. BRIDGES
DAVID S. BLOCH
NICHOLAS SHORT
Attorneys for Plaintiffs

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

4
PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
SF:273007.1