Andrew P. Bridges (SBN: 122761)
ABridges@winston.com
David S. Bloch (SBN: 184530)
DBloch@winston.com
Matthew A. Scherb (SBN: 237461)
MScherb@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5802
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Attorneys for Plaintiffs
INTERSERVE, INC., dba TECHCRUNCH
and CRUNCHPAD, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INTERSERVE, INC., dba TECHCRUNCH, a Delaware corporation, and CRUNCHPAD, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>FUSION GARAGE PTE. LTD., a Singapore company,<br><br>Defendant. | Case No. CV-09-5812 JW (PVT)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT FUSION GARAGE'S MOTION FOR PROTECTIVE ORDER**<br><br>Date: March 16, 2010<br>Time: 10:00 a.m.<br>Judge: Hon. Patricia V. Trumbull |

## I. INTRODUCTION

From September 2008 to November 2009, Interserve and CrunchPad (collectively, "TechCrunch") and Fusion Garage collaborated on a joint effort, initiated by TechCrunch, to develop a simple, cheap web tablet: the CrunchPad. In late November, Fusion Garage unexpectedly pulled the plug, and eight days later it announced that it was going to sell the CrunchPad on its own as "the JooJoo." Three days later, TechCrunch sued.

On January 7, 2010, the Court authorized TechCrunch to take expedited discovery from Fusion Garage. Order, Docket Entry ("Dkt.") 19. It ordered Fusion Garage to "serve responses to interrogatories and document requests within 30 days of the date of this order." *Id.* at 4. Fusion Garage failed to comply. Instead, it waited out the 30-day period, until Friday, February 6, and then filed its motion for protective order. It refused to respond to most of TechCrunch's discovery. Decl. of David S. Bloch in Supp. of Pls.' Opp. to Def's. Mot. for Protective Order ("Bloch Decl.") ¶¶ 3-4 & Exh. A-B.

Fusion Garage's motion seeks to evade Court-ordered discovery on a basis that the Court has already rejected. In granting TechCrunch's motion for expedited discovery, the Court specifically noted Fusion Garage's assertion that TechCrunch's claim "would be preempted by the Uniform Trade Secrets Act. ... And a UTSA claim requires a plaintiff to identify with particularity the trade secrets at issue, which has not occurred here." *Id.* at 3. The Court rejected that argument. It found "good cause" for expedited discovery, which would "allow plaintiff to determine whether to seek an early injunction.[1] Fusion Garage's failure to comply is willful, tactically motivated, and in violation of Rule 37(b)(2).

## II. STATEMENT OF THE ISSUES

Given that TechCrunch has not asserted a trade secret claim, may Fusion Garage further delay discovery until TechCrunch provides a list of "trade secrets," even after the Court has ordered Fusion Garage to provide the very discovery it now seeks to delay?

---

[1] Despite Fusion Garage's refusal to comply with the Court's Order, TechCrunch filed its motion for preliminary injunction on February 22. Dkt. 26. While full discovery responses undoubtedly would have supported TechCrunch's motion, the urgency of the situation was such that TechCrunch had no choice but to file when it did.

-2-

## III. ARGUMENT

Invoking California Code of Civil Procedure § 2019.210, Fusion Garage insists that TechCrunch be ordered to "identify the trade secrets that ... were misappropriated" by Fusion Garage, before what Fusion Garage terms "trade secret discovery" can proceed. Mot., Dkt. 23, at 1. But TechCrunch makes no allegations of trade secret misappropriation. Section 2019.210 only applies to claims under the California Uniform Trade Secrets Act ("CUTSA"), which are absent here. Fusion Garage attempts to circumvent this problem by arguing that TechCrunch's claims are "really" trade secrets claims, and then arguing that those claims are preempted by CUTSA. But Fusion Garage's attempt to mischaracterize TechCrunch's claims is evasive. TechCrunch's *actual* claims are for violation of the Lanham Act, breach of fiduciary duty, misappropriation of business ideas,[2] fraud and deceit, and unfair competition. Compl., Dkt. 1. And the discovery requests that Fusion Garage challenges are relevant to *all* of those claims.

