1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      Claude M. Stern (Bar No. 96737)
2      claudestern@quinnemanuel.com
      Patrick Doolittle (Bar No. 203659)
3      patrickdoolittle@quinnemanuel.com
   50 California Street, 22nd Floor
4  San Francisco, California  94111
   Telephone:    (415) 875-6600
5  Facsimile:    (415) 875-6700

6  Attorneys for Defendant Fusion Garage PTE. Ltd

7

8                      UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

10

11  INTERSERVE, INC. dba TECHCRUNCH, a          CASE NO. 09-cv-5812 JW
    Delaware corporation, and CRUNCHPAD,
12  INC., a Delaware corporation,

13              Plaintiffs,                     **REPLY IN SUPPORT OF FUSION
                                                GARAGE'S MOTION FOR
14         vs.                                  PROTECTIVE ORDER**

15  FUSION GARAGE PTE. LTD, a Singapore         Date:   March 16, 2010
    company,                                    Time:   10:00 a.m.
16                                              Judge:  Hon. Patricia V. Trumbull
                Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

*Introduction*

Plaintiffs' opposition to Fusion Garage's Motion for a Protective Order provides no cogent reason for why Fusion Garage should be required to produce its source code, software design, and other proprietary information in this litigation.   The only reason plaintiffs would be seeking this information is if they are using their current non-viable claims as a stalking horse by which to acquire Fusion Garage's confidential information and then claim such information as plaintiffs' own trade secrets.   The Court should not countenance this strategy.

Plaintiffs assert that they seek Fusion Garage's confidential information because the parties were members of a "partnership" or "joint venture."   They cite no authority to support their argument that vague partnership allegations entitle a plaintiff to root around in a defendant's proprietary information.   Moreover, plaintiffs have objected to producing any discovery regarding the alleged partnership or joint venture, claiming such information and documents are *irrelevant* and privileged.   This double-standard merely accentuates how plaintiffs have no basis to obtain the discovery they seek.   A plaintiff cannot use a vague partnership allegation as a vehicle to obtain all of its opponent's sensitive and proprietary data – particularly when the plaintiff stymies the defendant's own legitimate efforts to take discovery on the allegation.

Plaintiffs also assert that the Court already "rubber stamped" their discovery requests in the Court's January 7, 2010 order and that Fusion Garage should have turned over its confidential information to plaintiffs in accordance with that order.[1]   The January 7, 2010 order merely addressed the *timing* of discovery and did not suggest that plaintiffs are automatically entitled to any and all discovery irrespective of Fusion Garage's objections (including privilege objections). Indeed, plaintiffs' argument is untenable because they, in turn, have refused to produce discovery in response to Fusion Garage's discovery requests on the core issues in the case.   Plaintiffs cannot credibly argue that the January 7, 2010 order created a one-sided discovery protocol.

Finally, plaintiffs' litigation conduct shows that they have embarked on a strategy to strangle Fusion Garage's business, not to seek legal redress based on viable claims.   Plaintiffs recently filed a motion for preliminary injunction that asks the District Court to impound Fusion

---

[1]   Fusion Garage served timely written responses and objections to plaintiffs' discovery.

1   Garage's financial accounts, not to stop any alleged misappropriation.   The relief plaintiffs seek in

2   that motion indicates that they are using this litigation to disrupt Fusion Garage's business and

3   cash flow, not to protect their own intellectual property, "business ideas," or legal rights.

4        For all these reasons, the Court should grant Fusion Garage's motion for a protective order

5   to prevent plaintiffs from discovering confidential technical information about the JooJoo,

6   including the JooJoo's source code, software specifications and other proprietary information,

7   unless and until plaintiffs identify the subject matter of their misappropriation claim with

8   particularity.

9                                  *Argument*

10  **I.    PLAINTIFFS HAVE NO VIABLE REASON FOR SEEKING FUSION GARAGE'S TECHNICAL INFORMATION UNDER THE CURRENT CLAIMS.**

11

12        Plaintiffs are currently asserting claims for breach of fiduciary duty, misappropriation of

13   business ideas, fraud, and false advertising.   No technical information regarding the JooJoo (and

14   certainly not its source code or software) is relevant to these claims.

