UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INTERSERVE, INC. DOING BUSINESS AS TECHCRUNCH AND CRUNCHPAD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> FUSION GARAGE PTE, LTD., <br><br> Defendant. | CASE NO. C 09-5812 RS (PVT) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT FUSION GARAGE'S MOTION TO COMPEL; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL** <br><br> **[Docket Nos. 47, 53]** |

Defendant Fusion Garage PTE, Ltd. moves to compel further production of documents. ("defendant" or "FG"). Plaintiffs Interserve, Inc. doing business as TechCrunch and CrunchPad, Inc. oppose the motion. (collectively "plaintiffs" or "TechCrunch"). Additionally, plaintiffs move to compel further production of documents. Defendant FG opposes the motion.

Pursuant to Civil Local Rule 7-1(b), the motions are taken under submission and the hearing scheduled to be held on April 12, 2010 at 2PM is vacated. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that defendant FG's motion to compel further production of

ORDER, *page 1*

documents is granted in part and denied in part.[1]

On January 8, 2010, defendant FG served its first request for production of documents. Declaration of Patrick Doolittle in Support of Motion to Compel, ¶ 2, Exh. A. ("Doolittle Decl."). In the responses and supplemental responses to the various document requests, plaintiffs stated, *inter alia,* that "[p]laintiffs will produce non-privileged responsive documents, if any, within Plaintiffs' possession, custody, or control that Plaintiffs located after a reasonable and diligent search." Only in response to document request no. 3 do plaintiffs state that "[t]here are no other documents responsive to this request." Doolittle Decl., ¶ 6, Exh. D.

Plaintiffs state that they expect "to produce all agreed-upon documents for which the custodian is Michael Arrington, TechCrunch's founder and point person for the CrunchPad project, and TechCrunch's Rule 30(b)(6) designee, by Tuesday, April 6, 2010." Plaintiffs' Opposition to Defendant's Motion to Compel Production at 1. ("Opp."). Plaintiffs further state that "[i]t will continue to process the remaining documents in a rolling fashion on a custodian-by-custodian basis." *Id.*

To date, plaintiffs have produced approximately 3,830 pages of documents. *See* Fusion Garage's Motion to Compel at 1; Reply Brief in Support of Fusion Garage's Motion to Compel at 1. ("Reply"). Defendant FG seeks further production of responsive documents or in the alternative, assurances that there are no additional responsive documents. Reply at 1.

Accordingly, plaintiffs shall produce documents responsive to document request nos. 1, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 16, 17, 18, 19, 20, 21 and 22 no later than April 30, 2010. Alternatively, plaintiffs may confirm whether all responsive documents have been produced. Defendant FG's motion to compel further production of documents responsive to document request no. 3 is denied as moot.

IT IS FURTHER ORDERED that plaintiffs' motion is granted in part and denied in part.

On February 5, 2010, defendant FG served its responses to plaintiffs' first set of requests for production of documents. Declaration of David S. Bloch in Support of Plaintiffs' Motion to

---

[1] The holdings of this court are limited to the facts and particular circumstances underlying the present motions.

1  Compel, ¶ 2, Exh. A. ("Bloch Decl."). To date, plaintiffs allege defendant FG has produced 50
2  pages of documents. Plaintiffs' Motion to Compel at 2. ("Mot.").

3  As an initial matter, defendant FG states that in light of the pending motion for protective
4  order under submission, "the parties 'tabled' discussions regarding many of plaintiffs' document
5  requests during meet and confer discussions." Fusion Garage's Opposition to Plaintiffs' Motion to
6  Compel at 1. ("Opp."). Defendant FG also states that an additional 900 pages of documents were
7  produced this week. *Id.* And "Fusion Garage is continuing to process and produce additional
8  documents (not affected by the pending protective order motion) as quickly as possible." *Id.*

9  Defendant FG shall (continue to) produce documents that do not implicate its trade secrets or
10 other technical information no later than April 30, 2010. Production of documents related to trade
11 secrets or other technical information is denied pending a ruling on defendant FG's motion for
12 protective order.

13 IT IS SO ORDERED.

14 Dated: April 9, 2010

15 *Patricia V. Trumbull*
   _____
16 PATRICIA V. TRUMBULL
   United States Magistrate Judge

ORDER, *page 3*