UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INTERSERVE, INC. DBA TECHCRUNCH, ET AL., <br><br> Plaintiffs, <br> v. <br><br> FUSION GARAGE PTE, LTD., <br><br> Defendant. | Case No. C 09-05812 JW (PVT) <br><br> **ORDER GRANTING DEFENDANT FUSION GARAGE'S MOTION FOR PROTECTIVE ORDER** <br><br> **[Docket No. 23]** |

**INTRODUCTION**

Defendant Fusion Garage PTE Ltd. moves for a protective order pending plaintiffs' identification of its allegedly misappropriated trade secrets pursuant to California Code of Civil Procedure Section 2019.210 and Federal Rule of Civil Procedure 26(c). ("defendant" or "FG"). Plaintiffs Interserve, Inc. doing business as TechCrunch and CrunchPad, Inc. oppose the motion. (collectively "plaintiffs" or "TechCrunch"). On March 16, 2010, the parties appeared for hearing.[1] Having reviewed the papers and considered the arguments of counsel, defendant FG's

---

[1] Transcript of Proceedings Before the Honorable Patricia V. Trumbull United States Magistrate Judge on March 16, 2010. ("Tr.").

motion for protective order is granted.[2]

## BACKGROUND[3]

Plaintiff TechCrunch previously moved for expedited discovery. *See* Order Granting in Part and Denying in Part Plaintiff Interserve, Inc.'s Motion for Expedited Discovery dated January 7, 2010. ("January 7, 2010 Order"). (Docket No. 19). In the January 7, 2010 Order, defendant FG was ordered to serve responses to interrogatories and document requests propounded by plaintiff TechCrunch within 30 days of the date of the order. January 7, 2010 Order at 4. On February 5, 2010 (one day before its discovery responses would have been served), defendant FG moved for protective order of its intellectual property and trade secrets. Fusion Garage's Motion for Protective Order Pending Plaintiffs' Identification of its Allegedly Misappropriated Trade Secrets. ("Mot."). (Docket No. 23). *See also,* Tr. 4:7-11.

In the complaint, plaintiffs allege claims for misappropriation of business ideas, false advertising, breach of fiduciary duty, and fraud. Defendant FG disputes the legitimacy of the misappropriation claim and contends that it is merely a "placeholder" for a later trade secrets action. Indeed, defendant FG argues that the various discovery requests themselves reflect plaintiffs' actual intent to prosecute a misappropriation of trade secrets claim. In support of its position, defendant FG points out that plaintiffs have sought production of source code, design and development documents, documents concerning intellectual property, and other technical information. Because plaintiffs are prosecuting a thinly-veiled misappropriation of trade secrets claim, defendant FG argues they should be required to comply with the specific rules governing discovery for such a claim. *See* California Code of Civil Procedure Section 2019.210 ("before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity"). Failing their compliance with California Code of Civil Procedure Section 2019.210, defendant FG argues that there is no basis whatsoever for plaintiffs to be served with any of the above-specified discovery.

---

[2] The holding of this court is limited to the particular facts and circumstances underlying the present motion.

[3] The background facts were recounted in a prior order and will not be repeated here. *See, e.g.,* January 7, 2010 Order.

Plaintiff TechCrunch states that it has not alleged trade secret misappropriation, and therefore, California Code of Civil Procedure Section 2019.210 does not apply. Plaintiffs' Opposition to Defendant Fusion Garage's Motion for Protective Order at 3-4. ("Opp.") ("Fusion Garage must address the complaint as it is, not as Fusion Garage would like it to be.").

