UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INTERSERVE, INC. DBA TECHCRUNCH, ET AL.,<br><br>    Plaintiffs,<br>v.<br><br>FUSION GARAGE PTE LTD.,<br><br>    Defendant. | Case No.: C-09-05812 RS (PVT)<br><br>**ORDER GRANTING PLAINTIFF INTERSERVE, INC.'S MOTION TO ENFORCE SUBPOENA TO NON-PARTY MCGRATH/POWER PUBLIC RELATIONS**<br><br>**[Docket No. 53]** |

Plaintiffs Interserve, Inc. doing business as TechCrunch and CrunchPad, Inc. move to enforce a subpoena to non-party McGrath/Powers Public Relations. (collectively "plaintiffs" or "TechCrunch"). Non-party McGrath/Powers Public Relations opposes the motion in part. ("McGrath Power"). Pursuant to Civ. L.R. 7-1(1)(b), the motion is taken under submission and the hearing scheduled to be held on May 11, 2010 is vacated. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that plaintiffs' motion to enforce the subpoena is granted.[1]

Plaintiffs served a subpoena on non-party McGrath Power on January 7, 2010. Plaintiffs' Motion (1) to Compel Defendant's Production; and (2) to Enforce Subpoena to McGrath Power

---

[1] The holding of this court is limited to the facts and particular circumstances underlying the present motion.

at 2. ("Mot."). Defendant Fusion Garage PTE Ltd. engaged non-party McGrath Powers to be its public relations firm. The subpoena seeks three categories of documents: (1) documents concerning Fusion Garage and its personnel from late 2008 to the present; (2) documents concerning TechCrunch and the CrunchPad project; and (3) documents concerning publicity, marketing, and communications about Fusion Garage's tablet computer. Mot. at 4. To date, non-party McGrath Power has not produced any responsive documents. *Id.*

Plaintiffs state that non-party McGrath Power had previously represented that it would produce responsive documents once the court had entered a stipulated protective order. Mot. at 3. The court entered a stipulated protective order on March 11, 2010. *Id. See* Docket No. 35. Nevertheless, plaintiffs complain that non-party McGrath Power has yet to produce any responsive documents. *Id.*

Non-party McGrath Power states that the motion is "for all intents and purposes, moot." Opposition to Plaintiffs' Motion to Enforce Subpoena to McGrath Power at 1. ("Opp."). "McGrath plans to produce virtually all responsive, non-privileged documents prior to May 11, 2010- the scheduled hearing date for Plaintiffs' motion." *Id.* However, non-party McGrath Power resists producing "internal private financial documents that might technically be deemed responsive because they mention McGrath's clients (like Defendant Fusion Garage PTE Ltd.)." *Id.* Non-party McGrath Power argues that plaintiffs have not shown how such sensitive documents might be relevant and that "the parties [have] never formally met and conferred regarding McGrath's objections to producing financial information." *Id.*

Rule 45 authorizes issuance of a subpoena to command a nonparty to produce designated documents, electronically stored information, or tangible things in its possession, custody or control. Fed. R. Civ. P. 45(a)(1)(A)(iii). "[T]he scope of discovery through subpoena is the same as that applicable to Rule 34 and the other discovery rules." Advisory Committee Notes (1970). Rule 34 states that "[a] party may serve on any other party a request within the scope of Rule 26(b)." Fed. R. Civ. P. 34(a). Rule 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at the trial if the discovery appears

reasonably calculated to lead to the discovery of admissible evidence." *Id.* Notwithstanding the above, discovery is subject to certain limitations and is not without "ultimate and necessary boundaries." *Gonzales v. Google, Inc.,* 234 F.R.D. 674, 680 (N.D. Ca. 2006) (citing *Pacific Gas and Elec., Co. v. Lynch,* 2002 WL 32812098, at *1 (N.D. Cal. August 19, 2002).

Under Rule 26, a court must limit the frequency or extent of discovery if it determines any of the following:

 (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

 (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

 (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(i), (ii) and (iii).

A nonparty commanded to produce documents and tangible things may serve objections to any of the documents or materials sought. Fed. R. Civ. P. 45(c)(2)(B). "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a [nonparty] subject to a subpoena." Fed. R. Civ. P. 45(c)(1). "Rule 26(c) and Rule 45(c)(3) give ample discretion to district courts to quash or modify subpoenas causing 'undue burden.'" *Exxon Shipping Co. v. U.S. Dept. of Interior, et al.,* 34 F.3d 774, , 779 (9th Cir. 1994).

A nonparty withholding subpoenaed information on the grounds of privilege or otherwise subject to protection must serve a privilege log describing the nature of the documents withheld so that the other parties may assess the privilege or protection claimed. Fed. R. Civ. P. 45(d)(2)(A)(ii).

Non-party McGrath Powers states that it will produce all responsive documents (except for certain sensitive financial documents) prior to the scheduled May 11, 2010 hearing. It has made no claim of undue burden or expense. Plaintiffs served the subpoena on January 7, 2010. Therefore, non-party McGrath Powers has had nearly three months to produce responsive

documents. Accordingly, non-party McGrath Powers shall promptly produce all responsive documents to the subpoena, including the internal private financial documents that reference defendant Fusion Garage. The court entered a stipulated protective order on March 11, 2010 and the documents may be relevant to several of plaintiffs' alleged claims. Non-party McGrath Powers shall produce all responsive documents no later than May 5, 2010.

IT IS SO ORDERED.

Dated:   April 30, 2010

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28