1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Claude M. Stern (Bar No. 96737)
2    claudestern@quinnemanuel.com
     Patrick Doolittle (Bar No. 203659)
3    patrickdoolittle@quinnemanuel.com
   50 California Street, 22nd Floor
4  San Francisco, California 94111
   Telephone:    (415) 875-6600
5  Facsimile:    (415) 875-6700

6  Attorneys for Defendant Fusion Garage PTE Ltd.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                           SAN JOSE DIVISION

11 | INTERSERVE, INC. dba TECHCRUNCH, a Delaware corporation, and CRUNCHPAD, INC., a Delaware corporation, | CASE NO. C 09-cv-5812 JW (PVT) |
|---|---|
| Plaintiffs, | **FUSION GARAGE'S RENEWED MOTION FOR PROTECTIVE ORDER;** |
| vs. | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| FUSION GARAGE PTE LTD., a Singapore company, | [Redacted Pursuant to Stipulated Protective Order] |
| Defendant. | Date: June 8, 2010<br>Time: 10:00 a.m.<br>Judge: Hon. Patricia Trumbull |

## NOTICE OF MOTION AND MOTION

Please take notice that on June 8, 2010, at 10:00 a.m. in the Courtroom of the Honorable Patricia Trumbull of the United States District Court for the Northern District of California, San Jose Division, 280 South 1st Street, San Jose, California, 95113, Defendant Fusion Garage PTE Ltd. will, and hereby does, move for a protective order pursuant to California Code of Civil Procedure § 2019.210 and Federal Rule of Civil Procedure 26.

The basis for this motion is that Plaintiffs were ordered to identify their allegedly misappropriated business ideas as a condition to Fusion Garage producing its highly confidential and proprietary information. Plaintiffs did not comply with that order. They have described generalities, publicly-disclosed information, and information that is not an "idea" as their misappropriated information. Moreover, plaintiff's Statement of Misappropriated Business Ideas does not provide Fusion Garage with fair notice regarding the scope of discovery.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the pleadings in this action, the Declaration of Patrick Doolittle, and such other matters and argument as the Court may consider at the time of the hearing hereon.

## STATEMENT OF ISSUES (Civ. L. R. 7-4(a)(3))

1. Should Plaintiffs be required to comply with the Court's April 9, 2010 order and further identify the alleged trade secrets (or business ideas) or other confidential information that they allege Fusion Garage misappropriated before Fusion Garage is required to provide discovery of its confidential, proprietary, and trade secret information?

# TABLE OF CONTENTS

**Page**

*PRELIMINARY STATEMENT* ............................................................................................................. 1

*FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND* ................................................ 2

*ARGUMENT* ........................................................................................................................................ 10

I. THE COURT SHOULD ENTER A PROTECTIVE ORDER PURSUANT TO SECTION 2019.210 ............................................................................................................ 10

    A. The Requirements and Purposes of Section 2019.210 ............................................. 10

    B. Plaintiffs Should Be Able to Identify the Allegedly Misappropriated Information At Issue Here If Their Claim Was Filed in Good Faith ....................... 11

    C. Plaintiffs' Statement Does Not Comply With the Court's Order ............................. 12

    D. The Statement Lacks Foundation ............................................................................ 13

II. THE COURT SHOULD ENTER A PROTECTIVE ORDER PURSUANT TO RULE 26 AND ITS INHERENT POWERS ..................................................................... 14

*CONCLUSION* .................................................................................................................................... 14

# TABLE OF AUTHORITIES

**Page**

## Cases

*Brescia v. Angelin*,
  172 Cal. App. 4th 133 (2009)......................................................................................11

*Computer Econ., Inc. v. Gartner Group*,
  50 F. Supp. 2d 980 (S.D. Cal. 1999)...........................................................................11

*Diodes, Inc. v. Franzen*,
  260 Cal. App. 2d 244 (1968)..................................................................................10, 11

