UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INTERSERVE, INC. DBA TECHCRUNCH, ET AL.,<br><br>               Plaintiffs,<br>v.<br><br>FUSION GARAGE PTE LTD.,<br><br>               Defendant. | Case No.: C-09-05812 RS (PVT)<br><br>**ORDER GRANTING DEFENDANT FUSION GARAGE'S MOTION TO CHALLENGE PLAINTIFFS' CONFIDENTIALITY DESIGNATIONS FOR THEIR RULE 30(b)(6) DEPOSITION TRANSCRIPT**<br><br>**[Docket Nos. 66, 122]** |

Defendant Fusion Garage moves to challenge plaintiffs' confidentiality designations to their Rule 30(b)(6) deposition transcript and exhibits. Plaintiffs Interserve, Inc. doing business as TechCrunch and CrunchPad oppose the motion. (collectively "plaintiffs" or "TechCrunch"). Pursuant to Civ. L.R. 7-1(b), the motion is taken under submission and the hearing scheduled to be held on June 1, 2010 is vacated.

Rule 26(c)(1) states that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including [*inter alia*] requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1). In the order, however, the court must "'identify and discuss the factors it considered in

its 'good cause' examination to allow appellate review of the exercise of its discretion.'" *Foltz v. State Farm Mutual Automobile Ins. Co.,* 331 F. 3d 1122, 1130 (9th Cir. 2003) (internal citations omitted). "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Id.*

> A party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.
>
> The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

Stipulated Protective Order dated March 11, 2010. ("March 11, 2010 Stipulated Protective Order"). (Docket No. 35).

Defendant Fusion Garage moves to challenge the confidentiality designations to the following portions and exhibits of plaintiffs' Rule 30(b)(6) deposition: pages 261:18-276:6; 373:10-375:5; 388:18-390:12 and exhibits 9 and 10.

As the designating party, plaintiffs bear the burden of persuading that the above-specified portions of their Rule 30(b)(6) deposition transcript and exhibits warrant confidentiality designations. Plaintiffs state that they have designated those portions and exhibits as confidential "because they concern a personnel matter between Plaintiffs and an independent contractor." Plaintiffs' Response to Defendant Fusion Garage's Further Challenges to Plaintiffs' Designations of Portions of the Michael Arrington Deposition at 1. ("Response"). "Plaintiffs only seek to protect the independent contractor's privacy." *Id.* In support of their confidentiality designations, plaintiffs cite to numerous cases relating to the confidentiality designations for personnel files. Plaintiffs contend that they did not designate portions of the Rule 30(b)(6) deposition transcript and exhibits confidential due to embarrassment.

Here, the testimony and exhibits at issue do not relate to the personnel file for the independent contractor hired by TechCrunch. Rather the challenged testimony and exhibits

1 relate to certain business advice and proposed strategies regarding Fusion Garage, which was
2 provided by the independent contractor to plaintiffs. Plaintiffs and defendant no longer conduct
3 business together, and in fact, are adverse in the present action. Additionally, the nature of the
4 discussion and the substance of the emails between the independent contractor and TechCrunch
5 do not involve any present business strategies for the company. As such, plaintiffs have not
6 shown good cause for the court to issue an order to protect plaintiffs (or the independent
7 contractor) from annoyance, embarrassment, oppression, or undue burden or expense. Plaintiffs
8 also have not shown that a trade secret or other confidential research, development, or
9 commercial information requires protection. Finally, plaintiffs have not shown that any privacy
10 rights are implicated. Accordingly, defendant Fusion Garage's motion to challenge plaintiffs'
11 confidentiality designations to their Rule 30(b)(6) deposition transcript and exhibits is granted.

IT IS SO ORDERED.

Dated: May 27, 2010

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge