WINSTON & STRAWN LLP
  Andrew P. Bridges (SBN: 122761)
  abridges@winston.com
  David S. Bloch (SBN: 184530)
  dbloch@winston.com
  Matthew A. Scherb (SBN: 237461)
  mscherb@winston.com
101 California Street
San Francisco, CA  94111-5802
Telephone:     (415) 591-1000
Facsimile:      (415) 591-1400

Attorneys for Plaintiffs

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Claude M. Stern (Bar No. 96737)
  claudestern@quinnemanuel.com
  Evette D. Pennypacker (Bar No. 203515)
  evettepennypacker@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone:     (650) 801-5000
Facsimile:      (650) 801-5100
  Joshua L. Sohn (Bar No. 250105)
  joshuasohn@quinnemanuel.com
  Sam S. Stake (Bar No. 257916)
  samstake@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| INTERSERVE, INC. dba TECHCRUNCH, a Delaware corporation, and CRUNCHPAD, INC., a Delaware corporation,<br><br>            Plaintiffs,<br><br>      vs.<br><br>FUSION GARAGE PTE. LTD, a Singapore company,<br><br>            Defendant. | CASE NO. 09-cv-5812 RS (PVT)<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING SEALING, AS MODIFIED BY THE COURT**<br><br>Hon. Richard Seeborg |

1  WHEREAS, on May 13, 2010, the Court heard Plaintiffs' motion for preliminary
2  injunction and Defendant's motion to dismiss, and during the hearing ordered the parties to confer
3  and agree on a reduced set of materials for filing under seal;

4  WHEREAS, since the hearing, the parties have had significant, good-faith discussions and
5  have reached agreement regarding nearly all materials.

6  WHEREAS, the parties disagree on the confidentiality of certain materials that concern
7  aspects of Defendant Fusion Garage's finances (the "Contested Materials");

8  WHEREAS, the parties stipulate that all other materials filed in support of or in opposition
9  to or referenced in the preliminary injunction motion and motion to dismiss shall not be filed
10 under seal;

11 WHEREAS, the parties stipulate to, and jointly request that the Court enter an order
12 sealing the materials set forth in section 1, below.  The parties stipulate to lodging these materials
13 under seal for the Court's convenience.  They appear as Exhibit A.

**1. Materials the Parties' Jointly Request Be Filed Under Seal**

a. Plaintiffs' preliminary injunction reply brief (Dkt. 109): pages and lines 17:8-13; 18:13-19; 19:1-6; and 19:21-25.  These excerpts contain information about Fusion Garage's revenues, expenses, and potential future funding.

b. Plaintiffs' motion to dismiss opposition brief (Dkt. 81): pages and lines 3:16-17, 5:24-6-5 and 15:8.  These excerpts contain information about a still-possible marketing deal for Fusion Garage and details of Plaintiffs' possible future plans to sell tablet computers.

c. Defendant's motion to dismiss reply brief (Dkt. 102): pages and lines 3:16-24, 4:9-12.

d. Declaration of Andrew Bridges in Support of Reply in Support of Motion for Preliminary Injunction (Dkt. 109-2): Exhibit DD (which contains highly-confidential portions of Mr. Rathakrishnan's deposition testimony); Exhibit EE (which contains highly-confidential portions of Mr. Arrington's deposition testimony), small portions of Exhibits C, D, O, P, Q, and R (which contain information about specific terms

between Fusion Garage and a manufacturer and its public relations firm, and which will be redacted in a manner already agreed to by the parties).

e. Declaration of Matthew Scherb (Dkt. 81-1, related to the motion to dismiss): Exhibit H (concerning details of Plaintiffs' possible future plans to sell tablet computers); small portions of Exhibit B and Exhibit C (which contain confidential terms between Fusion Garage and its public relations firm and also identify a potential marketing deal, and which will be redacted in a manner already agreed to by the parties).

f. Supplemental Declaration of Andrew Bridges (Dkt. 117-3): small portions of Exhibit 1 (which contains confidential terms between Fusion Garage and its public relations firm, and which will be redacted in a manner already agreed to by the parties).

g. Supplemental Declaration of Patrick Doolittle (Dkt. 128): Exhibit B (Mr. Arrington's Deposition Transcript) pages and lines 352:1 to 355:15 and 378:8 to 384:5 (details of Plaintiffs' possible future plans to sell tablet computers and confidential source information) and pages and lines 359:13 to 362:10 (Plaintiffs' revenues and salary payments).

