1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
      Claude M. Stern (Bar No. 96737)
2     claudestern@quinnemanuel.com
      Evette D. Pennypacker (Bar No. 203515)
3     evettepennypacker@quinnemanuel.com
      Thomas R. Watson (Bar No. 227264)
4     tomwatson@quinnemanuel.com
   555 Twin Dolphin Dr., 5th floor
5  Redwood Shores, CA 94065
   Telephone: (650) 801-5000
6  Facsimile: (650) 801-5100

7     Joshua L. Sohn (Bar No. 250105)
      joshuasohn@quinnemanuel.com
8     Sam S. Stake (Bar No. 257916)
      samstake@quinnemanuel.com
9  50 California Street, 22nd Floor
   San Francisco, California  94111
10 Telephone:    (415) 875-6600
   Facsimile:    (415) 875-6700

Attorneys for Defendant Fusion Garage PTE Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TECHCRUNCH, INC., a Delaware corporation, and CRUNCHPAD, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>FUSION GARAGE PTE LTD., a Singapore company,<br><br>Defendant. | CASE NO. 09-cv-5812 RS (PVT)<br><br>**DEFENDANT'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FRAUD AND DECEIT AND UNFAIR COMPETITION CLAIMS (COUNTS II AND III)**<br><br>**Hearing Date: November 4, 2010**<br>**Time: 1:30 p.m.**<br>**Judge:   Hon. Richard Seeborg**<br>**Courtroom:    3** |

## NOTICE OF MOTION AND MOTION

Please take notice that on November 4, 2010 at 1:30 p.m. in Courtroom 3, 17th Floor of the United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Ave., San Francisco, CA 94102, the Honorable Richard Seeborg presiding, Defendant Fusion Garage PTE Ltd. will, and hereby does, move to dismiss Plaintiffs' claims for: (1) fraud and deceit and (2) unfair competition pursuant to Civil L.R. 7-1, *et seq.* and Federal Rules of Civil Procedure 12(b)(6) and 9(b).

The basis for this motion is that: (1) Plaintiffs' fraud and deceit claim is not pled with sufficient particularity under Rule 9(b); and (2) Plaintiffs' unfair competition claim cannot survive in the absence of an adequately-pled fraud and deceit claim.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the pleadings in this action, the Court's files, and such other matters and argument as the Court may consider at the time of the hearing hereon.

## STATEMENT OF ISSUES (Civ. L. R. 7-4(a)(3))

1. Does Plaintiffs' Amended Complaint fail to allege fraud and deceit with the specificity that Rule 9(b) requires?

2. Should Plaintiffs be denied leave to re-plead their fraud and deceit claim, which has already been dismissed and re-pled once before?

3. Can Plaintiffs' unfair competition claim survive in the absence of an adequately-pled fraud and deceit claim?

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .................................................................................................. 1

BACKGROUND .......................................................................................................................... 2

ARGUMENT ................................................................................................................................ 6

I. PLAINTIFFS' FRAUD CLAIM SHOULD BE DISMISSED ............................................ 6

    A. Legal Standard for 12(b)(6) Dismissal and Fraud Pleading ...................................... 6

    B. Plaintiffs' Fraud Claim Fails to Meet the Rule 9(b) Standard for Reliance .............. 7

        1. Plaintiffs' Attempts to Turn its Breach of Fiduciary Claim into a Tort is Not Permitted Under the Law ............................................................ 9

    C. Plaintiffs' Fraud Claim Should be Dismissed *With Prejudice* ................................ 11

II. PLAINTIFFS' UNFAIR COMPETITION CLAIM SHOULD BE DISMISSED .............. 13

CONCLUSION ........................................................................................................................... 13

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Amzak Corp. v. Reliant Energy, Inc.*,
   No. 03 ...................................................................................................................................7

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) ..........................................................................................................5

*Bell Atl. Co. v. Twombly*,
   550 U.S. 544 (2007) ..............................................................................................................5

*Countrywide Fin. Corp. Sec. Litig.*,
   588 F. Supp. 2d 1132 (C.D.Cal. 2008) ..................................................................................5

*Cruz v. Dollar Tree Stores, Inc.*,
   No. 07-2050, 2007 WL 2729214 (N.D. Cal. Sept. 18, 2007) ................................................1

