UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INTERSERVE, INC. DBA TECHCRUNCH, ET AL.,<br><br>            Plaintiffs,<br>   v.<br><br>FUSION GARAGE PTE LTD.,<br><br>            Defendant. | Case No.: C-09-05812 RS (PVT)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT FUSION GARAGE'S RENEWED MOTION FOR PROTECTIVE ORDER**<br><br>**[Docket Nos. 93, 164]** |

## INTRODUCTION

Defendant Fusion Garage PTE, Ltd. renews its motion for protective order based on plaintiffs' alleged failure to identify their misappropriated business ideas with any specificity. It states that plaintiffs' proper identification of its business ideas was a condition to Fusion Garage producing its highly confidential and proprietary information. Plaintiffs Interserve, Inc. doing business as TechCrunch and CrunchPad oppose the motion. (collectively "plaintiff" or "TechCrunch"). On June 22, 2010, the parties appeared for hearing.[1] Having reviewed the

---

[1] Because Plaintiffs' Motion to Compel Production of Withheld Information and Documents (Docket No. 164) seeks discovery that is the subject of Defendant Fusion Garage's Renewed Motion for Protective Order (Docket No. 93), both motions are addressed in this order. Pursuant to Civ. L.R. 7-1(b), Plaintiffs' Motion to Compel is taken under submission and the hearing scheduled to be held on October 12, 2010 is vacated.

papers and considered the arguments of counsel, defendant Fusion Garage's renewed motion for protective order is granted in part and denied in part.[2]

**BACKGROUND**

In the complaint, plaintiffs first alleged the following claims: (1) misappropriation of business ideas; (2) false advertising; (3) breach of fiduciary duty, and (4) fraud.  Pursuant to California Code of Civil Procedure Section 2019.210 and Rule 26(c), defendant Fusion Garage then moved for protective order and to compel identification of misappropriated business ideas.

On April 9, 2010, defendant Fusion Garage's motion was granted.  ("April 9, 2010 Order").  Specifically, the court required plaintiffs to identify their business ideas as a case management tool.  April 9, 2010 Order at 5.  On April 23, 2010, plaintiffs served their statement of misappropriated business ideas.  ("Statement of Business Ideas").  *See* Declaration of Patrick C. Doolittle in Support of Fusion Garage's Renewed Motion for Protective Order, ¶ 2, Exh. A.

Defendant Fusion Garage contended that rather than complying with the court's order, "[plaintiffs] have merely described generalities, publicly-disclosed information, and information that is not an 'idea' as their misappropriated information."  Mot. at 1.  Defendant Fusion Garage asserted the following deficiencies: (1) plaintiffs identified as misappropriated business ideas a variety of information that TechCrunch has previously disclosed on its blog posts on the Internet; (2) defendant disputed whether access to certain individuals, including Michael Arrington, Heather Harde, Louis Monier, Brian Kindle, Nik Cubrilovic and other TechCrunch personnel is a valid and misappropriated business idea; (3) plaintiffs identified broad-brush topics such as prototype A, and its hardware configuration as a misappropriated business idea; and (4) plaintiffs identified such common concepts as "insisting" that the device have a camera when "nearly every modern cell phone and Blackberry device has a camera" and a single button "even though numerous devices have a single button."  *See, e.g.,* Mot. at 5.  Finally, defendant disputed whether plaintiffs' marketing prowess renders its ideas as protectable that can be misappropriated.

---

[2] The holding of this court is limited to the facts and particular circumstances underlying the present motion.

For their part, plaintiffs contended that the statement was more than adequate to address the requirements set forth in California Code of Civil Procedure 2019.210 and the April 9, 2010 Order. The statement included 33 paragraphs spanning seven pages as well as an attachment. Plaintiffs further contended that the statement was not even necessary for them to obtain the discovery sought because the discovery was also relevant to their claims of fraud and breach of fiduciary duty.

On August 24, 2010, the district court, *inter alia,* dismissed without leave to amend the tort claim for misappropriation of business ideas. Order Denying Motion for Preliminary Injunction, and Granting in Part and Denying in Part Motion to Dismiss filed on August 24, 2010. ("August 24, 2010 Order"). On September 13, 2010, plaintiffs filed their amended complaint alleging claims for breach of fiduciary duty, fraud and deceit, and unfair competition. Amended Complaint for Breach of Fiduciary Duty, Fraud and Deceit, and Unfair Competition filed September 13, 2010. ("Amended Complaint").

