**\*\*E-filed 2/9/11\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

INTERSERVE, INC., et al.,

    Plaintiffs,

v.

FUSION GARAGE PTE. LTD,

    Defendant.

No. C 09-5812 RS (PSG)

**ORDER DENYING MOTION TO DISMISS AMENDED COMPLAINT**

## I. INTRODUCTION

This action arises from an alleged cooperative effort between plaintiffs and defendant to develop and bring to market a tablet computer that was to be known as the "Crunchpad." Shortly before the planned product launch, defendant announced that it would no longer work with plaintiffs, and instead would release a tablet computer under the name "joojoo." Plaintiffs' claims for fraud and unfair competition as pleaded in the original complaint herein were dismissed, with leave to amend. Defendant now moves to dismiss those claims as repleaded in the Amended Complaint. Pursuant to Civil Local Rule 7-1(b), the motion has been submitted without oral argument. For the reasons explained below, it will be denied.

## II.  BACKGROUND

The general background of this suit has been described in prior orders and will not be repeated here.  As noted, the fraud and unfair competition counts of the original complaint were dismissed with leave to amend.  That complaint included, among other things, a count under the Lanham Act, which was also dismissed with leave to amend, but which plaintiffs have not attempted to replead.  The Lanham Act claim was predicated on a variety of allegedly false statements made by defendant.  Additionally, the allegations of the original complaint encompassed a plethora of purported other misrepresentations, false promises, and failures to disclose on defendant's part.  As the order dismissing the fraud claim observed, the result was a "hodgepodge that renders it difficult to differentiate between mere conclusions of falsity and any factual representations that might be sufficient to establish that material misrepresentations were presented, that promises were made without intent to perform, or that there was a duty to disclose matters omitted."  Order entered August 24, 2010 at 14:12-15.

Furthermore, by the time the prior motion to dismiss was being briefed and decided, plaintiffs had already conducted substantial discovery, which they contended had uncovered additional instances and evidence of misrepresentations.  While such material could not properly be considered in support of plaintiffs' argument that the then-existing complaint adequately pleaded fraud, it did serve as an additional reason to require plaintiffs to amend before proceeding with their claim.  *See id.* at 14:17-15:2.

Although the Amended Complaint has incorporated additional material from the discovery proceedings, it is fundamentally narrower than the original, in that entire counts have been eliminated (including some as to which leave to amend was granted), and the fraud claim is more focused.  For example, the original complaint included an assertion that defendant misrepresented its existing software when the parties first discussed working together in 2008, and alleged that plaintiffs were induced to enter the relationship with defendant through promissory fraud.  By contrast, the fraud claim of the Amended Complaint is based on alleged misrepresentations by

defendant concealing its purported plan to abandon plaintiffs and market the joojoo on its own, beginning in the latter half of 2009.[1]

### III. DISCUSSION

A. <u>Fraud</u>

Under the California common law applicable here, the elements of a claim for fraud are, "(1) a misrepresentation, such as a false representation or a concealment of fact; (2) knowledge of falsity or concealment; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Milne Employees Ass'n v. Sun Carriers*, 960 F.2d 1401, 1408 (9th Cir. 1991) (citing *Cicone v. URS Corp.*, 183 Cal.App.3d 194, 200 (1986)).  In this case, defendant's motion does not challenge the adequacy of the pleading of misrepresentations, knowledge, and intent.  The issue is whether plaintiffs have alleged sufficient facts showing they *relied* on any of the purported misrepresentations.[2]

The parties are in agreement that under Rule 9(b) of the Federal Rules of Civil Procedure, "a party must state with particularity the circumstances constituting fraud or mistake."  Plaintiffs and defendant part company, however, over whether the particularity required by Rule 9(b) applies to pleading the reliance and damages elements of a fraud claim.  Defendant cites cases such as *Roque v. Suntrust Mortg., Inc.*, 2010 WL 546896, *5 (N.D. Cal. 2010) and *Applied Elastomerics, Inc. v. Z-Man Fishing Prods., Inc.*, 2007 WL 703606, *3 (N.D. Cal. March 5, 2007), which generally assert that all of the elements of a fraud claim must be pleaded with specificity, but which do not consider

---

[1] The Amended Complaint includes a section entitled, "Fusion Garage's Lies and Misleading Statements *Before and* During the Project." (Emphasis added).  This heading appears to be an inadvertent carry-over from the original complaint.  The allegations under the heading do not include any matters preceding the inception of the project, or even from its early stages.  In contrast, the corresponding section of the original complaint alleges misrepresentations were made before the project and during its first few months.

[2] Although not emphasized by defendant, implicit in its argument is the further suggestion that without reliance, there are no cognizable damages.

