1  WINSTON & STRAWN LLP
     Andrew P. Bridges (SBN: 122761)
2    abridges@winston.com
     David S. Bloch (SBN: 184530)
3    dbloch@winston.com
     Matthew A. Scherb (SBN: 237461)
4    mscherb@winston.com
   101 California Street
5  San Francisco, CA 94111-5802
   Telephone:    (415) 591-1000
6  Facsimile:    (415) 591-1400

7  Attorneys for Plaintiffs and Counter-defendants

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11  TECHCRUNCH, INC. (f/k/a INTERSERVE,        Case No. C 09-cv-05812 RS (PSG)
    INC.), and CRUNCHPAD, INC.,
12
                Plaintiffs,
13
          vs.
14
    FUSION GARAGE PTE. LTD., a Singapore       MOTION TO DISMISS AND STRIKE
15  Company,                                   PORTIONS OF FUSION GARAGE'S
                                               ANSWER AND COUNTERCLAIM
16              Defendant.
                                               Fed. R. Civ. P. 12(b)(6), (f)
17
    FUSION GARAGE PTE LTD., a Singapore        Date:  May 5, 2011
18  Company,                                   Time:  1:30 P.M.
                                               Place: Courtroom 3, 17th Floor
19              Counterclaimant,
                                               Hon. Richard Seeborg
20        vs.

21  TECHCRUNCH, INC.,  a Delaware Corporation,
    and CRUNCHPAD, INC., a Delaware
22  Corporation,

23              Counter-defendants.

24

25

26

27

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Plaintiffs will present this Motion to Dismiss and Strike Portions of Fusion Garage's Answer and Counterclaim before the Honorable Richard Seeborg on May 5, 2011 at 1:30 P.M., or at any other date and time thereafter convenient to the Court, in Courtroom 3, 17th Floor, of this Court located at 450 Golden Gate Avenue, San Francisco, CA 94102.

Plaintiffs rely on the following Memorandum of Points and Authorities, the included Proposed Order, other pleadings and papers filed in the case, the proceedings at oral argument, and any other matter that the Court deems appropriate.

**Winston & Strawn LLP**
**101 California Street**
**San Francisco, CA 94111-5802**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ..................................................................................................1

II.  BACKGROUND ...................................................................................................1

III. STATEMENT OF THE ISSUES...........................................................................2

IV.  ARGUMENT .........................................................................................................2

     **A.**   The Court Should Dismiss Fusion Garage's Declaratory Judgment
            Counterclaim...............................................................................................2

          **1.**   Legal Standards on Motion to Dismiss Declaratory Judgment Act
                  Claims ............................................................................................3

          **2.**   Fusion Garage's Counterclaim Fails Because it is Untethered to Any
                  Legal Claim for Relief. ..................................................................4

          **3.**   Fusion Garage's Counterclaim Also Fails Because it is Based Upon
                  Statements that the Litigation Privilege Immunizes. .....................5

     **B.**   The Court Should Strike Offensive Portions of the Preface to Fusion Garage's
            Answer Under Rule 12(f)..........................................................................6

V.   CONCLUSION.......................................................................................................7

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

MOTION TO DISMISS AND STRIKE

(CASE No. 3:09-CV-05812-RS (PSG)

## I.      INTRODUCTION

In the fall of 2008, Plaintiffs TechCrunch and CrunchPad embarked on a joint effort with defendant Fusion Garage to develop and market a low-cost, touch-screen, web-browsing tablet computer called the CrunchPad.  But by September 2009, Fusion Garage had secretly decided to "divorce" TechCrunch and CrunchPad and appropriate the fruits of their joint effort for itself.  It "strung along" the plaintiffs, assuming that, because "everything [had] been verbal," no binding agreement existed between the parties and it owed no duty to TechCrunch and CrunchPad.  Fusion Garage was wrong.  Less than a month after Fusion Garage launched the CrunchPad device (rebranded as "the joojoo"), TechCrunch and CrunchPad sued for breach of fiduciary duty, fraud, and unfair competition.

Fusion Garage's answer to the Amended Complaint begins with an 11-page screed, portions of which serve no purpose other than to inflame and offend.  It closes with a declaratory judgment counterclaim that seeks a declaration with respect to copyrights, patents, trademarks, and trade secrets—despite the fact that Plaintiffs have never asserted such claims and have *expressly* denied that they assert IP claims.  (*See, e.g.*, Dkt. Nos. 29, 81-3, 182 at p. 64, and 46 at p. 4 (in which Fusion Garage concedes that "[i]n discovery, TechCrunch has disavowed any intellectual property infringement claim.")  Fusion Garage's counterclaim fails to state a claim on which relief can be granted, and portions of its "prefatory statement" are immaterial, impertinent, and scandalous.  The Court should dismiss the counterclaim and strike offensive portions of the preface to the Answer.

