**\*\*E-filed \*3/28/11\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| INTERSERVE, INC., et al., | No. C 09-5812 RS (PVT) |
| Plaintiffs, | |
| v. | **ORDER RE ANSWER AND COUNTERCLAIM** |
| FUSION GARAGE PTE. LTD, | |
| Defendant. | |

On March 1, 2011, defendant filed an answer and declaratory relief counterclaim. That pleading begins with a ten page "prefatory statement" describing the circumstances that led to this litigation from defendant's point of view. While it is perhaps understandable that defendant desired to put its side of the story on record, the Federal Rules of Civil Procedure do not provide for such material to be incorporated in an answer. Moreover, the "prefatory statement" includes language that, while colorful, does not serve to present the parties' factual disputes in a manner conducive to resolution through the litigation process.

Defendant's counterclaim contains a section of background factual allegations that is separate from the "prefatory statement." That section is considerably more temperate and is largely limited to matters subject to proof, rather than opinion or name-calling. As those factual allegations provide sufficient explanation of the basis of defendants' counterclaim, the "prefatory statement" cannot be justified under the pleading rules as forming part of the counterclaim.

Plaintiff has moved to strike portions of the prefatory statement and to dismiss the counterclaim. To minimize the degree to which party and court resources are further expended on matters collateral to resolution of the actual disputes between them, pursuant to Federal Rule 12(f)(1), the "prefatory statement" to defendant's answer and counterclaim is hereby stricken in its entirety on the Court's own motion.

If, in light of the points raised in plaintiffs' motion to dismiss, defendant believes there is a good faith basis to pursue the counterclaim, it may file an opposition, not to exceed ten pages, by the date opposition was originally due. The matter will thereafter be taken under submission without a reply brief or oral argument. Alternatively, defendant may elect to dismiss the counterclaim without prejudice.

IT IS SO ORDERED.

Dated: 3/28/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

2