### A. The Requested Discovery is Relevant to TechCrunch's Claims and Defenses.

Fusion Garage makes only the most conclusory argument that a some of TechCrunch's discovery requests are not relevant to its claims and this action. Mot. at 8. But as the Court already has ruled, TechCrunch's "[e]xpedited discovery will allow plaintiff to determine whether to seek an early injunction." Order at 4. The requests at issue seek information about the parties' collaboration, the JooJoo product that Fusion Garage now unlawfully promotes in place of the CrunchPad, certain Fusion Garage communications, and marketing and advertising plans – all relevant to TechCrunch's claims for relief. Mot. at 6 (listing the requests that Fusion Garage challenges); Bloch Dec. ¶¶3-4, Ex. A-B.

TechCrunch and Fusion Garage were joint venturers and collaborators in the development of the CrunchPad. As such, TechCrunch shared business and technical ideas and expertise, and made numerous other contributions to the CrunchPad project. TechCrunch personnel conceived and initiated many of the key features of the CrunchPad were by, and others were the fruit of collaboration between TechCrunch and Fusion Garage. Compl., Dkt. 1, ¶¶ 11, 19-24, 35-36. Now

---

[2] Fusion Garage's protestations to the contrary notwithstanding, misappropriation of business ideas is a valid and independent tort in California. *Hollywood Screentest of Am., Inc. v. NBC Universal, Inc.*, 151 Cal. App. 4th 631, 650 (2007).

-3-
OPPOSITION TO FUSION GARAGE'S MOTION FOR PROTECTIVE ORDER - Case No. 09-CV-5812 JW (PVT)

Fusion Garage claims that its JooJoo web tablet owes nothing whatever to the project in which it collaborated closely with TechCrunch for more than a year. Fusion Garage's version of events implies that Fusion Garage entirely conceived and developed the JooJoo in a matter of weeks – between late November 2009, when Fusion Garage finally aborted the collaboration with TechCrunch, and December 7, 2009, when Fusion Garage publicly announced the JooJoo. The discovery that TechCrunch seeks is essential to establish an accurate timeline and provide evidence supporting the true story: that the JooJoo is in actuality nothing more than a re-branded CrunchPad. Discovery will support TechCrunch's claims and show that Fusion Garage committed breach of fiduciary duty and fraud, misappropriated TechCrunch business ideas, and engaged in false advertising.

Under the Federal Rules of Civil Procedure, the scope of permissible discovery is broad: "[p]arties may obtain discovery regarding any nonprivileged matter … [that] appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Under the permissive discovery scheme created by the Federal Rules of Civil Procedure, discovery can happen "in any sequence" and "discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26 (d). This Court has already issued one order defining the scope of discovery: "Fusion Garage *shall serve responses* to interrogatories and document requests." Order at 4 (emphasis added). Fusion Garage's motion effectively seeks to overturn Rule 26 and the Court's discovery order and to re-litigate the discovery motion it lost.

**B. Section 2019.210 Does Not Apply.**

Fusion Garage bases its motion for protective order on California Code of Civil Procedure Section 2019.210:

> In any action alleging the misappropriation *of a trade secret* under the [California] Uniform Trade Secrets Act … before commencing discovery relating *to the trade secret*, the party alleging the misappropriation shall identify *the trade secret* with reasonable particularity.