15        For example, the JooJoo's source code has nothing to do with whether the parties had a

16   fiduciary relationship during the time of their alleged collaboration.   Similarly, the JooJoo's

17   software is irrelevant to plaintiffs' made-up claim for misappropriation of business ideas:

18   nowhere do plaintiffs allege that anything more than broad-brush "ideas" are the subject of that

19   claim.[2]   And plaintiffs do not contend that Fusion Garage made any false statements or issued any

20   false advertisements regarding the functionality, source code, or software of the JooJoo – making

21   the discovery at issue here irrelevant to those claims as well.   Finally, plaintiffs' unfair

22   competition claim under Cal. Bus. & Prof Code §§ 17200 and 17500 is just a re-hashing of their

23

24   [2]   Nothing in this motion should be taken as an admission that "misappropriation of business ideas" is even a valid tort.   Plaintiff's Opposition Brief cites *Hollywood Screentest of Am., Inc. v.*

25   *NBC Univ., Inc.*, 151 Cal. Cal. App. 4th 631, 650 (2007) for the proposition that "misappropriation of business ideas is a valid and independent tort in California."   (Opp. Br. at 3 n. 2).   Yet

26   *Hollywood Screentest* rejected plaintiff's misappropriation claim on other grounds and declined to reach defendant's argument that misappropriation of business ideas was a facially invalid tort.

27   *See Hollywood Screentest*, 151 Cal. App. 5th at 650 n. 10 ("NBC argues in the alternative that this cause of action fails because, under *Desny*, supra, 46 Cal.2d at pages 731-732, 299 P.2d 257, ideas

28   are not considered property. Because we find that the negation of the element of use disposes of this cause of action, we do not address the parties' debate on this issue.").

1 previous claims and thus does not relate to source code or other technical information regarding

2 the JooJoo.

3      Moreover, plaintiffs' assertion that the discovery they seek "is essential to establish an

4 accurate timeline and provide evidence supporting the true story," Opp., 4, is untenable.

5 Information like source code does not establish timelines.

6      As discussed in Fusion Garage's Opening Brief, plaintiffs' broad discovery requests

7 constitute an obvious attempt to obtain Fusion Garage's confidential technical information for an

8 improper purpose – either to use that information or to claim it as their own.   Section 2019.210

9 prohibits such abuses of the discovery process.   Section 2019.210; *Perlan Therapeutics, Inc. v.*

10 *Super. Ct. (Nexbio)*, 178 Cal. App. 4th 1333, 1343 (2009) (discussing the various purposes of

11 Section 2019.210, including "preventing plaintiffs from using the discovery process as a means to

12 obtain the defendant's trade secrets").   Accordingly, Fusion Garage's Motion for a Protective

13 Order should be granted.

14      **A.**     **Plaintiffs' Argument About the "Inapplicability" of Section 2019.210 Fails**

15      Plaintiffs' argument that Section 2019.210 does not apply because they have not labeled

16 their misappropriation claim as a "misappropriation of trade secrets under the CUTSA" is a red

17 herring.   Opp., 4.   Plaintiffs do not disavow an intention to bring a trade secrets claim after

18 obtaining Fusion Garage's discovery.   Moreover, if plaintiffs are not asserting a trade secrets

19 claim, there is no reason for them to be seeking Fusion Garage's trade secrets and confidential

20 information.   Accordingly, plaintiffs' reliance on two securities securities cases, *In re Initial*

21 *Public Offering Securities Litig*., 241 F. Supp. 2d 281 (S.D.N.Y. 2003), and *In re Philip Servcs.*

22 *Corp. Sec. Litig.*, 383 F. Supp. 2d 463 (S.D.N.Y. 2004), for the proposition that Fusion Garage

23 must "address the complaint as it is" is a non-sequitur.   Re-labeling a claim to avoid Section

24 2019.210 violates the letter and spirit of Section 2019.210.   *Perlan Therapeutics,* 178 Cal. App.

25 4th at 1343.

26      **B.**     **Plaintiffs' Preemption Argument Fails**

27      Plaintiffs' related argument that their misappropriation claim is not preempted is similarly

28 misguided.   Plaintiffs argue that common law misappropriation claims can be invoked to protect

something of value that is not otherwise a trade secret. Opp., p. 6. However, ideas are not property under California law, so this argument fails. *Desny v. Wilder*, 46 Cal.2d 715, 732 (1956). Plaintiffs cite *Phoenix Techs. Ltd. v. Device VM*, 2009 U.S. Dist. LEXIS 114996 (N.D. Cal. Dec. 8, 2009), for the proposition that an unfair competition claim based on "proprietary information" can avoid preemption. Opp., 7. The problem with this argument is that plaintiffs have not identified any confidential or proprietary information that they own.