## LEGAL STANDARD

Upon a showing of good cause, a court may issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). The order may include one or more of the following:

(A)  forbidding the disclosure or discovery;

(B)  specifying terms, including time and place for the disclosure or discovery;

(C)  prescribing a discovery method other than the one selected by the party seeking discovery;

(D)  forbidding inquiry into certain matters, or limiting the scope of disclosure;

(E)  designating the persons who may be present while the discovery is conducted;

(F)  requiring that a deposition be sealed and opened only on court order;

(G)  requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

(H)  requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

*Id.*

## DISCUSSION

### I.  Claim for Misappropriation of Business Ideas[4]

Plaintiff TechCrunch argues that misappropriation of business ideas is a valid and independent tort in California. Opp. at 3, fn.2. In support of that position, plaintiff TechCrunch cites to several cases, including *Hollywood Screentest of America, Inc, et al. v. NBC Universal, Inc.,* 151 Cal.App. 4th 631, 60 Cal Rptr. 3d 279, (2007) and *ThinkVillage-Kiwi, LLC v. Adobe*

---

[4] Defendant FG has moved, *inter alia,* to dismiss the complaint pursuant to Rule 12(b)(6), Rule 12(b)(1) and 9(b) and that hearing (along with plaintiffs' motion for preliminary injunction) is scheduled to be heard on May 6, 2010. *See* Order Granting Fusion Garage's Motion for Administrative Relief or, in the Alternative, Motion to Change Time, as Modified by the Court dated April 1, 2010. ("April 1, 2010 Order"). (Docket No. 45).

*Systems, Inc., et al.,* 2009 WL 902337 (N.D. Cal.).

In *Hollywood Screentest of America, Inc, et al. v. NBC Universal, Inc.,* 151 Cal.App. 4th 631, 650, 60 Cal Rptr. 3d 279, 293 (2007), the court set forth the following elements for common law misappropriation: "'(1) the plaintiff has made a substantial investment of time, effort and money into creating the thing misappropriated, such that the court can characterize the 'thing' as a kind of property right; (2) the defendant has appropriated the 'thing' at little or no cost, such that the court can characterize defendant's actions as 'reaping where it has not sown;' and (3) the defendant 'has injured plaintiff by the misappropriation.'"

Plaintiffs argue that the above-mentioned case supports a cause of action for common law misappropriation and "indicates there is no tension between the California Uniform Trade Secrets Act and California's common law tort for misappropriation of business ideas." Tr. 10:22-25; 11:1-4. In response, defendant Fusion Garage contends that footnote 10 makes the holding "unfavorable" to plaintiffs. Tr. 28:1-3. The footnote states in pertinent part:

> NBC argues in the alternative that this cause of action fails because, under *Desny*, *supra*, 46 Cal.2d at pages 731-732, 299 P.2d 257, ideas are not considered property. Because we find negation of the element of use disposes of this cause of action, we do not address the parties debate on this issue, nor do we address any of NBC's other alternative arguments as to why appellant's causes of action fail.

The views by the parties of the above-mentioned case are more expansive than the ruling itself. In *Hollywood Screentest,* plaintiffs alleged that a television studio had misappropriated their ideas for a reality-based television show. Based on undisputed evidence of independent creation, the court found no evidence that the television studio had used plaintiffs' ideas. The ruling does not go so far as to find a lack of tension between CUTSA and common law misappropriation. Additionally, plaintiffs there were not seeking to discover defendant's trade secrets. Lastly, footnote 10 does not strike the common law misappropriation claim. Rather, the court determined that since an element had been negated on other grounds, it need not reach the other arguments made by defendant, including the failure of the cause of action under *Desny*. In other words, the court did not determine whether defendant NBC's challenge that the claim fails under *Desny* was a valid one.

plaintiff alleged a claim for misappropriation of trade secrets and then sought to amend the complaint to add a cause of action for common law misappropriation pursuant to Federal Rule of Civil Procedure 15(a). The court found that the common law misappropriation claim was not preempted by the California Uniform Trade Secrets Act (CUTSA) because defendants disputed whether plaintiff's information constituted "trade secrets." *Id.* at *2. Relying on the approach in *First Advantage,* the court ruled that "plaintiff may amend its complaint to add common law claims for misappropriation and breach of confidence; these claims will not survive if plaintiff successfully argues that the information in question is a trade secret." *Id.* The court further stated that it had found "no authority holding that CUTSA preempts common law claims even if the confidential information is a protectible interest other than a trade secret."[5] *Id.* at *3.