*Jonathan Browning, Inc. v. Venetian Casino Resort, LLC*,
  No. 07-3983, 2007 WL 4532214 (N.D. Cal. Dec. 19, 2007)......................................12

*Neothermia Corp. v. Rubicor Med., Inc.*,
  345 F. Supp. 2d 1042 (N.D. Cal. 2004).....................................................................11

*Perlan Therapeutics, Inc. v. Super. Ct. (Nexbio)*,
  178 Cal. App. 4th 1333 (2009)..................................................................................11

## Statutes

Fed. R. Civ. P. 11 .................................................................................................................11

Fed. R. Civ. P. 26(c)(1)(G)..................................................................................................14

# MEMORANDUM OF POINTS AND AUTHORITIES

## *Preliminary Statement*

On April 9, 2010, the Court granted Fusion Garage PTE., Ltd.'s ("Fusion Garage") Motion for Protective Order and ordered Plaintiffs Interserve, Inc., dba TechCrunch ("TechCrunch") and CrunchPad, Inc. ("CP, Inc.") to identify their allegedly misappropriated "business ideas" as a condition to Fusion Garage producing its technical and other proprietary documents. On April 23, 2010, Plaintiffs served a Statement of Misappropriated Business Ideas ("the Statement"). That Statement does not comply with the Court's order. Fusion Garage thus renews its Motion for Protective Order to shield Fusion Garage's proprietary, highly confidential, and trade secret information until Plaintiffs comply. Moreover, the Statement is so broad and non-specific that it does not provide Fusion Garage with fair notice regarding the appropriate scope of discovery that Fusion Garage should be providing Plaintiffs in response to Plaintiffs' discovery requests.

Among the Statement's failings are the following:

- Plaintiffs have identified as misappropriated business ideas a variety of information that TechCrunch has previously disclosed in its blog posts *on the Internet*. Plaintiffs cannot claim that information disclosed in their Internet blog posts constitutes their "misappropriated ideas" or trade secrets that Fusion Garage could have misappropriated—such "ideas" were disclosed to the world.

- Plaintiffs have identified ████████████████████████████████████████ as a misappropriated business idea. This identification makes no sense. ████████████████████ ████████████████████████████████████.

- Plaintiffs have identified broad-brush topics that provide no specificity. For example, Plaintiffs' Statement identifies ████████████████████ ████████████ as a misappropriated business idea. Plaintiffs do not identify where within such broad descriptions lie the "misappropriated ideas" or what the misappropriated ideas are. Indeed, there are none. ████████████████████████████ ████████████████████.

- Plaintiffs have identified common concepts as their misappropriated ideas. For example, Plaintiffs have identified ███████████████████████████████████████████████████████████████████████████████████████████.

Plaintiffs' Statement violates both the letter and the spirit of the Court's order. They have identified nothing other than public information, broad generalities, and items that could not possibly be property that Fusion Garage misappropriated. The Court should not countenance this gamesmanship. It is improper for Plaintiffs to be seeking Fusion Garage's source code and proprietary information after disclosing, ████████████████████████████████.

Finally, Fusion Garage is not using this motion as a stall tactic. Fusion Garage has already produced over 33,000 pages of documents to comply with document requests not implicating Fusion Garage's technical and proprietary data. This volume of documents is approximately 5 to 6 times the volume of documents that Plaintiffs have produced. Before Fusion Garage is required to turn over its technical and highly confidential documents, however, Plaintiffs should identify <u>precisely</u> what they contend Fusion Garage misappropriated to delineate the scope of discovery. The Court should grant this renewed motion.

### *Factual Allegations and Procedural Background*

**Background.** Plaintiff TechCrunch is an Internet "blog" founded by blogger Michael Arrington. Mr. Arrington formed another company, Plaintiff CP, Inc. to acquire Fusion Garage. The parties were never able to come to terms on an acquisition and never signed a deal. Spurned and embarrassed that they have no product and could not consummate an acquisition, TechCrunch and Mr. Arrington filed this lawsuit to disrupt Fusion Garage's introduction of its product, the JooJoo, to the market. Plaintiffs have simultaneously engaged in a public relations campaign through the TechCrunch blog to derail Fusion Garage's business. Plaintiffs are focused on systematically publishing information about this lawsuit and Fusion Garage to try to tarnish and embarrass Fusion Garage and run it out of business.

Plaintiffs allege that Mr. Arrington posted on the Internet a "challenge to himself and the world" in July 2008 to develop a web tablet. TechCrunch now claims that it owns the ethereal "ideas" related to the web tablet. In fact, TechCrunch and Arrington made no contribution to Fusion Garage's product. They contributed no technology to Fusion Garage's product. In discovery, TechCrunch has disavowed any intellectual property infringement claim.

Plaintiffs allege that the parties were partners or joint venturers in connection with developing a web tablet product. However, Plaintiffs do not allege the existence of any partnership agreement, joint venture agreement, or any contract between the parties. In acquisition discussions, Plaintiffs proposed a Letter of Intent containing a limited "no shop" provision, under which Fusion Garage was free to shop itself to others if the parties did not consummate an acquisition within 60 days.

Nor have Plaintiffs explained what the terms of the supposed partnership were. Mr. Arrington has filed a declaration in support of preliminary injunction motion in which he claims the parties agreed to bear their own losses and expenses if the project was "not successful," but would share the profits if the project was successful. Declaration of Michael Arrington in Support of Motion for Preliminary Injunction (Dkt. No. 26) ¶ 31. Accordingly, Plaintiffs' position is that there was a partnership if there was an upside to TechCrunch, but no partnership if there was a downside to TechCrunch. Moreover, Mr. Arrington apparently claims he had the right to terminate the supposed partnership at any time.

Given the lack of any legal relationship between the parties, Plaintiffs have asserted claims based on vague and non-specific allegations, including: "misappropriation of business ideas," false advertising under the Lanham Act, breach of fiduciary duty, fraud, and violations of California Business & Professional Code §§ 17200 and 17500. These claims are baseless and Fusion Garage has moved to dismiss all of them.

**The Preliminary Injunction Motion.** Plaintiffs served requests for production on Fusion Garage in early January, 2010. Fusion Garage served written objections and responses on February 5, 2010, agreeing to produce documents in response to certain requests and objecting to others. On February 22, however, before Fusion Garage had produced more than a handful of

documents, Plaintiffs filed their Motion for Preliminary Injunction ("PI Motion"). As they had previously threatened to do, Plaintiffs' PI Motion sought to impound Fusion Garage's revenues in a Court-controlled account. The PI Motion is presently set for hearing on May 13, 2010.

**Fusion Garage's Motion for Protective Order.** Meanwhile, on February 5, 2010, Fusion Garage filed a motion for protective order on the ground that many of Plaintiffs' requests for production targeted Fusion Garage's source code, confidential technical documents about Fusion Garage's product, the JooJoo, or other documents seeking Fusion Garage's trade secrets and proprietary information. (Dkt. 23). Fusion Garage argued that it should not be required to produce these categories of documents until Plaintiffs identify their trade secrets, given that Plaintiffs' Complaint is simply a stalking horse for a trade secrets claim. (*Id.* at 1, 8-9). The Court heard this motion on March 16, 2010. On April 9, 2010, the Court granted Fusion Garage's motion. The Court ordered Plaintiffs to "identify the ideas that have been misappropriated no later than April 23, 2010." April 9, 2010 Order at 7.

**Plaintiffs' Statement of Misappropriated Business Ideas.** On April 23, 2010, Plaintiffs served their Statement. Doolittle Decl., Ex. A. The Statement lacks specificity (and that is being charitable). A cursory read of Plaintiffs' Statement reveals that it is deficient. For example, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Statement, p. 2. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[1] As other examples, Plaintiffs also identify ▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

---

[1] Moreover, Prototype A was allegedly created in August 2008, before Mr. Arrington or any other TechCrunch personnel even met Fusion Garage. (Cmpl. ¶ 12). The Complaint alleges that Fusion Garage had no involvement with Prototype A, *id.*, and Mr. Rathakrishnan testified that he has never even *seen* Prototype A. *See* Doolittle Decl., Ex. D (attaching Rathakrishnan Decl.) ¶ (footnote continued)

As another example, Plaintiffs assert that ████████████████ ██████████████████████████. ██████████████, Plaintiffs contend that ████████████████████████████████████ was their idea. ████████████████████████████████████████████ ██████████████████████████—this identification is insufficient and irrelevant.

Remarkably, Plaintiffs claim that ████████████████ ██████████████████████████. Plaintiffs identify the fact that ████ ████████████████████████████████████████████ ██████████████ Statement, p. 6.

Another significant failing of the Statement is that many (if not most) of the supposed ideas have been disclosed on the Internet in TechCrunch's blog posts. ██████ ██████████████████ Statement, p. 1.  The table below contains a sample of Plaintiffs' claimed business ideas compared against various of TechCrunch's blog posts (many of which contain pictures).

| Description of Idea | Publication of this Idea on TechCrunch.com |
|---|---|
| ████████████████ | July 21, 2008 "We want a dead simple web tablet for $ 200. Help us built it" by Michael Arrington on http://www.techcrunch.com/2008/07/21/we-want-a-dead-simple-web-tablet-help-us-build-it/ "I want a dead simple and dirt cheap touch screen web table to surf the web…..Just a *Macbook Air-thin touch-screen machine that runs Firefox*….The machine is as thin as possible, runs low end hardware and has single button for powering it on and off…Data input is primarily through an iPhone-like touch screen keyboard….If all you are doing is running Firefox and Skype, you don't need a lot of hardware horsepower…..*The idea is to turn it on, bypass that effectively turns the browser into the operating system for the device* |
| | January 19, 2009 "TechCrunch Tablet Update: Prototype B" by Michael Arrington on http://www.techcrunch.com/2009/01/19/techcrunch- |

31).  Thus, it is fanciful to think that Fusion Garage could have misappropriated any "business ideas" relating to Prototype A.

| | |
|---|---|
| | tablet-update-prototype-b/<br>"*Because the device skips the resource-sucking parts of the operating system and focuses on one application - the browser – very low end hardware can be used….*" |
| | July 21, 2008 "We want a dead simple web tablet for $ 200. Help us built it" by Michael Arrington on http://www.techcrunch.com/2008/07/21/we-want-a-dead-simple-web-tablet-help-us-build-it/<br>"I want a dead simple and dirt cheap touch screen web table to surf the web…..*The idea is to turn it on, bypass any desktop interface, and go directly to Firefox running in a modified Kiosk mode that effectively turns the browser into the operating system for the device.*" |
| | August 30, 2008 "Update On The TechCrunch Tablet: Prototype A"<br>By Michael Arrington on http://www.techcrunch.com/2008/08/30/update-on-the-techcrunch-tablet-prototype-a/<br><br>"Prototype A has been built. *It's in a temporary aluminum case that a local sheet metal shop put together for us that's at least twice as thick as it needs to be, but the hardware has been defined and is nearing lockdown.*" (including picture)<br><br>January 19, 2009 "TechCrunch Tablet Update: Prototype B" by Michael Arrington on http://www.techcrunch.com/2009/01/19/techcrunch-tablet-update-prototype-b/<br><br>"*The case, which was designed and built by David Yarnell and Greg Lanier from Dynacept, is 12.5" x 9.7" x 1.3". It's about twice as thick as is needs to be without further engineering - we just built in a safety thickness in case of heat or other issues.*"<br><br>January 19, 2009 "TechCrunch Tablet Update: Prototype B" by Michael Arrington on http://www.techcrunch.com/2009/01/19/techcrunch-tablet-update-prototype-b/<br>"It is *powered* with a Via Nano processor, which has performed at par with the Intel Atom in our testing."<br><br>April 10, 2009 "About those new CrunchPad Pictures" by Michael Arrington on http://www.techcrunch.com/2009/04/10/about-those-new-crunchpad-pictures/<br>"The last version had a full install of Ubuntu Linux with a custom Webkit browser. This version has a |

| | |
|---|---|
| | bottom-up linux operating system and a new version of the browser…..We also <u>switched</u> from Via to the Intel Atom chip…..Also, this time the ID and hardware work was driven by Fusion Garage out of Singapore. In fact, all the credit should go to Fusion Garage." |
|  | July 21, 2008 "We want a dead simple web tablet for $ 200. Help us built it" by Michael Arrington on http://www.techcrunch.com/2008/07/21/we-want-a-dead-simple-web-tablet-help-us-build-it/<br>"I want a dead simple and dirt cheap touch screen web table to surf the web…..*Data input is primarily through an iPhone-like touch screen keyboard*….The idea is to turn it on, bypass any desktop interface, and go directly to Firefox running in a modified Kiosk mode that effectively turns the browser into the operating system for the device"<br><br>January 19, 2009 "TechCrunch Tablet Update: Prototype B" by Michael Arrington on http://www.techcrunch.com/2009/01/19/techcrunch-tablet-update-prototype-b/ Michael Arrington is posting at 12:58 am in the comment section: "Agree, although it's not like we've been secretive about the project…I'm not sure the big guys can psychological get away from the OS…*or the lack of a keyboard*"<br><br>April 10, 2009 "About those new CrunchPad Pictures" by Michael Arrington on http://www.techcrunch.com/2009/04/10/about-those-new-crunchpad-pictures/<br>"The key uses: Internet consumption. *The virtual keyboard will make data entry a pain other than entering credentials, quick searches and maybe light emails.*" |
| | July 21, 2008 "We want a dead simple web tablet for $ 200. Help us built it" by Michael Arrington on http://www.techcrunch.com/2008/07/21/we-want-a-dead-simple-web-tablet-help-us-build-it/<br>"*The machine is as thin as possible, runs low end hardware and has….a built in camera for video*"<br><br>January 19, 2009 "TechCrunch Tablet Update: Prototype B" by Michael Arrington on http://www.techcrunch.com/2009/01/19/techcrunch-tablet-update-prototype-b/<br>"*The device also has…a camera*"<br><br>April 10, 2009 "About those new CrunchPad Pictures" by Michael Arrington on http://www.techcrunch.com/2009/04/10/about-those-new-crunchpad-pictures/ |

| | |
|---|---|
| | "The hardware would consists of…a *camera for photos and video.*" |
| [redacted] | July 21, 2008 "We want a dead simple web tablet for $ 200. Help us built it" by Michael Arrington on http://www.techcrunch.com/2008/07/21/we-want-a-dead-simple-web-tablet-help-us-build-it/<br>"It will have…half a Gigabyte of RAM, a 4-Gigabyte solid state hard drive….If all you are doing is running Firefox and Skype, *you don't need a lot of hardware horsepower*"<br><br>January 19, 2009 "TechCrunch Tablet Update: Prototype B" by Michael Arrington on http://www.techcrunch.com/2009/01/19/techcrunch-tablet-update-prototype-b/<br>"*1 GB of ram (it's more than we need) and a 4 GB flash drive to store the OS and browser and any cache*"<br><br>April 10, 2009 "About those new CrunchPad Pictures" by Michael Arrington on http://www.techcrunch.com/2009/04/10/about-those-new-crunchpad-pictures/<br>"The total software footprint is around 100 MB total, which is a solid achievement. Also, this time the ID and hardware work was driven by Fusion Garage out of Singapore." |
| [redacted] | April 10, 2009 "About those new CrunchPad Pictures" by Michael Arrington on http://www.techcrunch.com/2009/04/10/about-those-new-crunchpad-pictures/<br>"*Add a single USB port….and you're done.*" |
| [redacted] | January 19, 2009 "TechCrunch Tablet Update: Prototype B" by Michael Arrington on http://www.techcrunch.com/2009/01/19/techcrunch-tablet-update-prototype-b/<br>"It is powered with a *Via Nano processor, which has performed at par with the Intel Atom in our testing.*"<br><br>April 10, 2009 "About those new CrunchPad Pictures" by Michael Arrington on http://www.techcrunch.com/2009/04/10/about-those-new-crunchpad-pictures/<br>"We also *switched from Via to the Intel Atom chip…..Also, this time the ID and hardware work was driven by Fusion Garage out of Singapore. In fact, all the credit should go to Fusion Garage.*" |
| [redacted] | July 21, 2008 "We want a dead simple web tablet for $ 200. Help us built it" by Michael Arrington on http://www.techcrunch.com/2008/07/21/we-want-a- |

| | |
|---|---|
| ███ | dead-simple-web-tablet-help-us-build-it/<br>"I want a dead simple and dirt cheap touch screen web table to surf the web....*has a single button for powering it on and off.*" |
| ███ | July 21, 2008 "We want a dead simple web tablet for $ 200. Help us built it" by Michael Arrington on http://www.techcrunch.com/2008/07/21/we-want-a-dead-simple-web-tablet-help-us-build-it/<br>"I want a dead simple and dirt cheap touch screen web table to surf the web.....The idea is to turn it on, bypass ..... that effectively turns the browser into the operating system for the device"<br><br>January 19, 2009 "TechCrunch Tablet Update: Prototype B" by Michael Arrington on http://www.techcrunch.com/2009/01/19/techcrunch-tablet-update-prototype-b/ Michael Arrington is posting at 12:57 am in the comment section:<br>"10 seconds from cold boot is no problem"<br>Reply by tomtom posting at 6.08 am in the comment section:<br>*"It would be nice to have under 5 seconds boot time. It requires careful tuning but definitely possible.* Check this: http://lwn.net/...rticles/2999483/" |
| ███ | January 18, 2009 YouTube Video's "CrunchPad Prototype B1 & B2"<br>*(Video shows large icons)* |
| All ideas. | January 19, 2009 "TechCrunch Tablet Update: Prototype B" by Michael Arrington on http://www.techcrunch.com/2009/01/19/techcrunch-tablet-update-prototype-b/ Michael Arrington is posting at 12:58 am in the comment section:<br>"Agree, *although it's not like we've been secretive about the project*...I'm not sure the big guys can psychologically get away from the OS as the center of attention or the lack of a keyboard." |

Plaintiffs' Statement appears deficient with respect to each and every one of the allegedly misappropriated ideas the Statement purports to describe. Accordingly, as explained below, the Court should enter a protective order providing that, unless and until Plaintiffs identify their


misappropriated trade secrets/business ideas with particularity, Fusion Garage need not produce its proprietary information.

*Argument*

I. **THE COURT SHOULD ENTER A PROTECTIVE ORDER PURSUANT TO SECTION 2019.210**

For the same reasons that the Court previously granted Fusion Garage's Motion for a Protective Order, it should do so again. Plaintiffs in trade secrets cases must identify the trade secrets that they allege were misappropriated with particularity before commencing trade secrets discovery. Code Civ. Proc. 2019.210. The Court has already ruled that Section 2019.210 applies here (although Plaintiffs have styled their claim as one for "misappropriation of business ideas") as a discovery management procedure. The Court should not allow Plaintiffs to go on a fishing expedition into Defendant's technology and proprietary information by asserting vague generalities, public information, and the like as the "business ideas" that were allegedly misappropriated.

A. **The Requirements and Purposes of Section 2019.210**

California Code of Civil Procedure Section 2019.210 provides: "In any action alleging the misappropriation of a trade secret . . . before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity. . . ." Section 2019.210 codifies the holding of *Diodes, Inc. v. Franzen*, 260 Cal. App. 2d 244, 252 (1968):

> Before a defendant is compelled to respond to a complaint based upon claimed misappropriation or misuse of a trade secret and to embark on discovery which may be both prolonged and expensive, the [plaintiff] should describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies.

*Computer Econ., Inc. v. Gartner Group*, 50 F. Supp. 2d 980, 984 (S.D. Cal. 1999) (quoting *Diodes*).

Section 2019.210 serves at least five purposes. "It promotes well-investigated claims and dissuades the filing of meritless trade secret complaints." *Perlan Therapeutics, Inc. v. Super. Ct. (Nexbio)*, 178 Cal. App. 4th 1333, 1343 (2009). "It prevents plaintiffs from using the discovery process as a means to obtain the defendant's trade secrets." *Id.* It "assists the court in framing the appropriate scope of discovery." *Id.* "It enables defendants to form complete and well-reasoned defenses, ensuring that they need not wait until the eve of trial to effectively defend against charges of trade secret misappropriation." *Id.* And it is "designed to prevent" the "shifting sands approach" to "trade secrets allegations and discovery." *Neothermia Corp. v. Rubicor Med., Inc.*, 345 F. Supp. 2d 1042, 1045 (N.D. Cal. 2004).

Plaintiffs' strategy here actively thwarts each and every one of the rule's purposes. Plaintiffs are claiming vague generalities and publicly-disclosed information as their misappropriated ideas. Accordingly, Plaintiffs should be required to further identify their trade secrets/business ideas with particularity pursuant to Section 2019.210 before they are permitted to commence discovery in this case regarding Fusion Garage's proprietary technology and confidential information.

### B. Plaintiffs Should Be Able to Identify the Allegedly Misappropriated Information At Issue Here If Their Claim Was Filed in Good Faith

Before filing their claims in this case, Plaintiffs and their counsel were required to have a good faith basis for believing that misappropriation occurred. Fed. R. Civ. P. 11; *Perlan*, 178 Cal. App. 4th at 1343. Section 2019.210 requires that Plaintiffs state those trade secrets – and only those trade secrets – with particularity. *Brescia v. Angelin*, 172 Cal. App. 4th 133, 140, 150 (2009) (affirming trial court's order "to succinctly and with particularity lay out the trade secrets without surplusage, instead of essentially hiding the alleged trade secret in plain view by putting lots of clutter around it"). Moreover, Plaintiffs assert in their Statement that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Statement, p. 1. Given this assertion— which Fusion Garage contends is false—Plaintiffs should be able to specify with *exacting detail* precisely what they contend Fusion Garage misappropriated.

### C.   Plaintiffs' Statement Does Not Comply With the Court's Order

Plaintiffs' Statement does not comply with the Court's April 9, 2010 Order. As a preliminary matter, the Statement appears to contain a significant falsehood, as shown by their own public statements. As noted *supra*, Plaintiffs' Statement provides that ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ Statement, p. 1. However, in April 2010, TechCrunch wrote in its blog, "[a]lso, this time the ID and hardware work *was driven by Fusion Garage out of Singapore. In fact, all the credit should go to Fusion Garage*...But one thing I've learned about hardware in the last year is that you need partners to actually make things happen, *and the credit for what we saw today goes entirely to the Fusion Garage team. Those guys are rock stars*."[2] Stating that ▓▓▓▓▓▓▓▓ while also announcing publicly that "all the credit should go to Fusion Garage" is entirely inconsistent.

Plaintiffs have also identified broad generalities as their ideas. Accordingly, Plaintiffs' Statement does not frame the scope of discovery. Claiming that ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ is their business idea neither frames discovery, nor puts Fusion Garage on notice regarding what they allegedly misappropriated. Under Plaintiffs' view of the Court's April 9, 2010 Order, if they had sued the Coca-Cola Company, they could gain access to the secret formula for Coke by filing a claim for misappropriation of business ideas and identifying as their misappropriated idea "an idea to develop a cola drink."

Moreover, Plaintiffs have identified publicly-disclosed information as their allegedly misappropriated business ideas. *See, e.g.*, Chart, *supra* and Doolittle Decl., Ex. B. Information in the public domain that plaintiffs have published on the Internet cannot be something that could be misappropriated. *Jonathan Browning, Inc. v. Venetian Casino Resort, LLC*, No. 07-3983, 2007 WL 4532214, *8 (N.D. Cal. Dec. 19, 2007) ("Browning's design ideas had been conveyed to the

---

[2] http://www.techcrunch.com/2009/04/10/about-those-new-crunchpad-pictures/ (attached to the Doolittle Decl. as Ex. B).

1 Venetian and to the general public prior to submitting its bid to the Venetian. Browning's work
2 was profiled in numerous design magazines and newspapers and commissioned by famous
3 institutions . . . Based on these facts, the Court cannot conclude that the Venetian accepted to pay
4 for Browning's widely disclosed sconce ideas. Browning's bid to the Venetian cannot establish a
5 Desny claim.").

6       Making matters worse, some of the "business ideas" are nonsensical. For example,
7 plaintiffs claim that ███████████████████████████████
8 ███████ Statement, p. 6. It is axiomatic that ███████ is not an idea.

### D. The Statement Lacks Foundation

10       Plaintiffs also do not have a basis to be asserting misappropriation of any of their alleged
11 business ideas. On April 20, 2010, Fusion Garage took the 30(b)(6) deposition of TechCrunch.
12 The 30(b)(6) witness, Michael Arrington, testified that ███████████████
13 ████████████████████████████████████████
14 ████████████████████████████████████████
15 ████████████████████████████████████████
16 ████████████████████████████████████████
17 ████████████████████████████████████████
18 ████████████████████████████████████████
19 ████████████████████████████████████████
20 ████████████████████████████████████████
21 ████████████████████████████████████████
22 ████████████████████████████.

23       Simply stated, Plaintiffs served a Statement purporting to describe the ideas that Fusion Garage
24 misappropriated. Their 30(b)(6) witness, however, ███████████████████
25 ████████████████████████████. These positions are completely at
26 variance, and Plaintiffs' contention that they contributed ███████████████ has no
27 evidentiary basis.

## II. THE COURT SHOULD ENTER A PROTECTIVE ORDER PURSUANT TO RULE 26 AND ITS INHERENT POWERS

Even if the Court declines to enter another Protective Order pursuant to Section 2019.210, it should enter a Protective Order pursuant to Federal Rule of Civil Procedure 26(c). That Rule provides the Court with authority to protect a party's "trade secret or other confidential research, development, or commercial information" from being revealed. Fed. R. Civ. P. 26(c)(1)(G). Rule 26, of course, also empowers a Court to enter orders regarding the sequencing of discovery and preventing discovery.

Such a (further) protective order is necessary and appropriate here. The Court should not require Fusion Garage to disclose any information revealing its trade secrets or proprietary information (including financial information) until Plaintiffs identify *with particularity* the specific trade secrets/ideas that Plaintiffs claim Fusion Garage misappropriated.

*Conclusion*

Plaintiffs' strategy is exactly what the Section 2019.210 requirement is designed to avoid. Their vague Statement is a pretext to go on a fishing expedition. Accordingly, the Court should enter a protective order requiring that Plaintiffs further identify their alleged trade secrets/business ideas that Fusion Garage allegedly misappropriated before Plaintiffs can take discovery regarding Fusion Garage's trade secrets, technology, or other proprietary information.

DATED: April 30, 2010      QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Patrick Doolittle*
Patrick C. Doolittle
Attorneys for Defendant Fusion Garage PTE, Ltd.