WHEREAS, the parties further stipulate and jointly request that the Court consider the parties' brief arguments regarding the Contested Materials set forth in Sections 2(a) and 2(b), below and enter an order consistent with the Court's determination on whether the Contested Materials referenced in Section 2 should be sealed;

**2. Contested Materials**

The Contested Materials are portions of Plaintiffs' preliminary injunction reply brief at pages and lines 2:19 to 3:2, 3:5-9, 17:16-18, and 18:1-4 of .  The parties stipulate to lodging the Contested Materials under seal to aid the Court's analysis.  They appear as Exhibit B.

a. Plaintiffs' Position

Plaintiffs believe there is no basis to seal the Contested Material.  The transcript of the preliminary injunction hearing is now public, and it reveals the same information that Defendant

still seeks to seal.  This chart correlates the Contested Material (see Exhibit A to this stipulation) with statements in the transcript of the preliminary injunction hearing:

| **Contested Material** | **Related Excerpts from Hearing Transcript** |
|---|---|
| Page/line 2:19 to 3:2 (Location of assets and nature of U.S. assets, use of PayPal, flow of revenue) | "payment flow is specifically being shaped to be outside the country" (16:2-3)<br>"the United States doesn't touch the money anymore" (14:15-16)<br>"they weren't setting up U.S. bank accounts to pay their public relations agent" (16:14-15)<br>"it had a PayPal account that it still hasn't gotten money from, and it is concerned because PayPal for its own fraud protections is holding onto the money" (14:18-19) |
| Page/line 3:5-9 (PayPal and need for access to revenue) | Fusion Garage "seems to have done fine so far without actually receiving any pennies yet of the proceeds of the JooJoo . . because of the financing that he's expecting to get in the future.  He now values this company at 40 to $50 million. (17:20 to 18:2)<br>"it had a PayPal account that it still hasn't gotten money from, and it is concerned because PayPal for its own fraud protections is holding onto the money" (14:18-19) |
| Page/line 17:16-18 Page/line 18:1-4 (location and flow of revenues) | "payment flow is specifically being shaped to be outside the country" (16:2-3)<br>"all the money they are getting is parked elsewhere" (18:15-16)<br>"the funds of this entity are, in large part, outside this country" (15:20-21) |

Statements pertaining to the PayPal account status are also public because PayPal provided account data in response to a subpoena without designating the material as confidential.

When the parties discussed the Contested Materials, Fusion Garage's counsel distinguished statements at the hearing from the Contested Materials in the reply brief, because the statements lacked citations to record evidence.  Fusion Garage does not seek to keep the information at issue confidential, merely the citations that make the information appear true.  In any case, at the hearing, Court and Counsel were referring to record evidence and arguments in the parties' briefs.  Statements made at the hearing are public and it makes little sense to redact related information in the briefs.  Also, the Court may need to refer to the Contested Materials in order to issue a written decision.

    b.  <u>Defendant's Position</u>

The contested portions of Plaintiffs' Preliminary Injunction Reply Brief all contain confidential information about Fusion Garage's revenues and finances – information that should be kept under seal. For instance, the contested portions discuss Fusion Garage's methods for obtaining JooJoo payments (2:23-3:2), the geographic distribution of Fusion Garage's assets and financial accounts (2:19-22; 17:16-18; 18:1-2), and the extent to which Fusion Garage is drawing down its JooJoo revenues to fund its ongoing operations (3:7-9; 18:3-4).

This sensitive financial and revenue information is properly sealed. *See, e.g., In re LDK Solar Sec. Litig.*, 255 F.R.D. 519, 524 n. 2 (N.D. Cal. 2009) (grating motion to seal portions of opposition brief that disclosed lead plaintiff's "financial information and investment decisions"); *Patriot Rail Corp. v. Sierra R. Co.*, No. 09-0009, 2010 WL 2179499, *1 n. 2 (E.D. Cal. May 26, 2010) (granting motion to seal "defendant's proprietary and confidential financial information.") Indeed, at the May 13 hearing, the Court highlighted "revenue discussion" as a category of information that may properly be sealed. (*See* Dkt. 144, Ex. A at 5).

Plaintiffs apparently seek to continue their efforts to tarnish Fusion Garage's reputation by forcing nonpublic information into the public and using the widely-read TechCrunch blog as a vehicle to make disparaging remarks regarding Fusion Garage's finances. *See, e.g.,* Dkt. 145 at 5 (recounting how TechCrunch authored blog posts disparaging Fusion Garage's investors as "borderline loan sharks.") Plaintiffs' position is without support. Plaintiffs have suggested that this revenue and financial information is no longer confidential because Plaintiffs' counsel made "public statements" about Fusion Garage's revenues and finances at the Preliminary Injunction hearing. There is a qualitative difference between the bare attorney argument that Plaintiffs' counsel made at the preliminary hearing and the *evidence* of Fusion Garage's revenues and finances that appears in the contested portions of the Preliminary Injunction Reply Brief. *See generally O2 Micro Intern. Ltd. v. Moonolithic Power Sys.*, 420 F.Supp.2d 1070, 1087 (N.D. Cal. 2006) ("attorney argument . . . is not evidence.") Unlike the bare attorney argument proffered at the hearing, the contested portions of the Reply Brief are replete with citations and references to Mr. Rathakrishnan's confidential deposition transcript, in which Mr. Rathakrishnan testified about

1  Fusion Garage's revenues and finances.  *See, e.g.*, Reply Brief at 2:19-3:2; 3:5-7; 17:16-18.  These
2  materials are properly sealed.
3       WHEREAS, the parties further stipulate and agree to refile papers related to the parties'
4  preliminary injunction motion and motion to dismiss as needed on or before seven (7) days from
5  entry of the Court's order on this Stipulation;
     IT IS SO STIPULATED.
6
7  Dated:  June 15, 2010                    QUINN EMANUEL URQUHART &
                                              SULLIVAN, LLP
8
9                                        By  /s/
10                                          Evette D. Pennypacker
11                                   Attorneys for Defendant Fusion Garage PTE., Ltd.
12
13 DATED:  June 15, 2010                    WINSTON & STRAWN LLP
14
15                                         By  /s/
                                          Matthew A. Scherb
16
17                                   Attorneys for Plaintiffs Interserve, Inc. d/b/a
                                  TechCrunch and CrunchPad, Inc.
18
19      Pursuant to stipulation, it is ORDERED that:
20      The agreed-upon materials that the parties identified in section 1 of the stipulation shall be
21 sealed.
22      The Contested Materials that the parties identified in section 2 of the stipulation [shall be]
23 [~~shall not be~~] sealed.
24      All other materials related to the preliminary injunction motion and motion to dismiss shall
25 not be filed under seal.
26      The parties are directed to re-file promptly in the ECF system public versions of all
27 documents affected by this stipulation and order, with only such redactions as are provided for
28 herein.  The docket entry for each such document should include a parenthetical notation, "Re-

1  filed pursuant to order dated 9/10/2010."  The parties shall also submit new sealed hard copies of
2  any documents or exhibits permitted by this order to be filed under seal, and shall mark each such
3  sealed envelope with the notation, "Re-submitted for filing under seal pursuant to order dated
4  9/10/2010."  The copies previously lodged will be destroyed.

Dated: 9/10/10

_____
The Honorable Richard Seeborg
United States District Judge