*Hutton v. Klabal*,
   726 F. Supp. 67 (S.D.N.Y. 1989) ..........................................................................................9

*MGIC Indem. Corp. v. Weisman*,

   803 F.2d 500, 504 (9th Cir. 1986)………………………………………………………..10

*Legal Additions LLC v. Kowalski*,
   2010 WL 335789 (N.D. Cal. Jan. 22, 2010) ......................................................................8, 9

*Small v. Fritz Cos.*,
   30 Cal. 4th 167 (2003) ......................................................................................................5, 7

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) .......................................................................................5, 7, 8

*Yazdanpanah v. Sacramento Valley Mortg. Group*,
   No. 09-2024, 2009 WL 4573381 (N.D. Cal. Dec. 1, 2009) ..................................................5

**Statutes**

Federal Rule of Civil Procedure Rule 8(a)(2) .................................................................................5

Federal Rule of Civil Procedure 9(b) ..................................................................................... passim

Federal Rules of Civil Procedure 12(b)(6) .....................................................................................1

**PRELIMINARY STATEMENT**

Since December 2009, Plaintiffs TechCrunch, Inc. and CrunchPad, Inc. have embarked on a concerted campaign to attack Fusion Garage PTE Ltd. ("Fusion Garage") in both the courts of law and public opinion by alleging Fusion Garage breached fiduciary duties (that Plaintiffs' own course of conduct make clear did not exist) and engaged in fraud.[1]  Fusion Garage will answer Plaintiffs' fiduciary duty claims elsewhere, but Plaintiffs' fraud claim must be dismissed now for at least two reasons.  First, failure to perform an alleged promise is not fraud.  Next, although this Court already allowed Plaintiffs the opportunity to re-plead their fraud claim after dismissing those allegations previously for failure to plead "with adequate specificity how and to what extent [they] reasonably relied on each alleged misrepresentation" (Dkt. 162 at 14), Plaintiffs' Amended Complaint suffers from the same problems that resulted in this Court's earlier dismissal because it contains virtually identical "reliance" allegations that the Court found insufficient in the original Complaint.  As noted in this Court's August 24 Order, "TechCrunch's claim under California's unfair competition law, Business and Professions Code § 17200, rises and falls with its ability to allege fraud adequately," thus that claim should also be dismissed.  (Dkt. 162 at 16.)

Plaintiffs' fraud and unfair competition claims should also be dismissed with prejudice.  Despite the fact that Plaintiffs have had the benefit of substantial discovery over the past nine months, Plaintiffs have now *twice* failed to adequately plead fraud.  Under these facts, Plaintiffs' fraud and unfair competition claims should be dismissed with prejudice.

---

[1]  For convenience and economy, Fusion Garage will refer to Plaintiffs' fraud and deceit claim as their "fraud claim."  Any distinction between "fraud" and "deceit" is irrelevant for purposes of this motion, since both claims must satisfy the heightened pleading standard of Rule 9(b).  *See Cruz v. Dollar Tree Stores, Inc.*, No. 07-2050, 2007 WL 2729214, *4 (N.D. Cal. Sept. 18, 2007) ("As Plaintiffs' Seventh Cause of Action is for fraud and deceit, this claim must meet the heightened pleading requirements of Rule 9(b).")

# BACKGROUND[2]

**Plaintiffs' Original Complaint:** Plaintiffs filed their original Complaint against Fusion Garage on December 10, 2009.  (Dkt. 1.)  The Complaint provided the following alleged timeline of what Plaintiffs believed to be the key dealings between the parties—*i.e.*, the parties met in September 2008, purportedly agreed on the material terms of a verbal partnership or joint venture at an unspecified time, jointly collaborated over time on a web tablet from Late 2008/Early 2009 to November 2009, Fusion Garage launched its web tablet on December 7, 2009, and this lawsuit followed on December 10, 2009.  (*Id.* at *passim.*)

In addition to claims for breach of fiduciary duty and violation of the Lanham Act, the Complaint included claims for "Fraud and Deceit" and "Unlawful Business Practices [] Under California Law."  (*Id.* at ¶¶ 92-101; 102-106.)  To support the fraud claim, Plaintiffs pled a number of alleged misrepresentations by Fusion Garage.  For instance, Plaintiffs alleged that Fusion Garage: (1) misrepresented its credentials to Plaintiffs when the parties first met in September 2008 (*id.* ¶ 47); (2) falsely promised in June 2009 that it would merge with CrunchPad, Inc. in exchange for 35 percent equity in the merged entity (*id.* ¶ 50); (3) "concealed" the loss of Pegatron Corporation as a potential ODM for the CrunchPad or JooJoo in the Fall of 2009 (*id.* ¶ 53); and (4) "misrepresented its intention to continue working on the joint project in collaboration with TechCrunch" at some unknown time.  (*Id.* ¶ 52.)  Lacking was any specificity as to how and to what extent Plaintiffs reasonably relied on each alleged misrepresentation (further discussed, *infra.*).

As for the "Unlawful Business Practices" claim—alternatively styled "Unfair Competition" on the front page of the Complaint—Plaintiffs provided no new allegations.  Instead, they simply incorporated their prior allegations by reference.  (*See id.* ¶ 103) ("Defendant, through the conduct and violations described above, has engaged in unlawful business practices . . . against Plaintiffs in violation of California Business and Professions Code section[] 17200 [] and

---

[2] Because the Court is already familiar with the general factual background of this case, Fusion Garage will limit its Background section to the particular facts that are relevant to this Motion.

1  under the common law.")

2  **<u>Fusion Garage's Motion to Dismiss and the Court's August 24 Order:</u>** On January 28,
3  2010, Fusion Garage filed a Motion to Dismiss Plaintiffs' Complaint, including their fraud and
4  unfair competition claims.  (Dkt. 20.)  As to the fraud claim, Fusion Garage argued that Plaintiffs
5  had failed to plead fraud with the particularity and specificity required by Rule 9(b).  (*See id.* at
6  19.)  As to the unfair competition claim, Fusion Garage pointed out that this claim was simply
7  bootstrapped to Plaintiffs' other claims and thus failed for the same reasons that their other claims
8  failed.  (*Id.* at 23.)

9  On August 24, 2010, the Court agreed with Fusion Garage's arguments and dismissed
10  Plaintiffs' fraud and the unfair competition claims.  (Dkt. 162.)  As to the fraud claim, the Court
11  ruled that "TechCrunch has not alleged with adequate specificity how and to what extent it
12  reasonably relied on each alleged misrepresentation."  (*Id.* at 14.)  As to the unfair competition
13  claim, the Court ruled that "TechCrunch's claim under California's unfair competition law,
14  Business and Professions Code § 17200, rises and falls with its ability to allege fraud adequately."
15  (*Id.* at 16.)  Because Plaintiffs' fraud claim was dismissed, their unfair competition claim had to be
16  dismissed as well.  (*Id.*)  Both claims were dismissed with leave to amend.  (*Id.* at 15, 16.)

17  **<u>Discovery Before and After Fusion Garage's Motion to Dismiss:</u>**  As the Court can
18  surmise by looking in its files related to this action, the parties have engaged in discovery between
19  the time Plaintiffs filed their original Complaint and the Court's Order on the Motion to Dismiss.
20  For example, the Court granted in part and denied in part plaintiffs' motion for expedited
21  discovery on January 7, 2010 (Dkt. 19); the Court granted in part and denied in part Plaintiffs' and
22  Defendant's motions to compel on April 9, 2010 (Dkt. 61); Plaintiffs' moved to de-designate a
23  substantial number of documents designated "confidential" by Fusion Garage on May 13, 2010
24  (Dkt. 133); and the Court issued a stipulation and order regarding the sealing of documents
25  produced by the parties during discovery on September 13, 2010 (Dkt. 166).  In addition, the
26  Court's file contains the declaration of attorney Joshua L. Sohn, in which he declared on
27  September 23, 2010 that Fusion Garage has produced roughly 35,000 pages of documents, and
28  also attaches deposition excerpts from Plaintiffs' witnesses Heather Harde (TechCrunch CEO and

CrunchPad, Inc. CFO) and Brian Kindle (Plaintiffs' hired consultant). (Dkt. 179-180.) Further, two of the central witnesses on both sides have already been deposed, Michael Arrington for Plaintiffs (as their Rule 30(b)(6) witness) and Chandra Rathakrishnan for Fusion Garage. (*See e.g.,* Dkt. 175 Ex. A and Dkt. 109 Ex. CC, respectively.) The parties have also propounded, responded, and provided supplemental responses to interrogatories.

**Plaintiffs' Amended Complaint:** Plaintiffs filed their Amended Complaint on September 13, 2010. (Dkt. 167.) The Amended Complaint largely follows the timeline provided in the initial Complaint, in which it is alleged that the parties agreed to enter into a joint venture to collaborate on a web tablet (date unspecified), which joint venture was later abrogated by Fusion Garage when it launched the web tablet on its own.

Plaintiffs Amended Complaint also attempts to re-plead the fraud and unfair competition claims. The allegedly fraudulent statements are identified in Paragraph 98 of the Amended Complaint; the first statement coming sometime in September 2009 (nearly a year after the parties had met each other and purportedly engaged in a joint venture to develop a web tablet):

| *Executing the "Divorce" from Plaintiffs* | *Fraudulent Reassurances to Plaintiffs* |
|---|---|
| In September 2009, Mr. Rathakrishnan was working with McGrath to help with "the final stages of divorcing himself from Michael Arrington of TechCrunch fame." (*See* Exhibit 23.) | The same month, Fusion Garage asked Plaintiffs to sponsor visas for Fusion Garage personnel to come to the U.S. and finish the CrunchPad's development with Plaintiffs' personnel. Fusion Garage personnel came. (*See* photographs, supra, at p. 10.) To obtain the visas, Fusion Garage certified in letters to the U.S. government that "TechCrunch and Fusion Garage have been working as partners for the last 12 months on a web tablet product." (*See* Exhibit 16.) |
| On October 12, 2009, Fusion Garage exchanged emails with its PR firm in which it secretly discussed plans for the "JooJoo." (*See* Exhibit 26.) Fusion Garage formally contracted the PR firm on October 6 to assist with launching "the Fusion Garage tablet computer." (*See* Exhibit 25.) | On the same day, Fusion Garage and Plaintiffs exchanged emails discussing the CrunchPad's status as "still on track." Copies of these emails are Exhibit 38. Fusion Garage did not reveal its divorce plans at that time. |
| In mid to late October, Fusion Garage secretly corresponded with the new JooJoo manufacturer, Gigabyte. (*See* Exhibit 28.) Pegatron, the original manufacturer known to Plaintiffs, was no longer involved. | On October 27, 2009, Fusion Garage operated and worked on the CrunchPad at TechCrunch's Silicon Valley office, said nothing about abandoning the venture, and concealed the loss of Pegatron. (*See* Exhibit 18.) |

| | |
|---|---|
| On <u>November 7</u>, Fusion Garage sought to "push giga very hard and ensure we get board and bios etc. by 25th-27th Nov" for its JooJoo. (*See* Exhibit 29.) | Just days before, Fusion Garage told Plaintiffs, in response to a call for status of the CrunchPad launch, "so yes, we should do this." A copy of this email is Exhibit 39. |
| On <u>November 10</u>, FG registered "thejoojoo.com" without informing TC. | The same day, Fusion Garage assured Plaintiffs "we are almost there" and "ready to go live on stage." (*See* Exhibit 20.) |
| On <u>November 11</u>, Mr. Rathakrishnan gave comments to his PR firm on the script he would use to announce the theft of the CrunchPad and the JooJoo launch. (*See* Exhibit 30.) He speculated about Plaintiffs' reaction to, and how to spin, the usurpation. | On November 13, 2009, Fusion Garage assured Plaintiffs that it was ready for the joint launch on November 20. (*See* Exhibit 21 ("we are [sic] course . . . shd target the event in sf.").) |

(See Dkt. 167 at ¶¶ 15-57 and 98.)

Plaintiffs' allegations regarding the "reliance" element of the fraud claim in their Amended Complaint are virtually identical in content and specificity to their "reliance" allegations in their original Complaint – which allegations the Court previously found lacking. The following chart provides a side-by-side comparison:

| RELIANCE ALLEGATIONS FROM *ORIGINAL* COMPLAINT | RELIANCE ALLEGATIONS FROM *AMENDED* COMPLAINT |
|---|---|
| Fusion Garage "induced TechCrunch to stay in the joint venture even while Fusion Garage implemented its plan to steal the CrunchPad from under TechCrunch's nose." (¶ 45) | Fusion Garage "ma[de] specific misrepresentations to Plaintiffs or engag[ed] in strategic, material omissions to induce Plaintiffs to continue in the joint venture to the benefit of Fusion Garage and the detriment of Plaintiffs." (¶ 97) |
| "TechCrunch was approached by multiple software and hardware developers with offers to assist it is developing the CrunchPad. Based on Defendant's misrepresentations, TechCrunch selected Defendant over these other prospective partners, and thus relied upon Defendant's misrepresentations to its detriment." (¶ 49) | "Plaintiffs attracted offers of assistance from multiple other software and hardware developers in developing the CrunchPad. Plaintiffs declined these offers because of the joint venture arrangement it had with Fusion Garage." (¶ 101) |
| "TechCrunch reasonably relied on Defendant's representations, promises and deceptions in continuing its collaboration and its contribution of money, effort, and services to help develop and market the CrunchPad." (¶ 59) | "Plaintiffs relied on the representations and omissions, were deceived by them, and were damaged by them." (¶ 100) |
| "TechCrunch reasonably relied on Defendant's representations, promises and deceptions and contributed its money, effort, and services to | "Plaintiffs reasonably relied on Defendant's representations and omissions in continuing the collaboration; forgoing other business |

| help develop and market the CrunchPad." (¶ 100) | opportunities; and contributing money, time, effort, and services." (¶ 125) |

Plaintiffs' unfair competition allegations in the original and amended Complaints are also virtually identical. In both Complaints, Plaintiffs simply incorporated their prior allegations by reference. (*See* Original Complaint, ¶ 103; Amended Complaint, ¶ 130.) Because Plaintiffs' have essentially re-pled allegations that this Court already found failed to meet the heightened pleading requirements of Rule 9(b), Plaintiffs' fraud and unfair competition claims should both be dismissed with prejudice.

## ARGUMENT

### I.   PLAINTIFFS' FRAUD CLAIM SHOULD BE DISMISSED

#### A.   Legal Standard for 12(b)(6) Dismissal and Fraud Pleading

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 570 (2007)).  Normally, a complaint must satisfy only the "minimal notice pleading requirements" of Rule 8(a)(2) in order to survive a motion to dismiss. *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). "However, where a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires more specificity" as to the circumstances of the alleged fraud. *Id.*

"The elements of a fraud claim are: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Yazdanpanah v. Sacramento Valley Mortg. Group*, No. 09-2024, 2009 WL 4573381, *3 (N.D. Cal. Dec. 1, 2009). "The reliance element is subject to the pleading requirements of Rule 9(b) because it is one of the 'circumstances constituting fraud' . . . Therefore, reliance must be pled with particularity to state a claim." *In re Countrywide Fin. Corp. Sec. Litig.*, 588 F.Supp.2d 1132, 1198 (C.D.Cal. 2008). This particularity requirement necessitates pleading facts that "show how, when, where, to whom, and by what means the representations were tendered." *Small v. Fritz Cos.*, 30 Cal.4th 167, 184-85 (2003) (citations omitted).

In *Small*, the California Supreme Court held that the plaintiffs' nonspecific assertions of having relied on defendants' misrepresentations was insufficient to state a fraud claim. *Small*, 30 Cal.4th at 184-85. Plaintiffs there made general allegations that they held stock as a result of allegedly fraudulent statements by the company. The California Supreme Court stated that:

> [I]in view of the danger of nonmeritorious suits, such conclusory language does not satisfy the specificity requirement. In a holder's action a plaintiff must allege specific reliance on the defendants' representations: *for example, that if the plaintiff had read a truthful account of the corporation's financial status the plaintiff would have sold the stock, how many shares the plaintiff would have sold, and when the sale would have taken place. <u>The plaintiff must allege actions, as distinguished from unspoken and unrecorded thoughts and decisions, that would indicate that the plaintiff actually relied on the misrepresentations</u>*.

*Id.* at 184 (emphasis added); *see also Woodson v. Winchester*, 16 Cal.App. 472, 476-477 (1911)("It must be shown in the pleading that the damage claimed was sustained by reason of the fraud and should show the relation between the fraud and the damage alleged; that is, it must appear that the fraud and the damage sustain to each other the relation of cause and effect.").

Similarly here, Plaintiffs' failure to plead any specific actions they did or did not take that caused specific damages in reliance on the alleged misrepresentations by Fusion Garage is fatal to its affirmative fraud claim.

### B. Plaintiffs' Fraud Claim Fails to Meet the Rule 9(b) Standard for Reliance

While Fusion Garage believes that Plaintiffs could not prove *any* of the elements of their fraud claim on the merits, it is clear from the face of the Amended Complaint that Plaintiffs have at the very least failed their Rule 9(b) obligation to plead the reliance element of fraud "with particularity." As shown in the above side-by-side chart, Plaintiffs' reliance allegations are virtually identical to the reliance allegations that Plaintiffs made in their original Complaint. The Court dismissed the fraud claim from the original Complaint on 9(b) grounds, reasoning that "TechCrunch has not alleged *with adequate specificity* how and to what extent it reasonably relied *on each alleged misrepresentation*." (Dkt. 162 at 14) (emphasis added). Because the reliance allegations from the Amended Complaint are no more specific than the reliance allegations from the original Complaint, the Court should likewise dismiss the fraud claim from the Amended

Complaint.

Indeed, even a cursory reading of the Amended Complaint shows that Plaintiffs have failed to plead reliance with specificity. For instance, Plaintiffs allege that they "attracted offers of assistance from multiple other software and hardware developers in developing the CrunchPad. Plaintiffs declined these offers because of the joint venture arrangement it had with Fusion Garage." (Amended Complaint, ¶ 101.) Yet Plaintiffs nowhere specify the *identities* of the "software and hardware developers" that they supposedly turned down in reliance on Fusion Garage; nor do they tell Fusion Garage *when* they turned these other developers down. Without knowing the names of these anonymous "software and hardware developers" and the dates upon which they were turned down, Fusion Garage cannot fairly contest Plaintiffs' allegations that its alleged change of position was tied to any of the purportedly false statements found in Paragraph 98 of the Amended Complaint. Such non-specific pleadings, which hamstring Fusion Garage's ability to fully and fairly contest the alleged fraud, are *precisely* what the heightened pleading standard of Rule 9(b) is designed to prevent. See *Swartz*, 476 F.3d at 764 ("To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged *so that they can defend against the charge* and not just deny that they have done anything wrong.") (emphasis added).

Plaintiffs' other reliance allegations are equally vague and non-specific. For instance, Plaintiffs allege that they "reasonably relied on Defendant's representations and omissions in continuing the collaboration; forgoing other business opportunities; and contributing money, time, effort, and services." (Amended Complaint, ¶ 125.) Yet they do not specify what "services" they expended in reliance on Fusion Garage's alleged misrepresentations, how much "time," or how much "money." Plaintiffs also again fail to tie their reliance allegations to any of the purportedly fraudulent statements in the Amended Complaint. See *Small,* 30 Cal.4th at 184 ("[P]laintiff must allege actions, as distinguished from unspoken and unrecorded thoughts and decisions, that would indicate that the plaintiff actually relied on the misrepresentations"); see also *Amzak Corp. v. Reliant Energy, Inc.,* No. 03 C 0877, 2004 U.S. Dist. LEXIS 16514, at *16-17 (N.D. Ill. Aug. 19, 2004) (plaintiff must establish a nexus between any particular alleged misrepresentation and a

specific act of reliance).

This failure of specificity is particularly troubling given the very narrow time frame of the alleged "fraud." As shown in Paragraph 98 of the Amended Complaint, Plaintiffs now allege that Fusion Garage's first "fraudulent reassurances" occurred in September 2009. Yet they also allege that Fusion Garage disclosed its true intention to market the JooJoo without Plaintiffs by November 2009. (*See, e.g.,* Amended Complaint ¶ 84.) Thus, any "reliance" by Plaintiffs would necessarily have to occur in the narrow, two-month window between September and November 2009. Plaintiffs have frustrated Fusion Garage's ability to test the veracity of Plaintiffs' claim that such reliance occurred in this two month period by making vague, non-specific allegations about the "money, time, effort, and services" they allegedly *did* expend in this time period in reliance on which specific misrepresentations. Again, this sort of non-specific pleading frustrates Fusion Garage's ability to fully and fairly contest the alleged fraud, which is precisely what the heightened pleading standard of Rule 9(b) is designed to prevent. *See Swartz*, 476 F.3d at 764. Plaintiffs fraud claim must therefore be dismissed.

### 1. <u>Plaintiffs' Attempts to Turn its Breach of Fiduciary Claim into a Tort is Not Permitted Under the Law</u>

Plaintiffs failure to allege specific reliance that proximately resulted in any damages likely stems from the fact that they are attempting to turn a failure to perform a promise case into a fraud case, which is not permitted under the law.

In *Legal Additions LLC v. Kowalski*, 2010 WL 335789, at *5 (N.D. Cal. Jan. 22, 2010), for example, the Court dismissed plaintiff's fraud claim related to a breach of joint venture allegation because it was "essentially a cause of action for promissory fraud- *i.e.*, Defendants fraudulently induced [plaintiff] to enter into a contract." The Court stated that because plaintiff "never expressly allege[d] that, at the time the parties' entered into the joint venture, Defendants never intended to share commissions as promised" and because "it cannot reasonably be inferred from the [Second Amended Complaint] that, at the time the parties' entered into the joint venture, Defendants never intended to share commissions as promised," the fraud claim should be dismissed. *Id.*

Similarly here, Plaintiffs make no allegations in their Amended Complaint that Fusion Garage entered into the alleged joint venture with an intention to deceive Plaintiffs regarding its desire to collaborate on a web tablet.

It is readily apparent that Plaintiffs' alleged "reliance" that it "continu[ed] the collaboration; for[went] other business opportunities; and contribut[ed] money, time, effort, and services" (Amended Complaint, ¶ 125) are a direct and proximate result of the alleged original "promise" to enter into a joint venture, and not the allegedly fraudulent statements contained in Paragraph 98. Plaintiffs' own timeline bears this out:

- September 2008 – the parties meet (Amended Complaint ¶¶ 19-20);
- October 2008 – CrunchPad Inc. incorporated (Amended Complaint ¶ 22);
- January 19, 2009 – the parties' allegedly collaborate to construct CrunchPad Prototype B (Amended Complaint ¶¶ 23, 24, 27)
- April – July 2009 – collaboration "on an almost daily basis" in TechCrunch's offices in California on the web tablet (Amended Complaint ¶ 28)
- June 16, 2009 – Plaintiffs' allegations to have made payments on Fusion Garage's behalf (Amended Complaint ¶ 36)
- July 2009 – Brian Kindle hired by Plaintiffs to purportedly oversee "hardware development of the CrunchPad" (Amended Complaint ¶ 42)
- "Around September 8, 2009" – the "teams" purportedly "integrate" and work at "the TechCrunch facility in Palo Alto" (Amended Complaint ¶ 46.)
- *No more allegations suggesting a change of position and/or proximate cause of damages.*

Plaintiffs' failure to specifically identify any "reliance" in connection with the Paragraph 98 statements that proximately caused any pecuniary loss is fatal to their fraud claim because Fusion Garage's alleged failure to keep its promise is not fraud. *See Legal Additions*, 2010 WL 335789 at *5.

1   Further, Plaintiffs' failure to provide an exact date upon which the alleged joint venture
2  actually began—either in its original Complaint, Amended Complaint, declaration,[3] or deposition
3  testimony[4]—necessarily admits that they cannot show damages proximately caused by an alleged
4  false promise to enter a joint venture because there is no formation date to trigger when the alleged
5  "reliance" damages started to accrue.

### C.  Plaintiffs' Fraud Claim Should be Dismissed *With Prejudice*

When the Court previously dismissed Plaintiffs' fraud claim on Rule 9(b) grounds, it granted Plaintiffs leave to re-plead this claim.  (*See* Dkt. 162 at 15.)  Plaintiffs have squandered their re-pleading opportunity by filing an Amended Complaint that has precisely the same pleading deficiencies with respect to the same "reliance" element as their original Complaint.  The Court should not give Plaintiffs a *third* bite at the apple, given their inability or unwillingness to correct their previous mistakes.  Rather, the fraud claim should now be dismissed with prejudice. *See Hutton v. Klabal*, 726 F.Supp. 67, 71 (S.D.N.Y. 1989) ("Claims dismissed under Rule 9(b) are generally dismissed with leave to amend.  In the present case, however, plaintiff has had two opportunities to plead properly. At this point, in fairness to the defendants, the case should proceed.")

Plaintiffs cannot excuse their failure to plead sufficient reliance by arguing that they do not have discovery from Fusion Garage.  Plaintiffs have had the benefit of discovery over the past nine months that the Court can take judicial notice of in its files—for example, Dkt. 19,[5] 61,[6] 133,[7]

---

[3]  *See* Dkt. 26, Declaration of Michael Arrington, Plaintiff TechCrunch Founder and Plaintiff CrunchPad, Inc. CEO.  The declaration does not provide exactly when either a partnership or joint venture was entered into between the parties.

[4]  *See* Dkt. 175, Ex. A at 115:4-133:2.  Plaintiffs' Rule 30(b)(6) witness could not provide a date upon which the parties entered into a partnership.

[5]  January 7, 2010 Order Granting in Part and Denying in Part Plaintiffs' Motion for Expedited Discovery.

[6]  April 9, 2010 Order Granting in Part and Denying in Part Plaintiffs' and Defendant's Motions to Compel.

[7]  May 13, 2010 Plaintiffs' Motion to De-Designate Documents Designated as Confidential by
(footnote continued)

166,[8] 179.[9] *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)(court may take judicial notice of its files when deciding a motion to dismiss).  Moreover, the reliance and damages that Plaintiffs fail to articulate are solely within their own knowledge, for which additional discovery from Fusion Garage will not shed any more light.

Fairness to Fusion Garage demands that this case proceed swiftly to final judgment, rather than being bogged down by repeated motion practice over Plaintiffs' inability or unwillingness to properly plead fraud.  Fusion Garage is a small start-up company with modest financial resources.  It has already been forced to spend an inordinate amount of time and money successfully attacking Plaintiffs' facially defective pleadings and successfully opposing a preliminary injunction motion.  Fusion Garage should not be subjected to the possibility of a *third* round of motion to dismiss briefing over Plaintiffs' fraud claim, which would necessarily occur if the Court granted Plaintiffs leave to amend this claim and Plaintiffs responded with another hopelessly vague and defective pleading.

Moreover, Plaintiffs cannot and will not be able to re-plead "reliance" that proximately resulted in damages related to a promissory fraud claim because they have never provided, nor can they, an exact date upon which the parties allegedly agreed to enter into a joint venture that would trigger damages.  The original Complaint is silent, the Amended Complaint is silent, Mr. Arrington's declaration in the Court's file is silent about when the joint venture allegedly began (Dkt. 26), and Mr. Arrington's deposition testimony (as Plaintiffs' Rule 30(b)(6) witness) found in the Court's file is also inconclusive.  (Dkt. 175, Ex. A at 115:4-133:2 [Mr. Arrington could not identify when partnership was formed]).

The Court should dismiss the fraud claim with prejudice, and thereby allow this case to

---

Fusion Garage.

[8] September 13, 2010 Stipulation and Order Regarding Sealing of Documents.

[9] September 23, 2010 Memorandum in Opposition to Plaintiffs' Motion to Compel and the Declaration of Joshua L. Sohn (stating that Fusion Garage has produced roughly 35,000 pages of documents and attaches depositions excerpts for TechCrunch CEO Heather Harde and Plaintiffs' consultant Brian Kindle).

move forward on Plaintiffs' remaining claim for breach of fiduciary duty (a claim which Fusion Garage does *not* move here to dismiss).

## II.  PLAINTIFFS' UNFAIR COMPETITION CLAIM SHOULD BE DISMISSED

As noted above, the Court has already held that "TechCrunch's claim under California's unfair competition law, Business and Professions Code § 17200, rises and falls with its ability to allege fraud adequately." (Dkt. 162 at 16.) Because Plaintiffs have failed to "allege fraud adequately," their unfair competition claim should be dismissed along with their fraud claim. Because the fraud claim should be dismissed with prejudice, the unfair competition claim should likewise be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Fusion Garage respectfully requests that the Court dismiss Plaintiffs' fraud and deceit unfair competition claims, with prejudice.

DATED: September 27, 2010          QUINN EMANUEL URQUHART &
                                   SULLIVAN, LLP


                                   By */s/ Evette D. Pennypacker*
                                      Evette D. Pennypacker
                                      Attorney for Defendant FUSION GARAGE PTE. LTD