**DISCUSSION**

Based on the claims first alleged in the complaint, including a claim for misappropriation of business ideas, this court ordered plaintiff TechCrunch to identify its business ideas pursuant to California Civil Code Section 2019.210 as a case management tool only. On April 23, 2010, plaintiff TechCrunch served its Statement of Business Ideas and defendant Fusion Garage later renewed its motion for protective order on the grounds that the ideas set forth therein did not provide fair notice regarding the scope of discovery. It stated that "[t]hey have identified nothing other than public information, broad generalities, and items that could not possibly be property that Fusion Garage misappropriated." Renewed Mot. at 2.

In the August 24, 2010 Order, the district court dismissed the claim for misappropriation of business ideas without leave to amend. August 24, 2010 Order at 12-14. On September 13, 2010, plaintiff TechCrunch filed an amended complaint alleging claims for breach of fiduciary duty, fraud and deceit, and unfair competition. Amended Complaint filed on September 13, 2010. ("Amended Complaint"). (Docket No. 167). Pursuant to the August 24, 2010 Order, plaintiff TechCrunch no longer alleged a claim for misappropriation of business ideas. *Id.*

Based on the above, defendant Fusion Garage's renewed motion challenging the sufficiency of the Statement of Business Ideas is now largely moot.

Notwithstanding the above, defendant Fusion Garage continues to dispute the relevance of its "source code, confidential technical documents about Fusion Garage's product, the joo joo, or other documents seeking Fusion Garage's trade secrets and proprietary information" pursuant to Rule 26(c). Renewed Mot. at 4, 14. *See, e.g.,* Plaintiffs' Motion to Compel Production of Withheld Information and Documents at 2. ("We made clear in our motion practice and during the substantial hearing on this motion that the business ideas claim was not the only claim Magistrate Judge Trumbull's Order applies to."). Plaintiff TechCrunch asserts that the discovery sought is relevant to its other claims for breach of fiduciary duty, and fraud and deceit.

Rule 26(b) states that the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at the trial of the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Under Rule 26, a court must limit the frequency or extent of discovery if it determines any of the following:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(i), (ii) and (iii).

During the June 22, 2010 hearing, defendant Fusion Garage specifically objected to producing the source code for the joojoo product. It argued that plaintiff TechCrunch had no involvement whatsoever in its programming and development. Plaintiff TechCrunch does not appear to dispute that Fusion Garage was largely responsible for the actual source code itself but counters that "[s]ource code is also likely to have embedded comments that bear not only on the

technical nature of the code, but also on the circumstances of its creation, including any venture or dealings with Plaintiffs." Opp. at 9.  Here, the court finds that plaintiff TechCrunch has shown that the metadata (i.e., programmer's notes or comments, and other annotations within the source code) in the source code may be relevant to its claims.  For example, "between September 2008 and November of 2009, the parties collaborated in an attempt to bring to market a tablet computer, which they intended to call the "CrunchPad."  August 24, 2010 Order at 1.  The metadata and dates of creation and/or modification in the source code may show the nature and extent of the parties' collaboration.  Therefore, defendant Fusion Garage shall produce the metadata to the source code for the joojoo product, including the dates showing when the code was created and/or modified.  It may redact the actual source code from the production of metadata and dates of creation and/or modification to plaintiff TechCrunch.

Subject to the above limitation, defendant Fusion Garage shall produce documents responsive to document request nos. 4, 5, 13, 15, 18, 20, 24, 33, 38, 43, 46, 49, 53, 76 and shall provide further responses to interrogatory nos. 1 and 2.  Additionally, defendant Fusion Garage shall produce documents responsive to document request nos. 12, 14, 17, 19, 23, 32, 37, 40, 44, 45, 54, 55, 56, 57, 59, 60, 61, 67, 78, 79, 80, and 81.  Having reviewed the document requests and interrogatories identified above, the court finds that the discovery sought is relevant to plaintiff TechCrunch's remaining claims of breach of fiduciary duty, fraud and deceit, and unfair competition.  For example, the discovery sought is relevant to "the conduct [the parties] undertook in jointly developing the tablet computer."  August 24, 2010 Order at 9.  Defendant Fusion Garage may produce the discovery subject to the Stipulated Protective Order filed on March 11, 2010. ("Stipulated Protective Order").  (Docket No. 35).

## CONCLUSION

For the foregoing reasons, defendant Fusion Garage's renewed motion for protective order is granted in part and denied in part.  Defendant Fusion Garage shall produce the

responsive discovery specified above no later October 22, 2010.

IT IS SO ORDERED.

Dated:   October 6, 2010

*Patricia V. Trumbull*
_____
PATRICIA V. TRUMBULL
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28