United States District Court
For the Northern District of California

or address whether or not there is a basis under Rule 9(b) for distinguishing those elements relating to the "circumstances constituting fraud," from those relating to reliance and damages.[3]

Plaintiffs, in turn, rely on *Asis Internet Serv's v Subscriberbase Inc.*, 2009 WL 4723338 (N.D. Cal. 2009) and *Menjivar v. Trophy Prop. IV DE, LLC*, 2006 WL 2884396 (N.D. Cal. 2006) to argue that a party need only satisfy the general requirements of Rule 8, when pleading the reliance and damages elements of a fraud claim. *Asis* involved a statutory claim that "sounded in fraud," thereby implicating Rule 9(b), but that did not include reliance and damages elements. As such, the *Asis* court did not have before it the question of whether a common law fraud claim requires those elements to be pleaded with specificity. Nevertheless, there is considerable persuasiveness to the observation in *Asis* that "pleading reliance and damages with specificity is not likely to be of much use in helping a defendant to prepare an adequate response; rather, it is the specific description of the other aspects of the fraud, 'the who, what, when, where, and how,' that will be most important in allowing a defendant to prepare its answer." 2009 WL 4723338 at * 3.

*Menjivar* directly supports plaintiffs' position that federal pleading standards do not require "fraud damages be pled with more specificity than required under normal notice pleading." 2006 WL 2884396 at *13. While *Menjivar* does not expressly discuss reliance, its conclusion is equally applicable to that element of a fraud claim. Defendant's response to *Menjivar* is that it should be viewed as outdated, given later cases such as *Roque* and *Applied Elastomerics.*

The Ninth Circuit has not addressed this issue directly, but has described Rule 9(b) as requiring a plaintiff to allege the "who, what, where, when, and how" of the charged misconduct. *Vess v. Ciba-Geigy Corp. U.S.A.,* 317 F.3d 1097, 1106 (9th Cir. 2003). As *Vess* explained, "the circumstances constituting the alleged fraud must be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Id.*

---

[3] Rule 9(b) explicitly provides that knowledge and intent may be alleged generally, which is inconsistent with any notion that *all* of the elements of a fraud claim are subject to a heightened pleading requirement.

4

Accordingly, Rule 9(b) may not apply to the reliance and damages elements of a fraud claim. Even assuming, however, that those elements are part of the "circumstances" of fraud to which the rule refers, the Amended Complaint includes sufficient allegations of fact to show how and why plaintiffs relied on the purported misrepresentations to their detriment.  The gravamen of the claim is that plaintiffs continued their efforts to develop and support the Crunchpad project, reasonably believing that defendant was working with them in bringing the device to market, when in fact defendant was already preparing to introduce the joojoo as its own product.[4]  Defendant points out that as alleged in the Amended Complaint, the purported fraud is limited to a narrow window of time.  As a result, plaintiffs may have difficulty establishing there is much they could have done differently had they known of defendant's true plans earlier, or that they incurred any significant additional costs after the point in time when the alleged misrepresentations began.  The actual damages may therefore prove nominal or non-existent.   The allegations, though, are sufficient to state a claim and the motion must be denied.

Finally, defendant asserts that the Amended Complaint does not allege facts showing that it entered into the alleged joint venture with an intent to deceive them.  Citing *Legal Additions LLC v. Kowalski*, 2010 WL 335789 (N.D. Cal. 2010), defendant argues that plaintiffs have thereby failed to state a claim for false promise fraud.   Defendant is correct that the Amended Complaint would be insufficient to state such a claim, but unlike the original complaint, it does not purport to do so.

B. Unfair Competition

The unfair competition claim brought under California Business and Professions Code §17200 in the original complaint was dismissed on the grounds that the underlying fraud had not

---

[4] The order dismissing the fraud claim of the original complaint stated that plaintiffs had not "alleged with adequate specificity how and to what extent [they] reasonably relied on each alleged misrepresentation and [were] damaged thereby."  Contrary to defendant's argument, that statement did not reflect a conclusion that Rule 9(b) necessarily applies to the reliance and damages element of a fraud claim; given the "hodgepodge" of purported misrepresentations in the original complaint, it was unclear how plaintiffs contended they had relied thereon or been damaged, even under Rule 8 pleading standards.  Given the more focused fraud claim in the Amended Complaint, that problem has been eliminated.

been adequately alleged. In the present motion, defendant's sole challenge to the claim as repleaded is the contention that it again falls with the fraud count. In light of the conclusion above that the Amended Complaint states a claim for fraud with sufficient particularity, the motion must be denied as to the unfair competition claim as well.[5]

## IV. CONCLUSION

The motion to dismiss is denied. Defendant shall file an answer within 20 days of the date of this order. The parties shall appear for a Case Management Conference on March 17, 2011, at 10:00 a.m., with a joint case management conference statement to be filed one week in advance thereof.

IT IS SO ORDERED.

Dated: 2/9/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[5] The original complaint included an additional count under California Business and Professions Code §17500, which also implicated a potential issue of standing. Plaintiff has elected not to pursue that claim in the Amended Complaint.