## II.     BACKGROUND

TechCrunch and CrunchPad filed their initial complaint in December 2009.  (Dkt. No. 1.)  Fusion Garage moved to dismiss it.  (Dkt. No. 20.)  Among other things, Fusion Garage contended that the California Uniform Trade Secrets Act or other provisions of intellectual property law preempted Plaintiffs' "misappropriation of business ideas" claim.  (*E.g.*, *id.* at 10.)  Following extensive briefing and oral argument, the Court directed the plaintiffs to file an amended complaint. (Dkt. No. 162.)  The Amended Complaint, in September 2010, omitted the misappropriation claim entirely, focusing instead on the core issues in the case: Fusion Garage's breach of its fiduciary

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5802

duties to its collaborators and its fraudulent concealment of its plan to launch "the joojoo" on its own in violation of California common law and Business & Professions Code § 17200.  (Dkt. No. 167.)

Fusion Garage moved to dismiss the Amended Complaint as well.  (Dkt. No. 181.)  The Court rejected its arguments in their entirety and directed Fusion Garage to answer.  (Dkt. No. 194.) Not content simply to provide a "short and plain" response pursuant to Federal Rule of Civil Procedure 8(b), Fusion Garage instead submitted a vulgar 11-page "prefatory statement," attacking TechCrunch's founder by calling him a "publicity whore" and "pathological."  Fusion Garage also tried to inject intellectual property claims into the case by asserting an ersatz Declaratory Judgment Act claim for an order that TechCrunch and CrunchPad "do not own any aspect of the intellectual property related to Fusion Garage's device, including any copyrights, patents, trademarks, trade secrets, or applications related to any copyrights, patents, or trademarks."  (Countercl. ¶ 23.)

This case has never been about copyrights, patents, or trademarks and there is no legal dispute between the parties concerning these rights.  Further, there is no place for the kind of "language that detracts from the dignity of the court," *Pigford v. Veneman*, 225 F.R.D. 54, 58 (D.D.C. 2005), found in Fusion Garage's offensive "prefatory statement."  Accordingly, TechCrunch and CrunchPad ask the Court to dismiss the counterclaim and strike offensive portions of Fusion Garage's Answer.

## III.   STATEMENT OF THE ISSUES

    1.       Fusion Garage failed to state a viable declaratory judgment counterclaim.

    2.       The Court should strike offensive portions of Fusion Garage's preface to its Answer.

## IV.   ARGUMENT

### A.   The Court Should Dismiss Fusion Garage's Declaratory Judgment Counterclaim.

Fusion Garage's declaratory judgment counterclaim fails to state a claim for relief.  It seeks only a determination of irrelevant facts and would resolve no contested legal issue.  For that reason alone, the Court should dismiss it.  On the merits, moreover, Fusion Garage's counterclaim arises solely from statements that plaintiffs made in court pleadings, which the litigation privilege protects

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1   and thus cannot form a legitimate basis for suit.  Accordingly, Fusion Garage's counterclaim

2   deserves dismissal under Rule 12(b)(6).

3           **1.**      **Legal Standards on Motion to Dismiss Declaratory Judgment Act Claims**

4   A motion to dismiss under Federal Rule 12(b)(6) tests the legal sufficiency of a claim.  *Parks*

5   *Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  Dismissal is appropriate where the

6   allegations of a claim or counterclaim do not establish a cognizable legal theory or fail to allege facts

7   that, if true, would support such a theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

8   Cir. 1988).  Although the Court may accept the non-moving party's statements as true and construe

9   them in the most favorable light, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007),

10  "conclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a

11  motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th

12  Cir.1996); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  These rules apply with equal

13  force to cross-claims, or counterclaims.  *Cf. State Farm Life Ins. Co. v. Cai*, No. 09-CV-00396-LHK,

14  2010 WL 4628228, at *6 (N.D. Cal. Nov. 4, 2010).

15       The Declaratory Judgment Act does not provide an independent cause of action.  *Kesselman*

16  *v. The Rawlings Co., LLC*, 668 F. Supp. 2d 604, 610 (S.D. N.Y. 2009).  "Rather, its operation is

17  procedural" and "a court may only enter a declaratory judgment in favor of a party who has a

18  substantive claim of right to such relief." *Id.*  Thus, for a declaratory judgment claim, there must be

19  "an underlying legal cause of action." *Arbitron, Inc. v. Kiefl*, No. 09-CV-04013 (PAC), 2010 WL

20  3239414, at *4 (S.D. N.Y. Aug 13, 2010) (other adverse interests not suffient); *CRV Imperial-*

21  *Worthington*, 2011 WL 921654, at *2 ("the actual controversy between the parties must relate to a

22  claim upon which relief can be granted"); *Leadsinger, Inc. v. BMG Music Publishing*,  429 F. Supp.

23  2d 1190, 1193 (C.D. Cal. 2005) (same).  That means, for example, that the Court cannot entertain a

24  declaratory judgment claim on a patent issue in the absence of any real dispute over infringement.

25  *Microchip Technology Inc. v. Chamberlain Group, Inc.*, 441 F.3d 936, 943 (Fed. Cir. 2006) ("[the]

26  threshold question [is] whether such apprehension [of suit] implicated an underlying legal cause of

27  action that existed between the parties"); *Rodgard Corp. v. Miner Enterprises, Inc.*,  1997 WL

28

111270, at *4 (Fed. Cir. 1997).  And it should not entertain a cause of action where there is no actual dispute over legal rights or obligations.

Moreover, the Declaratory Judgment Act cannot serve as a vehicle for litigants to establish that particular events did or did not happen.  Declaratory judgment is a tool that yields *legal*, not factual, rulings in order to provide certainty about *present*, not past, legal obligations.  *Sierra Equity Group, Inc. v. White Oak Equity Partners, LLC*, 650 F. Supp. 2d 1213, 1230 (S.D. Fla. 2009) (dismissing declaratory judgment claim).

Finally, a court may always decline, in its discretion, to entertain declaratory judgment claims.  *CRV Imperial-Worthington, LP v. Gemini Ins. Co.*, __F. Supp 2d. __, 2011 WL 921654, at *2 (S.D. Cal. Jan. 24, 2011).

### 2.   Fusion Garage's Counterclaim Fails Because it is Untethered to Any Legal Claim for Relief.

Fusion Garage's counterclaim seeks to introduce sham intellectual property issues to this dispute that have never been present.  Based on TechCrunch's and CrunchPad's Complaint and Amended Complaint—neither of which contains trade secret, trademark, copyright, or patent claims—Fusion Garage now asserts that there is an "actual and justiciable controversy" about whether the plaintiffs own any intellectual property rights associated with the tablet they helped develop.  (Countercl. ¶¶ 21-23.)  But Fusion Garage alleges no substantive controversy over intellectual property rights, because there is none.  To be clear: TechCrunch and CrunchPad do not allege that Fusion Garage has violated their intellectual property rights.  They allege instead that Fusion Garage owed them a fiduciary duty as their collaborator on the CrunchPad tablet computer project, and that Fusion Garage's secret decision to torpedo that joint project and exploit the full value of the joint effort for its own private benefit was fraudulent, deceitful, and unfair—nothing more, nothing less.  That conduct injured plaintiffs TechCrunch and CrunchPad, and therefore gave rise to causes of action, in ways that have nothing to do with intellectual property.

Fusion Garage's declaratory relief counterclaim is untethered to any actual claim for relief. Its counterclaim mentions no underlying "intellectual property" cause of action because there is none.  A disagreement over the existence of intellectual property rights, or even ownership of those

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1  rights, does not rise to the level of a legal dispute proper for adjudication on declaratory judgment

2  without some concrete assertion of a legally recognized right.  *Microchip*, 441 F.3d at 943; *Rodgard*

3  *Corp. v. Miner Enterprises, Inc.*,  1997 WL 111270, at *4 (Fed. Cir. 1997).  There is no actual

4  controversy here, and Fusion Garage's counterclaim merely muddies the water.  It should be

5  dismissed.  (*See* cases cited supra Part IV.A.1.)

6

7            **3.**       **Fusion Garage's Counterclaim Also Fails Because it is Based Upon Statements that the Litigation Privilege Immunizes.**

8        The Court should also dismiss Fusion Garage's counterclaim because on its face it pleads

9  facts establishing the defense of litigation privilege.  Fusion Garage's counterclaim alleges that

10  TechCrunch and CrunchPad have, ***in their Complaint and Amended Complaint***, wrongly taken

11  credit for aspects of the tablet computer that Fusion Garage now distributes.  Counterclaim ¶¶ 16-17,

12  20.  The *only* statements that Fusion Garage identifies come from Plaintiffs' pleadings.  Statements

13  like these cannot form the basis of a Declaratory Judgment Act claim.  If Fusion Garage wishes to

14  controvert the truth of TechCrunch's and CrunchPad's allegations, it may deny them in its answer—

15  as, in fact, it has.  Under California law, however, that is as far as Fusion Garage can go, because

16  factual disagreement with statements made in a complaint cannot give rise to a cause of action.

17        California has long recognized an absolute privilege for statements made in any judicial

18  proceeding. Cal. Civ. Code § 47(b). The privilege "grants absolute immunity from tort liability for

19  communications made in relation to judicial proceedings." *Mindys Cosmetics, Inc. v. Dakar,* 611

20  F.3d 590, 599 (9th Cir. 2010) (quoting *Jarrow Formulas, Inc. v. LaMarche,* 31 Cal. 4th 728, 737

21  (2003)).  It applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by

22  litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4)

23  that have some connection or logical relation to the action." *Silberg v. Anderson,* 50 Cal. 3d 205, 212

24  (1990).  The privilege extends to statements that parties make in the course of federal court

25  proceedings. *State Farm Life Ins.*, 2010 WL 4628228, at *6.  Statements in a pleading fall within

26  Section 47(b)'s absolute litigation privilege.  *Id.*

27        When an affirmative defense, such as the litigation privilege, appears on its face of a

28  pleading, a motion to dismiss is proper.  *See ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir.

1    1994); *Kentucky Cent. Life Ins. Co. v. LeDuc*, 814 F. Supp. 832, 840 (N.D. Cal. 1992). Because the

2    *only* conduct that Fusion Garage specifically alleges as giving rise to its counterclaim is a series of

3    statements in the Complaint and Amended Complaint (Countercl. ¶¶ 16-17), because these

4    statements fall within the litigation privilege, and because the Counterclaim thus alleges a defense to

5    itself on its face, the Court should dismiss Fusion Garage's counterclaim in its entirety.

6

7    **B.    The Court Should Strike Offensive Portions of the Preface to Fusion Garage's Answer Under Rule 12(f).**

8            Finally, the Court should strike offensive potions of the "prefatory statement" Fusion Garage

9    interposed before its answer to the Amended Complaint.  The Court may strike "from any pleading

10   any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R.

11   Civ. P. 12(f).  "[I]f the complaint or other pleadings are abusive or contain offensive language, they

12   may be stricken sua sponte under the inherent powers of the court" or on motion.  *Garrett v. Selby*

13   *Connor Maddux & Janer*,  425 F.3d 836, 841 (10th Cir. 2005); *Pigford v. Veneman*, 225 F.R.D. 54,

14   58 (D.D.C. 2005) ("scandalous in Rule 12(f) generally refers to any allegation that unnecessarily

15   reflects on the moral character of an individual or states anything in repulsive language that detracts

16   from the dignity of the court").

17           Fusion Garage's "statement" reflects precisely the sort of personal attack the *Pigford* court

18   sought to prevent, and that Rule 12(f) exists to police: gratuitous statements "unnecessarily

19   reflect[ing] on the moral character of an individual," using "language that detracts from the dignity

20   of the court."  Fusion Garage's "statement" does not admit or deny any specific allegation from the

21   Amended Complaint.  Instead, it disparages TechCrunch, CrunchPad, and their employees and

22   founders.  Particularly coarse and charged language that the Court should strike includes: (1) calling

23   Plaintiffs' founder "always the publicity whore" and (2) asserting he has "an unfortunate, disturbing,

24   and almost pathological tendency."

25           Aside from being "scandalous" under Rule 12(f), these offensive statements are impertinent

26   allegations.  Pleading additional alleged facts in an answer that do not admit or deny allegations in

27   the complaint violates Federal Rule 8(b), which requires parties to answer in "short and plain terms"

28   with admissions and denials of the adverse party's averments.  The court should strike such

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

additional allegations. *Metropolitan Life Ins. Co. v. Przybil*, No. 02-C-1940, 2002 WL 31641591, at*1-2 (N.D. Ill. Nov. 21, 2002).

Its epithets aside, Fusion Garage has made allegations in the preface it knows to be false. It alleges that Plaintiffs' founder personally was willing to poach Fusion Garage employees in the paragraph immediately after it alleges that someone else made that proposal. (Countercl. p. .8.) Fusion Garage's counsel knows from uncontroverted deposition testimony in the case that the allegation about Plaintiffs' founder is false and that Plaintiffs' founder both rejected the suggestion and reprimanded the person who made the suggestion during a meeting with Fusion Garage's CEO. Plaintiffs will address the falsehood of that prefatory allegation in due course in the litigation and do not seek to strike false allegations here. Fusion Garage's allegations, however, combined with the coarse language of its Answer, demonstrate that a personal animus has overtaken a sense of decorum.

## V.     CONCLUSION

Fusion Garage's counterclaim is untethered to any claim for relief and attempts to inject issues into this case that are not in dispute. The Court should dismiss it. Further, the preface to Fusion Garage's Answer contains scandalous and impertinent statements that this Court should strike. For these reasons, TechCrunch and CrunchPad ask the Court to grant their motion in its entirety.

Dated:  March 25, 2011                    WINSTON & STRAWN LLP


                                          By:    /s/
                                                 Andrew P. Bridges
                                                 David S. Bloch
                                                 Matthew A. Scherb

                                                 Attorneys for Plaintiffs
                                                 TECHCRUNCH, INC. and
                                                 CRUNCHPAD, INC.