On its face, Section 2019.210 applies only to trade secret claims brought under CUTSA. But TechCrunch states no trade secret claim of any kind. Its Complaint does not contain a claim under CUTSA or even the common law of trade secret misappropriation. Its discovery responses affirmatively state that TechCrunch does *not* assert misappropriation of trade secrets, and counsel

-4-
OPPOSITION TO FUSION GARAGE'S MOTION FOR PROTECTIVE ORDER - Case No. 09-CV-5812 JW (PVT)

confirmed this fact during Fusion Garage's pre-filing meet-and-confer call. Bloch Decl. ¶¶ 2, 5-7 & Exh. C-E (TechCrunch's discovery responses, each confirming that TechCrunch is not asserting a trade secret claim); Mot. at 6; *see also* Decl. of Patrick Doolittle in Support of Def.'s Mot. for Protective Order, Dkt. 24, ¶ 2 ("I asked that Plaintiffs identify the trade secrets that they alleged were misappropriated prior to taking discovery regarding Defendant's trade secrets. Plaintiffs' counsel's position was that Code of Civil Procedure 2019.210 did not apply because they were not alleging a trade secrets claim. Accordingly, he declined to identify Plaintiffs' trade secrets").

Fusion Garage acknowledges and indeed argues that "Plaintiffs did not … allege a trade secrets claim." Mot. at 9. Yet it wants the Court to imply or read a CUTSA claim into TechCrunch's Complaint so that Fusion Garage can argue preemption. As discussed below, the preemption argument fails. In any event, that would best be a matter for another motion and cannot justify Fusion Garage's refusal to comply with Court-ordered discovery. Fusion Garage must address the complaint as it is, not as Fusion Garage would like it to be. *See, e.g., In re Initial Public Offering Securities Litigation*, 241 F. Supp. 2d 281, 333 (S.D.N.Y. 2003) ("Defendants must take the Complaints as they are written"); *In re Philip Services Corp. Securities Litigation*, 383 F. Supp. 2d 463, 474 (S.D.N.Y. 2004) (rejecting "characterizations [which] either contradict the plain meaning of the allegations in the Complaint or rely on convoluted inferences favoring [defendant]"); *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) (Holmes, J.) ("Of course, the party who brings a suit is master to decide what law he will rely upon"). This is not a trade secret case and Section 2109.210 does not apply.

### C. TechCrunch's Claims Are Not Preempted by CUTSA.

Although Fusion Garage purports to move only for a protective order, it also argues that the Court should hold that CUTSA preempts TechCrunch's claims. It is not clear how this is relevant to the relief Fusion Garage seeks; the attempt to smuggle substantive pleading matters into a discovery motion is misplaced and premature. Regardless, CUTSA only preempts common law trade secret claims that involve *trade secrets*. TechCrunch alleges none.

//
//

-5-
OPPOSITION TO FUSION GARAGE'S MOTION FOR PROTECTIVE ORDER - Case No. 09-CV-5812 JW (PVT)

**1. TechCrunch's Claims Are Not Trade Secret Claims.**

Fusion Garage argues that TechCrunch's claims for misappropriation of business ideas and for unlawful business practices and false advertising under California law are "trade secrets claims with a different label." Mot. at 9. This conclusory statement finds no support in the pleadings or the law. The mere fact that TechCrunch's claim for misappropriation of business ideas contains the word "misappropriation" does not make it a trade secret claim. Quite to the contrary: Ninth Circuit law confirms that "[c]ommon law misappropriation … is normally invoked in an effort to protect something of value *not otherwise covered by … trade secret law*." *City Solutions, Inc. v. Clear Channel Commc'ns, Inc.*, 365 F.3d 835, 842 (9th Cir. 2004) (emphasis added) (applying California law; quoting *U.S. Golf Ass'n v. Arroyo Software Corp.*, 69 Cal. App. 4th 607, 618 (Cal. Ct. App. 1999)); *cf. Hollywood Screentest*, 151 Cal. App. 4th at 650 (setting forth, in 2007, the elements of common law misappropriation of "ideas"). Similarly, unfair competition claims are not coextensive with trade secrets claims. *See, e.g.*, *Postx Corp. v. Secure Data in Motion, Inc.*, No. 02-04483, 2004 WL 2663518, at *3 (N.D. Cal. Nov. 20, 2004) (Illston, J.) (finding common law unfair competition claim not preempted by CUTSA where "the two claims are not based on precisely the same nucleus of facts"). The fact that Fusion Garage took *something of value* does not mean that it took TechCrunch's *trade secrets*.

The essence of TechCrunch's complaint is that Fusion Garage entered into a joint venture with TechCrunch to develop and bring the CrunchPad to market, but then breached its fiduciary duty to its joint venturer by unilaterally terminating the partnership, appropriating the opportunity that formed the basis of the partnership agreement, making fraudulent statements to induce TechCrunch to remain committed to the venture and continue dealing with Fusion Garage, and ultimately engaging in a false advertising campaign against TechCrunch to attempt to sanitize its own wrongdoing. Fusion Garage's motion sets up, then tries to knock down, a straw man very different from TechCrunch's actual claims.

**2. CUTSA Preempts Only Common Law *Trade Secret* Claims.**

First, CUTSA only preempts common law trade secret claims based on disclosure or misuse of *protectable trade secrets*, not other sorts of confidential information or business ideas or concepts.

*Phoenix Techs. Ltd. v. DeviceVM*, No. 09-4697, 2009 U.S. Dist. LEXIS 114996, at *10-11 (N.D. Cal. Dec. 8, 2009) (Wilken, J.), citing *First Advantage Background Servs. Corp. v. Private Eyes, Inc.*, 569 F. Supp. 2d 929, 942 (N.D. Cal. 2008) (Conti, J.); *Think Village-Kiwi, LLC v. Adobe Sys. Inc.*, No. 08-04166, 2009 U.S. Dist. LEXIS 32450, at *5-8 (N.D. Cal. Apr. 1, 2009) (Illston, J.). In *Phoenix*, this Court found that CUTSA did not preempt tort and unfair competition claims based on "proprietary information" as opposed to trade secrets. *Id.* In *Think Village-Kiwi*, this Court held, on a motion to amend, that amendment of claims for misappropriation and breach of confidence was not futile because plaintiff could allege that the information in question was not based on a trade secret. 2009 U.S. Dist. LEXIS 32450, at *5-8. The court found that "defendants' current argument – that the 'trade secret' allegations are preempted by CUTSA – contradicts their primary defense that TVK's information does not constitute 'trade secrets.'" *Id.* at *6. The Court then noted that cases finding preemption only did so when "the proponent of the common law claim either alleged common law trade secrets misappropriation or had a viable claim under CUTSA." *Id.* at *8. The Court found "no authority holding that CUTSA preempts common law claims even if the confidential information is a protectible interest other than a trade secret." *Id.* Here, TechCrunch has no trade secret claim and asserts no trade secrets. There can be no preemption.

When courts find that CUTSA preempts claims, those claims rested upon the same common nucleus of operative facts as claims for misappropriation of trade secrets. *See*, *e.g.*, *Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc.*, 318 F. Supp. 2d 216, 220 (D. Del. 2004) (applying California law) ("The issue is whether [the claim] merely restates the operative facts that plainly and exclusively spell out only trade secrets misappropriation") (internal quotation marks omitted); *Digital Envoy, Inc. v. Google, Inc.*, 370 F. Supp. 2d 1025, 1035 (N.D. Cal. 2005) (Seeborg, J.). CUTSA preemption applies to common law trade secret claims. Cal. Civ. Code § 3426.7 (b)(2). Because TechCrunch does not allege trade secret misappropriation at all, there can be no "common nucleus of operative facts." In this case, no preemption analysis is warranted – or, indeed, possible. TechCrunch does not allege the existence or misappropriation of trade secrets by Fusion Garage.

That is what sets this case apart from the cases Fusion Garage cites in its motion. Playing fast and loose with its quotations, Fusion Garage systematically distorts the meaning of the statute

and the case law to insinuate that CUTSA preemption is not, in fact, limited to trade secret claims. Fusion Garage mischaracterizes or selectively quotes the cases it cites to support its preemption theory; each explicitly decides a question of CUTSA preemption where the plaintiff's claims overlapped with an explicit trade secret claim. *See, e.g., Cadence Design Sys., Inc. v. Avant! Corp.*, 29 Cal. 4th 215, 222 (2002); *Accuimage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 953-54 (N.D. Cal. 2003) (Patel, J.) (applying "concepts of statutory interpretation to determine whether the UTSA preempts common law misappropriation *of trade secrets claims*") (emphasis added); *Digital Envoy*, 370 F. Supp. 2d at 1035 (UTSA preemption of "claims which are based on *trade secret misappropriation*" is logical because the UTSA "explicitly states that … other claims that are not based on *trade secret misappropriation* are not preempted") (emphases added); *AirDefense, Inc. v. AirTight Networks*, No. 05-04615, 2006 WL 2092053 (N.D. Cal. 2006) (Fogel, J.) (same, and also designated NOT FOR CITATION, thus cited by Fusion Garage in violation of Civil L.R. 3-4(e)). There is no allegation in any of TechCrunch's claims to suggest that they are based on facts that do, or could, comprise a trade secrets claim.

### D. Fusion Garage Violated the Court's Expedited Discovery Order.

Aside from lacking merit, Fusion Garage's motion for protective order evidences its violation of this Court's January 7, 2010, order granting expedited discovery and stakes out a position opposite to what has already become law of the case. In the January order, the Court stated:

> Defendant Fusion Garage … takes specific issue with… the claim for misappropriation of business ideas… and notes that such a claim … would be preempted by [CUTSA]. And a [CUTSA] claim requires a plaintiff to identify with particularity, the trade secrets at issue, which has not occurred here.

Order at 3. The Court rejected Fusion Garage's argument. It concluded that "the administration of justice outweighs the prejudice to the responding party" and specifically ordered that "Fusion Garage shall serve responses to interrogatories and document requests" – even going so far as to note that "inasmuch as some documents may be located abroad, the 'logistical inconvenience' may be overcome." *Id*. at 3-4. The Court already has found good cause for the discovery at issue and has rejected Fusion Garage's CUTSA arguments.

A primary purpose of TechCrunch's expedited discovery was (as the Court noted) to "allow plaintiff to determine whether to seek an early injunction." Even without Fusion Garage's discovery responses, TechCrunch was able to obtain enough information through subpoenas and public sources to file its motion for preliminary injunction on February 22. Dkt. 26. But TechCrunch still has been prejudiced by Fusion Garage's obstinate refusal to comply with the plain language of the Court's Expedited Discovery Order.

Under Federal Rule of Civil Procedure 37 (b)(2), the Court "may issue further just orders" to address a situation where a party has failed to obey a discovery order. Such "just orders" may include orders "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; ... prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; [and] striking pleadings in whole or in part." Fed. R. Civ. P. 37 (b)(2)(A)(i)-(iii). Here, in addition to ordinary discovery remedies, Fusion Garage should be barred from presenting or relying upon any evidence not already produced in responding to TechCrunch's pending motion for preliminary injunction. At this time, TechCrunch does not bring a motion for sanctions under Rule 37. *See* Local Civil Rule 7-8. But the Court would be well within its inherent powers to (1) bar Fusion Garage from presenting any evidence not already produced in response to TechCrunch's motion for preliminary injunction or (2) recommend to Judge Ware that the Court impose the constructive trust requested in TechCrunch's pending motion for preliminary injunction without further briefing, freezing Fusion Garage's JooJoo-related funds until this case is resolved.

**IV.  CONCLUSION**

Despite Fusion Garage's assertions, this is not a trade secret case, and Fusion Garage's demand for a list of trade secrets is dilatory. The demand comes *after* it failed to comply with the Court's expedited discovery order, an order Fusion Garage now tries to re-litigate. TechCrunch's

//
//
//
//

discovery seeks relevant information. The Court should deny Fusion Garage's motion and should consider the evidentiary and constructive trust sanctions discussed above.

Respectfully submitted,

Dated: February 23, 2010

WINSTON & STRAWN LLP

By: /s/
Andrew P. Bridges
David S. Bloch
Matthew A. Scherb

Attorneys for Plaintiffs

SF:274248.12