Finally, plaintiffs suggest that Fusion Garage has mischaracterized preemption case law by failing to cite a case for the proposition that a "business ideas" claim is preempted. *See* Opp., 7-8. But there is no such thing as a "business ideas" claim. It defies credulity for plaintiffs to invent a new claim and then complain that Fusion Garage has not identified a case holding that the made-up claim is preempted.

## II. THE COURT'S JANUARY 7, 2010 ORDER ON EXPEDITED DISCOVERY DOES NOT ENTITLE PLAINTIFFS TO THE TECHNICAL INFORMATION AT ISSUE.

In their Opposition, plaintiffs argue that (1) the Court's January 7, 2010 Order allowing discovery to proceed on an expedited basis automatically entitles them to the technical information at issue here and (2) Fusion Garage's Motion violates that same Order. Opp., 8-9. Plaintiffs are clearly wrong.

This Court's January 7, 2010 Order permitted discovery to commence before the parties' Rule 26(f) conference. It did not grant plaintiffs the right to abuse the discovery process or bar Fusion Garage from raising objections to plaintiffs' attempts to do so. Moreover, the stated purpose for granting expedited discovery was to "allow plaintiff to determine whether to seek an early injunction" (Order, 4) – which the plaintiffs have now done. Nothing about the Order entitles plaintiffs to discovery that is unrelated to their claims.

## III. PLAINTIFFS CANNOT SEEK THE TECHNICAL INFORMATION AT ISSUE HERE WHILE FAILING TO PROVIDE FUSION GARAGE WITH ANY DISCOVERY ON THE ALLEGED "PARTNERSHIP" OR "JOINT VENTURE"

Finally, plaintiffs argue that Fusion Garage's source code and other technical, confidential information is relevant because plaintiffs have alleged that they were part of a partnership or joint

1   venture with Fusion Garage relating to the technology at issue.   Opp., 3-4.   But plaintiffs have

2   refused to provide discovery related to the alleged partnership or joint venture.   For instance,

3   Fusion Garage served a document request on Plaintiffs seeking "[a]ll documents supporting your

4   contention that Plaintiffs and Defendant entered into a partnership or joint venture."   Doolittle

5   Decl., Ex. A at 5.   Plaintiffs objected to this request on grounds of relevance, overbreadth, and

6   attorney-client privilege, and refused to produce any responsive documents.   *Id*., Ex. B at 3.

7   Fusion Garage also served interrogatories asking each Plaintiff to "[d]escribe with particularity all

8   facts supporting your contention that Plaintiff and Defendant entered into a partnership or joint

9   venture."   *Id*., Ex. C at 4; Ex. D at 4.   Again, both plaintiffs lodged a series of relevance,

10   overbreadth, and privilege objections – while refusing to provide any substantive response.   *Id*.,

11   Ex. E at 9; Ex. F at 9.   Simply stated, plaintiffs cannot seek highly confidential information based

12   on partnership allegations while simultaneously claiming that those allegations – and any

13   discovery related to them – are irrelevant.

14   **IV.**     **<u>PLAINTIFFS FAIL TO ADDRESS FUSION GARAGE'S INHERENT POWERS ARGUMENT.</u>**

15

16       Fusion Garage did not move for a protective order based solely Section 2019.210.   It also

17   moved for a protective order based on the Court's inherent power to control discovery.   Plaintiffs

    do not address this argument.   For the reasons stated in the opening brief, the Court should enter a

18   protective order to protect Fusion Garage from having to turn over its proprietary information until

19   plaintiffs identify with specificity what Fusion Garage allegedly misappropriated.

20

21                                          *Conclusion*

22       For the reasons stated above, Fusion Garage respectfully requests that the Court grant its

23   Motion for a Protective Order.

24

25

26

27

28

REPLY IN SUPPORT OF FUSION GARAGE'S MOTION FOR PROTECTIVE ORDER

1

2 DATED:   March 2, 2010                    QUINN EMANUEL URQUHART OLIVER &
                                           HEDGES, LLP
3

4
                                           By /s/ *Patrick C. Doolittle*
5                                             Patrick C. Doolittle

6                                             Attorneys for Defendant
                                              FUSION GARAGE PTE. LTD
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28