For purposes of this motion, the court finds that plaintiffs' claim for misappropriation of business ideas is not preempted by the California Uniform Trade Secrets Act and is a valid claim. Nevertheless, the court finds the use of Section 2019(d) procedures for a misappropriation of business ideas claim will serve the same beneficial functions they do in trade secret cases. As a matter of case management, this court generally requires a party claiming misappropriation of trade secrets to adequately identify those trade secrets before conducting discovery into its opponents' proprietary information. At least one court has taken the position that Section 2019(d) of the California Code of Civil Procedure is directly applicable to actions in federal court under the Erie Doctrine. *See Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F.Supp.2nd 980 (S.D. Cal. 1999). However, because this court finds it appropriate to require identification of trade secrets as a case management tool, it is unnecessary to address the question under the Erie Doctrine. Accordingly, plaintiffs shall comply with California Code of Civil Procedure Section 2019.210.

---

[5] In other cases cited by defendants, the court found that "[o]ther courts [had] determined that CUTSA preempts common law claims that are based on the 'same nucleus of fact' as trade secret misappropriation." *Id.* at *3. "[H]owever, the proponent of the common law claim either alleged common law trade secret misappropriation, or had a viable claim under CUTSA." *Id.* Here, plaintiffs have not alleged either common law trade secret misappropriation or a viable claim under CUTSA.

**II.     Relevance and Necessity**

Notwithstanding the above, plaintiffs must establish that source code sought from defendant Fusion Garage is relevant and necessary. "A trade secret must and should be disclosed where upon a proper showing it is made to appear that such disclosure is relevant and necessary to the proper presentation of a plaintiff's or defendant's case." *Hartley Pen Co. v. U.S. District Court,* 287 F.2d 324, 328 (9th Cir. 1961). *See also, Viacom Intl. v. YouTube, Inc.,* 253 F.R.D. 256 (S.D.N.Y. 2008)(mere speculation insufficient to warrant production of source code).

More than providing the public battlecry for a "dead simple web tablet," plaintiffs allege that the parties engaged in an 18-month collaboration that involved their sharing offices and personnel, exchanging ideas locally and overseas, and lending expertise from certain Silicon Valley luminaries. *See, e.g.,* Tr. 22:17-20. ("the facts unequivocally show a close and umbilical partnership between Fusion Garage on the one hand and TechCrunch and Crunch Pad on the other."). Plaintiffs allege that "we put [Fusion Garage] on the map[,] we created this idea[,] we drove it forward[,] and then at the very last moment five days before the product was to launch, Fusion Garage says we are not doing business with you any longer." Tr. 13:12-17. On November 17, Fusion Garage terminated the CrunchPad project with TechCrunch and on December 7, 2009, Fusion Garage announced the release of its own web tablet named the JooJoo. Plaintiffs argue that the source code is relevant to timing. Tr. 14:11-25. They suggest that it is doubtful that defendant Fusion Garage would have been able to develop source code for its new product in the span of three weeks. As such, plaintiffs argue that metadata from the source code may show when the code was written and by whom. Tr. 16:13-16. Plaintiffs allege that any assertions to the contrary are false and that the metadata from the source code also relates to their fraud claim. Tr. 14:24-25; 15:1-13.

Defendant Fusion Garage does not dispute that metadata from the source code may be relevant to timing. Re. 6:15-24 ("And the only basis that I can see in their opposition for why they're seeking that information is they want our code so they can develop a time line . . It doesn't make any sense because you don't develop a time line off of source code.").

Plaintiffs' fraud claim is based in part on the allegation that defendant FG

ORDER, *page 6*

misappropriated their business ideas. Accordingly, plaintiffs shall identify their business ideas in advance of obtaining any discovery related to defendant FG's source code.

**CONCLUSION**

For the foregoing reasons, defendant FG's motion is granted. The protective order shall apply to defendant FG's source code and other highly proprietary information only. *See, e.g.,* Request for Production Nos. 13, 15, 20, 24, 33, 38 and 46. Defendant FG shall respond and produce all other responsive discovery pursuant to the January 7, 2010 Order.

Plaintiffs shall identify the ideas that have been misappropriated no later than April 23, 2010.

IT IS SO ORDERED.

Dated: April 9, 2010

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge